UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)                )
HARVARD; *et al.*,                 )
                                   )
      Plaintiffs,          )
                                   )
v.                                 )   Case No.: 4:19-cv-00212-MW-CAS
                                   )
                                   )
MARK S. INCH, *et al.*,            )
                                   )
      Defendants.          )
_____

### PLAINTIFFS' MOTION FOR ENTRY OF HIPAA QUALIFIED PROTECTIVE ORDER

Plaintiffs, by and through undersigned counsel, hereby move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for entry of the attached proposed HIPAA Qualified Protective Order (Ex. 1), and state as follows.

This case is a proposed class action challenging the Florida Department of Corrections' ("FDC") use of isolation. There are over 10,000 people in the proposed class. Discovery will involve the review of medical records, incident reports, and other records that will likely contain the protected health information of the proposed class members. Thus, Plaintiffs respectfully request that this Court enter a HIPAA Qualified Protective Order, to facilitate the orderly discovery process in this case.

1

1.      The Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 160, et seq. ("HIPAA"), prohibits covered entities from disclosing protected health information except under limited circumstances. 45 C.F.R. § 164.502. Defendant FDC is a covered entity, and the healthcare records of people currently and formerly incarcerated in the FDC constitute protected health information under HIPAA. 45 C.F.R. § 160.103.

2.      Under HIPAA, FDC cannot produce protected health information without an authorization from the patient, a subpoena (with proper notice to patient or an appropriate protective order), or a court order. 45 C.F.R. § 164.512(e)(1).

3.      Given the scope of the allegations in this litigation, it is impractical to obtain authorizations from or issue individual subpoenas to individual incarcerated people. Plaintiffs have alleged that, at any given time, approximately 10,000 people in FDC's custody suffer from mental and physical health consequences due to its isolation policies and practices. ECF 13 ¶¶ 4, 57. Plaintiffs have also alleged that FDC discriminates against people with disabilities in its use of isolation. *Id.* at ¶ 151.

4.      Relevant information concerning class members' medical and mental health symptoms, diagnoses, and treatment will be contained within their medical records. Other records, such as incident reports, use of force reports, and housing logs, which provide information about the operation of isolation units, may also

contain protected health information. These documents will be necessary for Plaintiffs' counsel and their experts to review to adequately litigate this case.

5. Thus, a HIPAA Qualified Protective Order is necessary both to permit FDC to produce relevant documents, and to protect the rights of the class members. A proposed Order is attached as Exhibit 1.

6. On August 7, 2019, Plaintiffs first raised this issue with Defendants and emailed Defendants' counsel a proposed HIPAA Qualified Protective Order. Further discussions occurred via email.  On August 21, 2019, Plaintiffs' counsel and Defendants' counsel discussed the possibility of submitting a joint HIPAA Qualified Protective Order in an effort to resolve the issue amicably and in good faith.

7. However, the parties have not been able to resolve this issue. Defendants oppose the entry of the order.

8. Plaintiffs' counsel has served Defendants with their First Request for Production of Documents and Electronically Stored Information. Defendants' Responses are currently due on September 12, 2019. The responses will likely contain protected health information; therefore, having this issue resolved before then would facilitate the discovery process and avoid needless court intervention.

9. Near-identical HIPAA orders, with FDC as a party, have been entered in the past. In two cases before U.S. District Judge Robert Hinkle, *Copeland v.*

*Jones*, 15-cv-452 and *Disability Rights Florida v. Jones,* 16-cv-47, Defendants consented to the entry of these orders. *See* Exs. 2 & 3. In a third case before this Court, *Hoffer v. Inch*, 17-cv-214, a HIPPA order was entered over the FDC's objection. Ex. 4.

      10.    Just like in those cases, it is necessary for the Order to be broad enough to cover all current and former FDC prisoners because their records may contain relevant information about events that occurred when they were in prison or isolation.  Their release from prison or isolation does not eliminate the relevance of those records.  For example, records documenting their medical treatment when individuals were not in isolation will be relevant to show how they did not have equal access to services while in isolation, or how their health conditions changed depending on whether they were in isolation.

      11.    Importantly, the entry of this Order will not eliminate Defendants' ability to object to the production of records based on relevance, privilege, or any other discovery objection.  If Defendants believe that a particular discovery request is improper, they can make the objections they deem necessary.  This Order merely addresses the HIPAA issue.

      12.    Thus, in the interest of judicial efficiency and the just administration of this case, Plaintiffs respectfully request this Court to enter the attached HIPAA order.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter the HIPAA Qualified Protective Order in substantially the form of the attached Order, together with such other and further relief as the Court deems just and proper.

**Certificate of Attorney Conference**. Pursuant to N.D. Fla. Local Rule 7.1(B) and (C), Plaintiffs' counsel has conferred with counsel for the Defendants, who states that Defendants oppose the granting of this Motion.

**Certificate of Word Limit**. Pursuant to N.D. Fla. Local Rule 7.1(F), this Motion contains 804 words.

Respectfully Submitted,

Dated: August 28, 2019

*s/Dante P. Trevisani*
Dante P. Trevisani
Fla. Bar No. 72912
Laura A. Ferro
Fla. Bar No. 1015841
Florida Justice Institute, Inc.
100 SE 2nd St., Ste 3750
Miami, FL 33131
Telephone: (305) 358-2081
dtrevisani@floridajusticeinstitute.org
lferro@floridajusticeinstitute.org

Kelly Knapp
Fla. Bar No. 1011018
Southern Poverty Law Center
4770 Biscayne Blvd., Suite 760
Miami, FL 33137
Telephone: (786) 347-2056
kelly.knapp@splcenter.org

Sumayya Saleh
Fla. Bar No. 119372
Shalini Goel Agarwal
Fla. Bar No. 90843
Southern Poverty Law Center
106 East College Ave., #1010
Tallahassee, FL 32302
Telephone: (850) 521-3024
sumayya.saleh@splcenter.org
shalini.agarwal@splcenter.org

Lisa Graybill*
Texas Bar No. 24054454
Southern Poverty Law Center
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (334) 549-0498
lisa.graybill@splcenter.org

Andrea Costello
Fla. Bar No. 532991
Christopher M. Jones
Fla. Bar No. 994642
Jennifer Painter
Fla. Bar No. 110966
Florida Legal Services
122 E. Colonial Drive, Suite 100
Orlando, FL 32801
Telephone: (407) 801-0332 (direct)

6

andrea@floridalegal.org
christopher@floridalegal.org
jennifer.painter@floridalegal.org

*Admitted *pro hac vice*

**Attorneys for Plaintiffs**