# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, ET AL.,

    *Plaintiffs*,

v.                          Case No.  4:19cv212-MW/CAS

MARK INCH, Secretary
**Florida Department of Corrections,**
**et al., of State,**

    *Defendants*.
_____/

## HIPAA QUALIFIED PROTECTIVE ORDER

This Court has considered, after a telephonic hearing on September 19, 2019, Plaintiffs' motion for entry of HIPAA Qualified Protective Order to facilitate exchange, disclosure, and use at trial of protected health information (PHI) pertaining to current and former prisoners of the Florida Department of Correction (FDC). ECF No. 38. Defendant opposed the motion. ECF No. 45. Plaintiffs' motion for entry of HIPAA Qualified Protective Order is **GRANTED** as follows:

**IT IS ORDERED**:

1.    In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (HIPAA),

specifically, 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), the Court hereby enters a HIPAA Qualified Protective Order, as that term is defined in the foregoing regulations. In addition to the foregoing federal laws and regulations, this Order is entered to ensure compliance with applicable state laws and regulations governing patient privacy and protecting healthcare information.

2. For purposes of this Order, the term Protected Health Information (PHI) shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual. This Order specifically includes PHI contained in records relating to a) testing, diagnosis or treatment for human immunodeficiency virus (HIV), § 381.004, Fla. Stat.; b) testing for, diagnosis of or treatment for sexually transmitted diseases, § 384.29, Fla. Stat.; c) testing for, diagnosis of, or treatment for known or suspected cases of tuberculosis, § 392.65, Fla. Stat.; and d) mental health diagnosis, care and treatment, § 394.4615, Fla. Stat.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103), and all physicians, nurses, technicians, health administrators, and any other health care provider who was or is involved with the health care or treatment of any current or former FDC prisoner (and any agent or employee of the foregoing), are hereby authorized to disclose PHI pertaining to any current or former FDC prisoner. Such persons may disclose such PHI to any party to this action or to any party's attorney (including the agents and employees of the parties and their attorneys) without violating the provisions of HIPAA. Before disclosing documents with PHI, a party shall stamp each document containing PHI with the following stamp: "Protected Health Information Subject to HIPAA Qualified Protective Order."

4. All parties and their attorneys (including the agents and employees of the parties and their attorneys) are hereby authorized through discovery in this case to receive, subpoena, and transmit PHI pertaining to any current or former FDC prisoner. The parties may not assert a discovery objection based on the fact that the documents or information sought contain PHI protected by HIPAA, unless the PHI falls outside the scope of this Order.

5. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties and their attorneys shall be allowed to use or disclose PHI for this litigation, and any appeals, settlement, enforcement, or monitoring that may result. This includes disclosure to the presiding Judge and the Judge's support staff, the parties and the

parties' employees, their attorneys of record, the attorneys' firms (i.e., attorneys and support staff), the parties' insurers, experts, consultants, mediators, court reporters, videographers, and copy services. The parties may also disclose to a current or former prisoner his or her own PHI. The named Plaintiffs and their attorneys, and agents working at their direction, may discuss the PHI of other named Plaintiffs to the extent necessary to jointly represent their interests and the interests of the putative class. The parties and their attorneys may not use the PHI for any other purpose.

6. Prior to disclosing PHI to any insurer, expert, consultant, mediator, court reporter, videographer, or copy service employee, the parties shall require such persons to sign the Acknowledgment of HIPAA Qualified Protective Order that is attached hereto. The parties shall keep copies of the signed forms and produce them, upon request, to the Court or the other party.

7. If a party wishes to file a document containing PHI with the Court, it must be filed under seal, following the appropriate procedures to do so in the U.S. District Court for the Northern District of Florida (the Court). However, any party may publicly file a pleading or document with the Court that describes, summarizes, or quotes PHI, as long as that party redacts the name, Department of Corrections' (DC) number, cell location, and date of birth of the person to whom the PHI pertains, files an un-redacted version under seal, and provides a copy of the

un-redacted version to the other party. Similarly, any party may publicly file a document containing PHI (such as a medical record), as long as that party redacts the name, DC number, and date of birth of the person to whom the PHI pertains, files an un-redacted version under seal, and provides a copy of the un-redacted version to the other party. All documents containing PHI mentioned in this paragraph are hereby designated as documents that may be sealed without an order pursuant to Local Rule 5.5(B).

8. Any party may discuss PHI covered by this Order at a deposition, but should request that this portion of the testimony be marked as "Protected Health Information Subject to HIPAA Qualified Protective Order" in the deposition transcript. Any party must comply with the redaction requirements of this Order before filing a deposition with the Court.

9. Any party may use documents containing PHI at trial, an evidentiary or other motion hearing, including but not limited to introducing them into evidence and asking a witness about their contents. If a party moves a document containing PHI into evidence and wants it to be a part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

10. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy the PHI (including

all copies made). For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case; the conclusion of any appeals and proceedings on remand; the expiration of time for any party to seek further appellate review; and/or whenever a period of enforcement, monitoring, or court retention of jurisdiction (whether determined by a settlement agreement or court order) terminates. The conclusion of these proceedings shall be the latest of any of the foregoing dates.

      11.    This Order does not entitle any party to documents or information to which they would not otherwise be entitled under the Federal Rules of Civil Procedure, applicable discovery rules, and court orders. Nothing in this Order shall preclude either party from asserting any objection to the relevance, discoverability, admissibility, or privileged nature of the documents containing PHI authorized to be disclosed by this Order.

      12.    The parties may seek additional protection from the disclosure and use of any documents and information for which they believe this Order does not provide adequate protection or with respect to documents and information which they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations or other applicable law.

13.     This Order does not control or limit the use of PHI that was received by means other than through this Order (for example, through consent of the individual or through a public records request).

14.     If either party learns that, by inadvertence or otherwise, PHI has been disclosed to any person or in any circumstance not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure: (a) notify in writing the other party of the unauthorized disclosure; (b) if the party is the one who made the unauthorized disclosure, use its best efforts to retrieve all PHI that was improperly disclosed; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the Acknowledgment that is attached hereto.

**ORDERED on September 19, 2019.**

**s/Mark E. Walker**
**Chief United States District Judge**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JAC'QUANN (ADMIRE)**
**HARVARD, ET AL.,**

     *Plaintiffs*,

v.                                   Case No.  4:19cv212-MW/CAS

**MARK INCH, Secretary**
**Florida Department of Corrections,**
**et al., of State,**

     *Defendants*.
_____/

## ACKNOWLEDGMENT of HIPAA QUALIFIED PROTECTIVE ORDER

     I,_____, hereby acknowledge that I have reviewed the HIPAA Qualified Protective Order entered into in the above-captioned case and that I agree to be bound by the Order. I further agree to the following limitations upon the use and disclosure of the Protected Health Information (PHI) documents which I am being provided:

     1.   I will use the PHI documents solely in connection with the proceedings in the above-entitled case and for no other purpose.

     2.   I will not disclose any of the PHI documents to any other person or entity except as authorized by the HIPAA Qualified Protective Order; and

     3.   Upon request, I will immediately return or destroy any PHI documents (including all copies). If destroyed, I will send a written acknowledgment to the party producing the document(s) that said documents(s) have been destroyed in accordance with the Order.

     I understand and recognize that violation of any of the provisions of this Acknowledgment may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

     Dated this_____day of_____,_____.


_____              _____
(Print Name)                                                 (Signature)