# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

HARVARD, *et al.*,)
)
    Plaintiffs,)
)
v.) Case No.: 4:19-cv-00212-MW-CAS
)
)
MARK S. INCH, *et al.*,)
)
    Defendants.)

## PLAINTIFFS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER WITH INCORPORATED MEMORANDUM OF LAW

Plaintiffs, by and through their undersigned counsel, hereby move under Rule 26(c) of the Federal Rules of Civil Procedure, for entry of the attached proposed Confidentiality Order, and state as follows:

1. This case is a proposed class action challenging the Florida Department of Corrections' ("FDC") use of isolation. There are over 10,000 people in the proposed class. Discovery will involve the review of documents that each party may seek to keep "Confidential." Plaintiffs respectfully request that this Court enter a Confidentiality Order to facilitate the orderly discovery process in this case.

2. Relevant documents related to FDC's operation of isolation units may

1

contain information that the FDC believes threatens prison safety or security, or the safety or security of incarcerated people or prison staff, if disclosed without the protections of a Confidentiality Order. It will be necessary for Plaintiffs' counsel to share these documents with their experts to adequately litigate this case. It may also be necessary for Plaintiffs' counsel to use such documents as exhibits during depositions, hearings, summary judgment, or trial to prove their case.

3. A Confidentiality Order is necessary to facilitate the orderly discovery of such documents in this case.

4. On August 7, 2019, Plaintiffs first raised this issue with Defendants and emailed Defendants' counsel a proposed Confidentiality Order ("Order"). Further discussions occurred via email and phone conference. On August 23, 2019, and September 16, 2019, Plaintiffs' attorneys and Defendants' attorneys discussed the possibility of submitting a joint Order in an effort to resolve the issue amicably and in good faith.

5. However, the parties have not been able to resolve this issue. Specifically, while both parties agree on the necessity of such an Order, Defendants seek to include not only a category for "Confidential" documents, but also an overly restrictive and unnecessary "Confidential—Attorneys' Eyes Only" designation.

6. Defendants seek the ability to designate an undefined subcategory and

potentially large number of Confidential documents as "Attorneys' Eyes Only." They propose that documents designated as such may only be reviewed by an attorney working as counsel in this case for the receiving party. Defendants' further propose that the information contained in such documents may not be disclosed to or reviewed by any other person without express written permission of the producing party. In essence, Defendants' proposal would generally preclude Plaintiffs' attorneys from sharing any "Attorneys' Eyes Only" documents with their experts, filing them with the Court, or using them at deposition or during a court proceeding.

7. Defendants' expansive list of document categories they believe should be restricted under their extraordinary "Attorneys' Eyes Only" designation includes "housing logs, duty rosters, post charts, staffing level documents, post orders, and personnel files or information." Many of these documents can be obtained through public records request under Chapter 119 of the Florida Statutes, subject only to the sorts of redactions, if any, that are properly addressed under the terms of Plaintiffs' proposed Confidentiality Order. For example, FDC has previously provided Plaintiffs' counsel housing logs and personnel files as public records.

8. Additionally, before this litigation commenced, FDC provided, in response to a public records request, a list of "restrictive housing" dorms in all

FDC prisons. Defendants now assert that a chart including substantially the same information should be subject to an "Attorneys' Eyes Only" designation. They claim that this information was previously disclosed as a public record by mistake, but they have not explained why the dissemination of a document containing routine information about housing assignments—which is readily known to thousands of incarcerated people—poses a threat to safety and security.

9. For documents that are not public records and should legitimately be kept "Confidential," as reflected in the attached Proposed Order, Exhibit A, Plaintiffs agree that disclosure should be restricted to certain "Qualified Individuals." This expressly excludes people currently or formerly incarcerated in FDC without written permission from the producing party, with the exception of the named Plaintiffs in this case. For the named Plaintiffs, Plaintiffs' attorneys may discuss the contents of Confidential documents with the named Plaintiffs if reasonably necessary to prosecute this case, but they will not give copies of Confidential documents to the named Plaintiffs. Plaintiffs also agree that no personal or contact information for employees, agents, or representatives of Defendants will be shared with any person currently or formerly incarcerated in FDC.

10. In the interest of judicial efficiency and the just administration of this case, Plaintiffs respectfully request this Court to enter the attached Order.

## MEMORANDUM OF LAW

It is axiomatic that parties may obtain discovery regarding any non-privileged matter that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). The burden is on a party seeking to restrict disclosure of discoverable materials to demonstrate "good cause" justifying such restrictions. *Chicago Tribune Co. v. Bridgestone/Firestone Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). Rather than endeavor to meet this burden, Defendants seek to preemptively shield from Plaintiffs' use, for any practical purpose, a non-exhaustive list of discoverable items, without considering whether there are less restrictive means to preserve their safety and security interests. Plaintiffs are not aware of, and Defendants have not provided them, any authority supporting their position that the proposed Confidential Order in this action is not sufficient to address safety and security concerns and that an extraordinarily restrictive "Attorney's Eyes Only" designation is warranted here.

When Plaintiffs' counsel asked Defendants for legal support for their position, the cases that Defendants provided to Plaintiffs' attorneys, to the contrary, included "Attorneys' Eyes Only" designations with parameters similar to the Confidentiality Order that Plaintiffs propose. *See Montanez v. Wolters*, No. 3:16-cv-1147-NJR-DGW, 2018 WL 5437442, at *3 (S.D. Ill. Oct. 29, 2018) (imposing attorneys' eyes only designation that expressly allowed disclosure to

5

people other than the attorneys: "Such confidential material shall be disclosed or made available only to the following persons: (a) counsel of record or other licensed attorneys participating in the litigation; and (b) personnel who are specifically assisting in this litigation, provided that such individuals are not current or former inmates in the Department of Corrections."); *Trujillo v. Jacquez*, No. C-10-05183-YGR (DMR), 2014 WL 4072062, at *4 (N.D. Cal. Aug. 15, 2014) (allowing disclosure of documents marked "attorneys' eyes only" to "the receiving party's counsel of record and his or her support staff; experts; the court and its personnel; court reporters and their staff; professional vendors; and the author, recipient, or custodian of the disclosed document"); *Romano v. Ulrich*, No. 13cv633W, 2016 WL 6875719, at *2 (W.D. N.Y. Nov. 22, 2016) (applying attorneys' eyes only designation only to the personnel information of correctional staff). *See also* Exhibit B (confidentiality order from *Parrish v. Solis*, No. 11-cv-01438 LHK (NC), 2014 WL 2466101 (N.D. Cal. May 31, 2014), whose attorneys' eyes only designation allowed the disclosure of documents designated as such to counsel of record, as well as their employees, experts, the court and its personnel, court reporters and their staff, etc.).

Plaintiffs' proposed Order is consistent with the orders in these cases, and there is no need for a heightened "Attorneys' Eyes Only" designation. In fact, FDC has stipulated to near-identical confidentiality orders to that proposed by Plaintiffs

here, without an unnecessarily restrictive "Attorneys' Eyes Only" designation, in the past. For example, in a case before U.S. District Judge Robert Hinkle, *Copeland v. Jones*, 15-cv-452, FDC consented to the entry of such an order. *See* Exhibit C. And in *Vidal v. Fla. Dep't of Corr.*, 2018-018812-CA-01, Defendants agreed to such an order in a state court proceeding. *See* Exhibit D. In these cases, Defendants disclosed duty rosters, daily rosters, and post orders that they now contend require heightened protections.

Plaintiffs' attorneys have served Defendants with their First Request for Production of Documents and Electronically Stored Information. Defendants' Responses are currently due on October 8, 2019. The responses will likely contain information that Defendants deem "Confidential." Resolving this issue as soon as possible would facilitate the discovery process and avoid needless delays or further court intervention.

## CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed Confidential Order submitted by Plaintiffs in this matter.

Respectfully Submitted,

Dated: October 2, 2019

*s/ Sumayya Saleh*
Sumayya Saleh
Fla. Bar No. 119372
Shalini Goel Agarwal
Fla. Bar No. 90843
Southern Poverty Law Center
106 East College Ave., #1010
Tallahassee, FL 32302
Telephone: (850) 521-3024
sumayya.saleh@splcenter.org
shalini.agarwal@splcenter.org

Kelly Knapp
Fla. Bar No. 1011018
Southern Poverty Law Center
4770 Biscayne Blvd., Suite 760
Miami, FL 33137
Telephone: (786) 347-2056
kelly.knapp@splcenter.org

Lisa Graybill*
Texas Bar No. 24054454
Southern Poverty Law Center
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (334) 549-0498
lisa.graybill@splcenter.org

Andrea Costello
Fla. Bar No. 532991
Christopher M. Jones
Fla. Bar No. 994642
Jennifer Painter
Fla. Bar No. 110966

Florida Legal Services
122 E. Colonial Drive, Suite 100
Orlando, FL 32801
Telephone: (407) 801-0332 (direct)
andrea@floridalegal.org
christopher@floridalegal.org
jennifer.painter@floridalegal.org

Dante P. Trevisani
Fla. Bar No. 72912
Laura A. Ferro
Fla. Bar No. 1015841
Florida Justice Institute, Inc.
100 SE 2nd St., Ste 3750
Miami, FL 33131
Telephone: (305) 358-2081
dtrevisani@floridajusticeinstitute.org
lferro@floridajusticeinstitute.org

*Admitted *pro hac vice*

**Attorneys for Plaintiffs**

**Local Rule 7.1(B) Certificate**

Under Rules 7.1(B) and (C) of the Local Rules of the Northern District of Florida, undersigned counsel certifies that Plaintiffs' counsel has conferred with counsel for the Defendants about the relief sought in this motion. Defendants object to the relief requested.

*s/ Sumayya Saleh*
Sumayya Saleh

## Local Rule 7.1(F) Certificate

Under Rule 7.1(F) of the Local Rules of the Northern District of Florida, undersigned counsel certifies that this motion contains 1366 words.

*s/ Sumayya Saleh*
Sumayya Saleh
