UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD; J.H., a minor, by and
Through his parent and natural
Guardian, Valentine Robinson;
ANGEL MEDDLER; JUAN
ESPINOSA; JEROME BURGESS
(a/k/a SHAM'LA GOD ALLAH);
JAMES W. KENDRICK, JR.; and
JOHNNY HILL; on behalf of
Themselves and all others similarly
Situated,

      Plaintiffs,

vs.                                              CASE NO.: 4:19-cv-00212-MW-CAS

MARK INCH, in his official
Capacity as Secretary of the Florida
Department of Corrections, and
FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida,

      Defendants.
_____/

**DEFENDANTS' RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF <u>CONFIDENTIALITY ORDER</u>**

      Defendants, Mark Inch, in his official capacity as Secretary of the Florida Department of Corrections, and the Florida Department of Corrections ("FDC"), file this Response and Incorporated Memorandum of Law in Opposition to

Plaintiffs' Motion for Entry of Confidentially Order (Doc. 49), and in support state:

This is an action involving inmates challenging the FDC's use of restrictive housing. (Doc. 13). Given that the relevant documents related to FDC's use of restrictive housing contain information that will threaten prison safety and security and the safety and security of inmates or prison staff if disclosed, the parties agree that a confidentiality order is necessary to protect the sensitive information involved in this case. (Doc. 49 ¶ 3) ("A Confidentiality Order is necessary to facilitate the orderly discovery of such documents in this case."). Plaintiffs' and Defendants' counsel attempted to collaborate and craft an appropriate confidentiality order for the Court's consideration. However, the parties have reached an impasse.

Plaintiffs' proposed confidentiality order (Doc. 49-1) does not adequately protect the sensitive documents involved in this case. Defendants seek to add an "Attorneys' Eyes Only" provision to the proposed confidentiality order. (The Defendants' proposed Confidentiality Order including this provision is filed as Exhibit "A".) The proposed "Attorneys' Eyes Only" provision allows that certain documents may only be reviewed by an attorney working as counsel in this case for the receiving party. Also, the information in these documents may not be disclosed or reviewed by any other person without express written permission of

the producing party. FDC anticipates using the "Attorneys' Eyes Only" designation for highly sensitive documents such as housing logs, duty rosters, daily rosters, post charts, staffing level documents, post orders, personnel files or information, and technical manuals.

    Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "While the scope of discovery in federal court is broad, it is not unlimited." *Dang by & through Dang v. Eslinger*, No. 6:14-CV-37-ORL-31TBS, 2015 WL 13655675, at *2 (M.D. Fla. Jan. 20, 2015). Rule 26(c) permits that upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). "When a party has shown that a protective order is warranted, a court has *broad discretion* in crafting one." *Eslinger*, 2015 WL 13655675, at *2 (emphasis added) (citation omitted).

While the parties agree that a confidentiality order is necessary in this case, Plaintiffs argue that Defendants' proposed "Attorneys' Eyes Only" provision is unnecessary. However, courts have customarily allowed "Attorneys' Eyes Only" provisions in cases involving a correctional institution's records. *See, e.g.*, *Montanez v. Wolters*, No. 3:16-CV-1147-NJR-DGW, 2018 WL 5437442, (S.D. Ill. Oct. 29, 2018) (including an "Attorneys' Eyes Only" provision in the court's order); *Parrish v. Solis*, No. 11-CV-01438 LHK (NC), 2014 WL 2466101, at *4 (N.D. Cal. May 31, 2014) ("In this case, the Court has already entered a heightened protective order that includes an 'Attorneys' Eyes Only' provision. The Court finds that the protective order should provide appropriate protection of the private and confidential information that will be disclosed to Parrish through his counsel."); *Ellis v. Navarro*, No. C 07-05126 SBA LB, 2012 WL 1294205, at *2 (N.D. Cal. Apr. 16, 2012) ("[T]he court has already ordered that the OIG materials be produced for 'attorneys' eyes only' under the Stipulated Protective Order As Modified. This procedure is sufficient to address OIG's safety and security concerns."); *Westefer v. Snyder*, No. CIV 00-162-GPM, 2009 WL 839019, at *2 (S.D. Ill. Mar. 31, 2009) ("The Court is sensitive to the security considerations that are clearly substantial and must be taken into account. It is for this reason that the Court orders the prison officials to provide the materials to which Plaintiff Class is entitled, thereby mitigating these concerns. The 'attorneys' eyes only' protective

order previously entered remains in effect."). As the security, safety, and privacy concerns in these cases are present in this case, the Court should allow Defendants' proposed "Attorneys' Eyes Only" provision.

Moreover, courts have entered "Attorneys' Eyes Only" protective orders in trademark cases to protect trade secrets. *See Aging Backwards, LLC v. Esmonde-White*, No. 16-20758-CIV, 2016 WL 11523402, at *1 (S.D. Fla. Sept. 26, 2016) ("Courts in this district frequently enter protective orders concerning confidentiality of materials obtained in discovery. Those orders are usually agreed to and they often contain an 'Attorneys' Eyes Only' type of heightened, or second-tier, confidentiality."). If trade secrets warrant an "Attorneys' Eyes Only" provision then surely a correctional facility's safety, security, and privacy concerns warrant such a provision.

Plaintiffs' chief objection to Defendants' proposed "Attorneys' Eyes Only" is its parameters. Plaintiffs assert that "Defendants' proposal would generally preclude Plaintiffs' attorneys from sharing any 'Attorneys' Eyes Only' documents with their experts, filing them with the Court, or using them at deposition or during a court proceeding." (Doc. 49 at 3). Given the sensitive nature of the certain documents which may be produced, Defendants require an extra layer of protection to ensure that the documents and the information contained in the documents are

5

not disseminated to current and former inmates, relatives of those incarcerated, and the public.

Plaintiffs suggest that Plaintiffs' proposed confidentiality order offers FDC the protection it requires because paragraph 9 includes restrictions about the use of Confidential documents. However, the protections offered by Plaintiffs are horribly inadequate. Under Plaintiffs' proposal, paragraph 9.c., counsel "may discuss the contents of Confidential documents with the named Plaintiffs if reasonably necessary to prosecute this case . . . ." (Doc. 49-1). There is no reason for counsel to discuss the contents of security strategies with current inmates under any circumstances. Counsel cannot have free rein to disclose security information with inmates if counsel believes it is necessary.

Plaintiffs' argument is further undermined by paragraph 9.b.iv. of Plaintiffs' proposed confidentiality order, Plaintiffs include "consultants" as qualified persons who could receive access to the most highly restricted documents FDC possesses. There is no restriction on who may act as a consultant. Similarly, "witnesses" and "declarants", again without restriction, are included in the definition of "qualified persons." Plaintiffs' ill-defined and overly broad categories of qualified persons places all stakeholders in Florida's penal system at risk for security breaches. The court cannot adopt the Plaintiff's proposal.

Merely because Plaintiffs tag someone with the label of "expert" should not automatically allow that person access to the "Attorneys' Eyes Only" documents. At this time, Defendants are unaware of the identities of Plaintiffs' expert witnesses and whether they can have access to the most sensitive documents. Defendants cannot "unring the bell" once the information falls into the wrong hands or is disseminated. Courts have allowed similar restrictions. *See Sony Computer Entm't Am., Inc. v. NASA Elecs. Corp.*, 249 F.R.D. 378, 384 (S.D. Fla. 2008) ("[T]o provide a measure of extra protection, prior to disclosure of 'attorneys' eyes only' information to an expert, Plaintiff will be required to identify that expert to Defendant, and Defendant will have the opportunity to lodge an objection to the disclosure to a particular expert if there is a specific reason to do so. The primary purpose of this provision is to ensure that such information is disclosed only to experts who need the information in connection with their expert evaluation."); *see also Montanez v. Wolters*, No. 3:16-CV-1147-NJR-DGW, 2018 WL 5437442, at *3 (S.D. Ill. Oct. 29, 2018) (not including experts or court personnel in list of individuals who were allowed to view "Attorneys' Eyes Only" documents).

Defendants' would not use the "Attorneys' Eyes Only" designation haphazardly or in an overly broad manner. Defendants' understand the gravity of the designation. The designation is necessary to protect FDC's legitimate security

concerns. (*See* the Declaration of Wes Kirkland in support of Defendants' Response filed as Exhibit "B".) "The Florida Constitution and the Public Records Act grant to the people the right to inspect and copy public records . . . ." *Exec. Office of the Governor v. AHF MCO of Fla., Inc.*, 257 So. 3d 612, 615 (Fla. 1st DCA 2018). However, certain information is exempt from public disclosure. Many of the Defendants' "Attorneys' Eyes Only" documents fall within this group, indicating their high level of sensitivity. For example, the information contained in a duty roster, which includes surveillance techniques and personnel, is a security system plan as defined in Florida Statute Section 119.07(3) and thus is confidential and exempt from public records requests. *See* Fla. Stat. § 281.301. Moreover, personnel files of employees contain contact information of staff as well as protected health information. Staff contact information is confidential and exempt pursuant to Section 945.10(1)(e) and (h) and Section 119.071(4) of the Florida Statutes. If the information contained in Defendants' "Attorneys' Eyes Only" documents fell into the wrong hands, people could use this information to assault Department employees, increase the risk of escape of a convicted felon, introduce dangerous contraband and/or otherwise disrupt the orderly and secure operations of a correctional facility, all of which would jeopardize the safety of the public, employees, and inmates/offenders.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion for Entry of Confidentiality Order to the extent that their proposed confidentiality order excludes Defendants' proposed "Attorneys' Eyes Only" provision and award such other relief as this Court deems appropriate.

Respectfully submitted,

/ s / Nicole Smith
DANIEL J. GERBER
Florida Bar No. 0764957
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:       dgerber@rumberger.com

and

NICOLE SMITH
Florida Bar No. 0017056
RUMBERGER, KIRK & CALDWELL
A Professional Association
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:  nsmith@rumberger.com

Attorneys for Florida Department of Corrections

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Christopher Michael Jones at cjones@filsinc.org; Jennifer Morrissey Painter at jennifer.painter@floridalegal.org; Shalini Goel Agarwal at shalini.agarwal@splcenter.org; Sumayya Saleh at sumayya.saleh@splcenter.org; Kelly Jean Knapp at Kelly.knapp@splcenter.org; Lisa S. Graybill at lisa.graybill@splcenter.org; Dante Pasquale Trevisani at dtrevisani@floridajusticeinstitute.org; and Laura Anne Ferro at lferro@floridajusticeinstitute.org.

/ s / Nicole Smith
DANIEL J. GERBER
Florida Bar No. 0764957
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:       dgerber@rumberger.com

and

NICOLE SMITH
Florida Bar No. 0017056
RUMBERGER, KIRK & CALDWELL

A Professional Association
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:   nsmith@rumberger.com

Attorneys for Florida Department of Corrections