IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAC'QUANN (ADMIRE)
HARVARD, ET AL.,**

    *Plaintiffs*,

v.                                        CASE NO.: 4:19cv212-MW/CAS

**MARK INCH, SECRETARY OF
FLORIDA DEPARTMENT OF
CORRECTIONS, ET AL.,**

    *Defendants*.

_____/

## CONFIDENTIALITY ORDER

This Court has considered, without hearing, Plaintiffs' Motion for Entry of Confidentiality Order, ECF No. 49, and Defendants' response in opposition, ECF No. 51. Having considered the parties proposed confidentiality orders, ECF No. 49-1 and ECF No. 51-1, this Court adopts Plaintiff's proposed confidentiality order in toto.

Defendants seek to add "Attorneys' Eyes Only" provision to the proposed order. *See* ECF No. 51, at 2. This provision would allow certain documents to be reviewed only by an attorney working as counsel in this case. The provision would also require Plaintiffs to get express written permission of the producing party before disclosing the documents marked for "Attorneys' Eyes Only." In support for adding the "Attorneys' Eyes Only" provision, Defendants cite to multiple cases that have allowed such provisions in cases involving a correctional institution's records.

However, in some of these cases the court allowed such documents to be disclosed to experts, court personnel, and persons assisting in the litigation. *See e.g.*, *Montanez v. Wolters*, No. 3:15-CV-1147-NJR-DGW, 2018 WL 5437442, at *3 (S.D. Ill. Oct. 29, 2018) (imposing "Attorneys' Eyes Only" provision but allowing "such confidential material [to] . . . be disclosed or made available only to the following persons: (a) counsel of record or other licensed attorneys participating in the litigation; and (b) personnel who are specifically assisting in this litigation, provided that such individuals are not current or former inmates in the Department of Corrections."); *Parrish v. Solis*, No. 11-CV-01438 LKH (NC), ECF No. 90, at 6–7 (N.D. Cal. May 28, 2013) (stating that a receiving party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to, among other persons, experts and court and its personnel); *Ellis v. Navarro*, No. C 07-05126 SBA LB, ECF No. 58, at 3(N.D. Cal. Nov. 16, 2011) (stating that "Attorney's Eye Only" material will be disclosed or made available only to counsel for a party, and to the "qualified persons" such as experts, court reports, or any other person about whom the parties in writing agree). Additionally, Plaintiffs' proposed order is consistent with an order that FDC stipulated in a nearly-identical class action suit before U.S. District Judge Robert Hinkle. *See* ECF No. 49-3.

For the reasons provided, this Court concludes that "Attorneys' Eyes Only" provision is not required.

Accordingly,

**IT IS HEREBY ORDERED**:

1. This Order governs the handling, exchange, disclosure, maintenance, storage, use, and discussion of documents that a party may wish to keep confidential. For purposes of this Order, the word "document" means any written, recorded, or graphic material, and includes information provided in discovery responses such as interrogatories or requests for admission. The protections conferred by this Order do not cover the following documents: (a) any document that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of a publication not involving a violation of this Order, including, but not limited to becoming part of the public record through trial or otherwise; and (b) any document obtained by the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the document lawfully (such as through a public records request) and who is under no obligation of confidentiality to the producing party.

2. Each party that designates a document or a portion thereof for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate legal standards. The producing party must designate as Confidential only those parts of documents that qualify so that other portions of the documents for which Confidentiality is not warranted are not swept unjustifiably within the ambit of this Order.

3. If it is appropriate to designate an entire document as Confidential, the producing party shall prominently mark the document "CONFIDENTIAL" at the bottom of the document and produce it, and all parties shall treat it as Confidential as defined herein, unless and until the Court orders otherwise.

4. If it is appropriate to designate only a portion of a document as Confidential, the producing party shall clearly identify the specific portions by putting the word "CONFIDENTIAL" in the left or right margin, and making other markings that indicate which portions are being designated without obscuring the content, and produce the document. For these documents (containing only partial designations), the producing party shall <u>not</u> put the word CONFIDENTIAL at the bottom of the document. If a document has the word CONFIDENTIAL in the left or right margin but does not have the word CONFIDENTIAL at the bottom, the receiving party may assume the remainder of the document is not Confidential and may treat it as such.

5. For every document or portion thereof that is marked Confidential, the producing party shall include a written statement explaining why it believes there is good cause to deem the document or portion thereof Confidential. If it comes to a producing party's attention that information or items that it marked Confidential do not qualify for protection, that producing party must promptly notify all other parties that it is withdrawing the mistaken designation.

6. Confidentiality shall not be automatic. If the receiving party disputes the

Confidential nature of a document, the receiving party shall notify the producing party in writing of the dispute as to Confidentiality and identify the particular document(s) or portions thereof as to which Confidentiality is in dispute. The parties shall confer and make a good faith attempt to reach an agreement. If agreement cannot be reached, the producing party seeking Confidentiality shall, within fourteen (14) days from the date of written notification of the dispute as to Confidentiality, file a Motion to Designate Document(s) as Confidential. The time to file such a Motion may be extended by agreement of the parties. The opposing party shall file a response within seven (7) days. The Court may require an *in camera* inspection of the document that is the subject of the dispute. If the Court grants the Motion, the parties shall continue to treat the document(s) or portions thereof as Confidential. If the Motion is denied, the document or portion thereof shall no longer be deemed Confidential.

7. This Order does not alter the legal standard for determining whether a document will be deemed Confidential. The Court will apply Federal Rule of Civil Procedure 26(c) and any other applicable rules or case law, and the party seeking confidentiality shall bear the burden of persuasion and production.

8. This Order does not extend the time for any party to respond to a discovery request or file a document. All discovery responses (including responsive documents) must be served, and all documents must be filed, within the time prescribed by the applicable rules and orders of this Court. However, the parties shall

5

cooperate to allow each other the time necessary to evaluate and designate documents accurately to avoid both the disclosure of confidential information or unnecessary designation of non-confidential information.

    9. If a document or portion thereof is designated as Confidential, either by agreement or by Order of this Court, the following rules shall apply:

    a. The parties and their counsel shall keep Confidential documents in strict confidence, shall use Confidential documents only for purposes reasonably connected to this litigation, and shall not share Confidential documents with any third party, except that Confidential documents may be shared with any Qualified Individual under the circumstances described in this Order. For documents with only portions designated as Confidential, these rules only apply to the portions designated as Confidential. Such documents may be shown to any third party, and may be treated as not Confidential, as long as the Confidential portions are redacted.

    b. Qualified Individuals include:

        i. the parties, their attorneys, and employees of their attorneys to whom it is reasonably necessary to disclose the information for this litigation;

        ii. the Court and Court personnel;

        iii. court reporters or videographers who transcribe or record depositions or other testimony in this case;

    iv. experts or consultants retained by either party for assistance in the above-captioned case;

    v. mediators;

    vi. translators or interpreters used for depositions or other proceedings;

    vii. deponents in the action to whom disclosure is reasonably necessary;

    viii. a witness or declarant to whom disclosure is reasonably necessary;

    ix. any person who authored or received the document before it was designated as Confidential; and

    x. any other person upon written permission from the party producing the Confidential document.

c. Notwithstanding anything else in this paragraph or elsewhere in this Order, Confidential documents shall not be disclosed to people currently or formerly incarcerated in the FDC without written permission from the producing party, with the exception of the named Plaintiffs in this case. For the named Plaintiffs in this case, the Plaintiffs' attorneys may discuss the contents of Confidential documents with the named Plaintiffs if reasonably necessary to prosecute this case, but will not give copies of Confidential documents to the named Plaintiffs. No personal or contact information for

7

employees, agents, or representatives of Defendants will be shared with any person currently or formerly incarcerated in the FDC.

d. All Qualified Individuals who receive Confidential documents shall keep them in strict confidence, shall not disclose them to any other person, and shall use them only for purposes reasonably connected to this litigation. Before Confidential documents are shared with experts, consultants, mediators, deponents, possible witnesses or declarants, translators, or interpreters, such persons shall be given a copy of this Order and shall agree in writing to be bound by its terms by signing the attached Acknowledgment of Confidentiality Order.

e. In a deposition, a party may use, refer to, discuss the contents of, or attach as an exhibit a Confidential document only if the following procedures are followed: The party taking the deposition shall ensure that there is no one present at the deposition who is not authorized to receive Confidential documents. Before the deposition begins, the party taking the deposition shall provide a copy of this Order to the witness, court reporter, and videographer, and shall ensure that each of them signs the Acknowledgement of Confidentiality Order. Before discussing the contents of a Confidential document during the deposition, the party shall state on the record that the document is Confidential. If any party wishes to designate a portion of a deposition transcript as Confidential, that party shall notify all other parties

within seven (7) days of completion of the deposition that the party wishes to review the transcript for the purpose of conducting a Confidentiality review. Within fourteen (14) days after receiving the deposition transcript, the party seeking Confidentiality shall notify all other parties of the desire to designate portions of the transcript (and exhibits thereto) as Confidential, and include the specific pages, lines, and exhibits, along with a written statement explaining why it believes there is good cause to deem the portion of the deposition Confidential. If a party wishes to use a deposition transcript for which the other party has sought a confidentiality review but has not provided notification of the desire to designate portions as Confidential, the party seeking to use the deposition shall so notify the other party, and the party seeking confidentiality shall within fourteen (14) days notify the other party either that no confidentiality is sought or identify the specific pages, lines, and exhibits for which confidentiality is sought along with the written statement described above. The parties may extend these deadlines by agreement. If there is a dispute, the parties shall then follow the dispute procedures set forth in paragraph 6, above. Before the expiration of this time period, the entire deposition will be treated as Confidential.

    f.   If a party wishes to file a Confidential document (including portions of a deposition) with the Court, it must be filed under seal, following the appropriate procedures to do so in the U.S. District Court for the Northern

9

District of Florida. Documents with only portions designated as Confidential may be publicly filed with the Court as long as the Confidential portions are redacted. If a party wishes to file a motion, pleading, deposition, document, or other filing with the Court that summarizes, quotes, or contains protected material from a Confidential document, the party shall publicly file the motion, pleading, deposition, document, or other filing with the Confidential information redacted, and also file under seal an unredacted version and provide a copy of the unredacted version to the other party. Confidential documents, and unredacted versions of redacted documents filed under this paragraph are hereby designated as documents that may be sealed without an order pursuant to Local Rule 5.5(B).

g. Any party may use Confidential documents at trial or a hearing, including but not limited to introducing them into evidence and asking a witness about their contents. Before a party uses a Confidential document at trial or a hearing, the party must first alert the Court and the opposing party of the intent to use a Confidential document. If a party moves a Confidential document into evidence and wants it to be a part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

10. Any party may request that the Court reconsider a ruling on Confidentiality should new factual or legal developments occur. Further, any party may request modification of this Order to permit further disclosure of Confidential

10

documents, or to otherwise modify this Order, upon a showing of good cause.

11. This Order does not entitle any party to documents or information to which they would not otherwise be entitled under the Federal Rules of Civil Procedure, applicable discovery rules, and court orders. Nothing in this Order prevents any party from raising any objection to the discoverability, admissibility, relevance, or privileged nature of any document.

12. Within sixty (60) days of the conclusion of these proceedings, any party who has received Confidential documents shall either return the documents to the producing party or destroy the documents (including all copies). If destroyed, counsel for the destroying party shall send written confirmation to the producing party that the Confidential documents have been destroyed in accordance with this Order. For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case; the conclusion of any appeals and proceedings on remand; the expiration of time for any party to seek further appellate review; and/or whenever a period of enforcement, monitoring, or court retention of jurisdiction (whether determined by a settlement agreement or court order) terminates. The conclusion of these proceedings shall be the latest of any of the foregoing dates.

13. This Order shall continue in effect after the conclusion of these proceedings, and the Court retains jurisdiction to enforce it.

14. The disclosure of protected health information under the Health Insurance Portability and Accountability Act (HIPAA) and its regulations is addressed by this Court's separate HIPAA Qualified Protective Order. The parties may not designate documents as Confidential because they contain protected health information of current or former Florida Department of Corrections prisoners.

15. If either party learns that, by inadvertence or otherwise, a Confidential document has been disclosed to any person or in any circumstance not authorized under this Order, the party must, not later than fourteen (14) days after learning of the disclosure: (a) notify in writing the other party of the unauthorized disclosure; (b) if the party is the one who made the unauthorized disclosure, use its best efforts to retrieve all Confidential documents that were improperly disclosed; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the Acknowledgment that is attached hereto.

16. In the event that additional persons or entities become parties to this litigation, the current parties shall immediately provide a copy of this Order to such persons or entities. The new person or entity shall have ten (10) days from the date they receive this Order to file either: a) a notice indicating they do not object to being bound by this Order, or b) an appropriate motion requesting modification of this Order.  Confidential documents shall not be provided to new persons or entities until

such a notice is filed or the Court rules on such a motion.

**ORDERED on November 5, 2019.**

**s/Mark E. Walker**
**Chief United States District Judge**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE) )
HARVARD, et al., )
 )
    Plaintiffs, )
 )
v. ) Case No.: 4:19-cv-00212-MW-CAS
 )
 )
MARK S. INCH, et al., )
 )
    Defendants. )

### ACKNOWLEDGMENT of CONFIDENTIALITY ORDER

    I,_____, hereby acknowledge that I have reviewed the Confidentiality Order entered into in the above-captioned case and that I agree to be bound by the Order. I further agree to the following limitations upon the use and disclosure of the Confidential documents which I am being provided:

    1.    I will use the Confidential documents solely in connection with the proceedings in the above-entitled case and for no other purpose.

    2.    I will not disclose any of the Confidential documents to any other person or entity except as authorized by the Confidentiality Order; and

    3.    Upon request, I will immediately return or destroy any Confidential documents (including all copies). If destroyed, I will send a written confirmation to the party producing the document(s) that such documents(s) have been destroyed in accordance with the Order.

    I understand and recognize that violation of any of the provisions of this Acknowledgment and the Order may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

    Dated this_____day of_____,_____.

_____        _____
(Print Name)                                    (Signature)