IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, et al.,

    *Plaintiffs*,

v().                                  CASE NO.: 4:19cv212-MW/CAS

MARK INCH, Secretary of Florida
Department of Corrections, et al.,

    *Defendants*.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
REGARDING DEPOSITION CONDITIONS**

This Court has considered, following a hearing on January 06, 2020, Plaintiffs' Motion for Protective Order Regarding Deposition Conditions. ECF No. 67. For the reasons provided below, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

This Court may, for good cause, issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). In determining whether good cause exists, a court should balance the interests of the parties. *See Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1313 (11th Cir. 2001). This Court understands the unique circumstances present in this case. The depositions will be

conducted inside prison facilities. In the context of court proceedings such as depositions or trial, this Court recognizes that some level of deference is accorded to the prison administration in the matters of internal security and safety. However, this deference is not absolute, and is limited by the broad discretion this Court enjoys in entering a protective order. *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). This discretion allows this Court to achieve the ends of justice entrusted to it. Balancing the two sides—deference to the prison administration and this Court's discretion in entering a Protective Order—requires this Court to fashion a remedy that is narrowly drawn.

Defendants seek certain restrictions during depositions. Specifically, Defendants seek the presence of a correctional officer in the deposition room for all Plaintiffs, except Plaintiff Espinosa. ECF No. 72, at 2. Additionally, certain Plaintiffs will be placed in restraints, and other Plaintiffs may be placed in restraints at the Warden's judgment. ECF No. 72, at 2. The type of restraints each Plaintiff is subjected to will be determined by the Warden. ECF No. 72, at 2.

Balancing the interest proffered by the parties, this Court finds that a correctional officer may be present in the deposition room based on the sound judgment of the Warden. However, Defendants must ensure that the correctional officer present in the deposition room is not involved with the Plaintiff being deposed on a day-to-day basis, is not the subject of the deponent's complaints, and

has no actual knowledge of the allegations of this lawsuit. Further, this Court finds that Plaintiffs have shown good cause that the use of a "black box" restraint is unreasonable and unnecessary. A black box is a device that is locked over a pair of handcuffs to hold the wrists of an individual closer together and is used with a belly chain. ECF No. 67, at 3 n.3. The black box creates a severe restraint that prevents an individual from freely moving their hands and arms beyond their waist. ECF No. 67, at 3 n.3. This Court finds that the use of black box is too restrictive. It will prohibit Plaintiffs from engaging in normal movement, writing, taking notes, and communicating confidentially with counsel during deposition and, therefore, prohibit Plaintiffs from fully participating in their deposition. In addition, there are number of other reasonable restraints that Defendants may employ during deposition to ensure safety and security during deposition. One such alternative, "side cuffs," is recommended by Defendant's Deputy Director of Institutional Operations, Mr. Kirkland, for Plaintiffs that he deems short-tempered or violent. ECF No. 72-1, ¶¶ 5(b)&(c). Plaintiffs also recommend such a restraint. This Court is not suggesting that Defendants use "side cuffs" as a method of restraints. Defendants may use restraints they deem necessary and reasonable in the sound judgment of the Warden. However, Defendants may not use black box as a method of restraint.

Plaintiffs motion is, therefore, **GRANTED IN PART AND DENIED IN PART**. A correctional officer may be present in the deposition room if the Warden

deems it appropriate so long as the correctional officer is not involved with the Plaintiff being deposed on a day-to-day basis, is not the subject of the deponent's complaints, and has no actual knowledge of the allegations of this lawsuit. Further, Defendants may not employ black box as a form of restrictions. If, however, in the time between this Order and the deposition, there arises a situation where Defendants determine that the use of black box is necessary, the parties will apprise this Court of the facts leading to such a determination and this Court will reconsider its Order. If, in the course of deposition, Plaintiffs deem that the presence of a certain correctional officer is intimidating or Defendants deem that the use of black box is necessary, the parties may contact this Court's courtroom deputy, Ms. Victoria Milton McGee.

**SO ORDERED on January 7, 2020.**

> **s/Mark E. Walker           **
> **Chief United States District Judge**