IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, et al.,

    *Plaintiffs*,

v.                              CASE NO.:  4:19cv212-MW/CAS

MARK INCH, Secretary of Florida
Department of Corrections, et al.,

    *Defendants*.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF A
PROTECTIVE ORDER**

This Court has considered, without hearing, Defendants' Motion for Entry of a Protective Order. ECF No. 84. Specifically, Defendants' request entry of a protective order limiting the disclosure to only Plaintiff's counsel of (1) post orders, (2) technical manuals, (3) video surveillance of correctional facilities, and (4) information related to correctional institution's physical security, including, but not limited to, cell locations, prison layouts, and positioning of officers and cameras. ECF No. 84, at 1–2. Plaintiffs oppose this motion. ECF No. 90. For the reasons provided below, Defendants' motion, ECF No. 84, is **DENIED**.

**I**

This Court entered a Confidentiality Order, ECF No. 58, based on parties'

agreement that certain documents may contain information that FDC believes threatens prison safety or security if disclosed without the protections of a confidentiality order. The main disagreement was whether certain documents should be marked with the "Attorneys' Eyes Only" provision. ECF No. 58. This provision would allow certain documents to be reviewed only by attorneys working as counsel in this case. ECF No. 58. This Court rejected Defendants' arguments and, therefore, did not include the "Attorneys' Eyes Only" provision to the Confidentiality Order. ECF No. 58. Defendants now argue that the Confidentiality Order entered by this Court is insufficient to protect their interest in safety and security of the prison system. ECF No. 84. In doing so, Defendants raise the same arguments they did in opposing Plaintiffs' proposed confidentiality order, *Compare* ECF No. 51, at 6–8 *with* ECF No. 84, at 7–9, which this Court adopted in toto. ECF No. 58.

## II

Defendants' motion appears to be a motion for reconsideration of this Court's Confidentiality Order. A motion for reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996). A court will reconsider a previous order "only if there has been an intervening change in law, if new evidence has become available, or if there is a need to correct clear error or manifest injustice." *Buffkin v. Reliance Standard Life*

*Ins. Co.*, No. 3:16-cv-21-MCR/CJK, 2017 WL 3000031, at *1 (N.D. Fla. May 30, 2017). Defendants have neither alleged nor established any of these grounds in their motion. Controlling law remains unchanged—every case Defendants cite in their motion for protective order pre-dates Defendants' motion related to this Court's Confidentiality Order. Defendants do not allege that new evidence has become available that requires this Court to reconsider its previous order. Indeed, Defendants specifically raised the documents at issue in their motion for protective order when litigating the Confidentiality Order. *See* ECF No. 51, at 3. And finally, Defendants have not alleged that reconsideration is needed to correct clear error or manifest injustice.

For these reasons, this Court refuses to reconsider its Confidentiality Order. Defendants' motion for protective order, which this Court construes as a motion for reconsideration, is denied.

### III

Assuming that Defendants' motion is properly brought under Federal Rule of Civil Procedure 26(c), the motion is still denied. This Court may, for good cause, issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Under Rule 26(c), a "party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from

3

stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 427, 429–30 (M.D. Fla. 2005). In determining whether good cause exists, a court should balance the interests of the parties. *See Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1313 (11th Cir. 2001).

This Court took into consideration Defendants' safety and security concerns and Plaintiffs' interest in conducting full and fair discovery when it entered the Confidentiality Order. The Confidentiality Order ensures that the documents marked confidential will not be disclosed to people currently or formerly incarcerated in the FDC without written permission from the producing party. ECF No. 58, ¶ 9(c). An exception to this rule is the named Plaintiffs in this case. For the named Plaintiffs, Plaintiffs' counsels will not give copies of the confidential documents to the named Plaintiffs but may discuss the contents of the confidential documents with the named Plaintiffs if reasonably necessary to prosecute this case. ECF No. 58, ¶ 9(c). As far as Defendants' concern regarding the broad definition of qualified persons who may view the confidential documents, this Court defined qualified persons based on, in large part, the cases Defendants cited in its opposition to Plaintiffs' proposed confidentiality order. ECF No. 58, at 1–2.

Defendants' motion for a protective order is based on a fear of mischief because there is an opportunity for mischief. This Court expects the parties to

conduct discovery of highly sensitive information in a reasonable manner, and will not assume bad faith on the part of Plaintiffs' counsel without specific demonstration of fact. In moving for a protective order, Defendants merely recite the concerns they had in opposing Plaintiffs' proposed confidentiality order without demonstrating any specific facts that would show that additional protection is needed.

For these reasons, Defendants' motion, ECF No. 84, is **DENIED**.

**SO ORDERED on January 22, 2020.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**