UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD; J.H., a minor, by and
Through his parent and natural
Guardian, Valentine Robinson;
ANGEL MEDDLER; JUAN
ESPINOSA; JEROME BURGESS
(a/k/a SHAM'LA GOD ALLAH);
JAMES W. KENDRICK, JR.; and
JOHNNY HILL; on behalf of
Themselves and all others similarly
Situated,

      Plaintiffs,

vs.      CASE NO.: 4:19-cv-00212-MW-CAS

MARK INCH, in his official
Capacity as Secretary of the Florida
Department of Corrections, and
FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida,

      Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF JOHNNY HILL'S NOTICE, REQUEST FOR LEAVE TO AMEND, AND REQUEST FOR DISCOVERY REGARDING HIS MOTION FOR PROTECTIVE ORDER TO <u>PREVENT RETALIATION</u>**

Defendants, Mark Inch, in his official capacity as Secretary of the Florida Department of Corrections, and the Florida Department of Corrections ("FDC") (hereinafter collectively "Defendants"), respond to Plaintiff Johnny Hill's Notice,

Request for Leave to Amend, and Request for Discovery Regarding His Motion for Protective Order to Prevent Retaliation [DE 91] pursuant to the Court's Order Requiring Expedited Response [DE 92], as follows:

Now that Mr. Hill has notified the Court that he intends to move forward with his Motion for Protective Order, Defendants request that the Court rule on the propriety of the motion before permitting Plaintiff to amend his motion, conduct additional discovery and seek an evidentiary hearing on a protective order that is not legally available to him under the All Writs Act.

Here, Plaintiff seeks the requested discovery in connection with possibly amending his Motion for Protective Order to include a spoliation claim "before proceeding to a hearing on his entitlement to a protective order." [DE 91, p. 3] But, as explained in Defendants' opposition to the Motion for Protective Order, Mr. Hill's motion is not cognizable because he cannot use the "extraordinary measures" under the All Writs Act to circumvent the requirements of a preliminary injunction or as a means to avoid filing a separate lawsuit. [DE 73].

Accordingly, the Court should first determine whether a legal basis exists for Plaintiff's Motion for Protective Order under the All Writs Act. If the Court agrees with Defendants that no such basis exists, even assuming a claim of spoliation (which Defendants do not admit), then Plaintiff must submit his claims as a motion for preliminary injunction or file a separate action.

If the Court however finds that Plaintiff can proceed with his motion under the All Writs Act, Defendants do not object in principle to Plaintiff conducting a limited deposition under Federal Rule of Civil Procedure 30(b)(6) concerning his video preservation requests.  But because Plaintiff has not provided Defendants with a notice identifying the subjects on which he seeks examination of the Department's witness(es), Defendants have not had an opportunity to determine whether they will require a limited deposition of Mr. Hill.  Defendants therefore reserve their right to make such a request to the Court.

Further, should the Court permit Plaintiff to proceed with the requested 30(b)(6) deposition, Defendants object to such deposition being excluded from the 40 depositions Plaintiffs are permitted to take under the Court's scheduling order. If Plaintiff improperly injects Mr. Hill's retaliation claims into this lawsuit, he should not be permitted to treat these claims as being outside the purview of the case.

As for Plaintiff's request to view additional video that the Department has preserved of Mr. Hill, undersigned counsel agrees to make arrangements for Plaintiff's counsel to view video preserved by Santa Rosa Correctional Institution from September 13, 2019 and September 19, 2019.[1]

---

[1]  To clarify, Defendants' notice stating no video exists of Johnny Hill from September 13, 2019 [DE 89], relates to Northwest Florida Reception Center's medical building where the incident is alleged to have occurred.

Finally, should the Court find that Plaintiff is entitled to proceed under the All Writs Act, Defendants have no objection to responding to the Second Request for Production to the Department[2] no later than January 30, 2020.

Dated: January 24, 2020                    Respectfully submitted,

/ s / Nicole Smith
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:  dgerber@rumberger.com
            sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:  nsmith@rumberger.com

**Attorneys for Defendants,
 Mark Inch and Florida
 Department of Corrections**

---

[2] The parties have conferred and agree that Plaintiff intended the request to be directed at the Second Request for Production to the Department, not Inch.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Shalini Goel Agarwal at shalini.agarwal@splcenter.org; Sumayya Saleh at sumayya.saleh@splcenter.org; Kelly Jean Knapp at Kelly.knapp@splcenter.org; Lisa S. Graybill at lisa.graybill@splcenter.org; Dante Pasquale Trevisani at dtrevisani@floridajusticeinstitute.org; Laura Anne Ferro at lferro@floridajusticeinstitute.org; Sam Thypin-Bermeo at sthypin-bermeo@floridajusticeinstitute.org; Andrea Costello at andrea@floridalegal.org; Christopher M. Jones at Christopher@floridalegal.org; Jennifer Painter at Jennifer.painter@floridalegal.org; and Aimee Lim at aimee.lim@floridalegal.org.

    / s / Nicole Smith
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:  dgerber@rumberger.com
       sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:   nsmith@rumberger.com

**Attorneys for Defendants,**
  **Mark Inch and Florida**
  **Department of Corrections**