# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, et al.,

    *Plaintiffs*,

v.                                    CASE NO.:  4:19cv212-MW/CAS

MARK INCH, Secretary of Florida
Department of Corrections, et al.,

    *Defendants*.

_____/

## ORDER ENJOINING DEFENDANTS, AND THEIR OFFICERS, AGENTS AND EMPLOYEES FROM RETALIATING

On December 20, 2019, Plaintiff Johnny Hill moved for a protective order alleging that Defendants' employees had retaliated against him for participating in this lawsuit. ECF No. 68. Defendants responded by denying all claims of retaliation. ECF No. 73. In their response, Defendants relied on, among other things, an affidavit from Warden Mashburn that described a preserved video purportedly showing Plaintiff Hill and one of Defendants' employees who allegedly retaliated against Plaintiff Hill. ECF No. 79-1. Defendants put forth this affidavit to refute Plaintiff Hill's claim of retaliation.

Subsequently, this Court conducted a hearing on Plaintiff Hill's motion and ordered the parties to meet, confer, and review the video in question. ECF No. 81.

As it turns out, the video described by Warden Mashburn did not depict Plaintiff Hill. ECF No. 89; ECF No. 91. Additionally, Defendants failed to preserve the video that would either substantiate Plaintiff Hill's claim or refute it. ECF No. 89; ECF No. 91.

After notifying this Court that the video preserved did not depict Plaintiff Hill, Plaintiff moved, among other things, to open limited discovery on the issue of retaliation and amend his motion for protective order. ECF No. 92. While Defendants agreed to open limited discovery, they requested this Court to rule whether this Court had the authority to enter a protective order. ECF No. 95.

In his motion for protective order, Plaintiff Hill sought an injunction (1) preventing FDC from retaliating against him for prosecuting this lawsuit and for communicating with counsel; (2) directing that Officer Masters have no further contact with him; and (3) ordering his transfer to another correctional institution. ECF No. 68. Plaintiff relied on the All Writs Act, 28 U.S.C. § 1651, as a vehicle for this Court to exercise its power and grant the injunction. ECF No. 68. Defendants opposed the protective order and argued that the All Writs Act does not apply, and the only relief Plaintiff Hill can seek is to file a new lawsuit and seek preliminary injunction. ECF No. 73.

This Court need not decide whether the All Writs Act applies. This Court has inherent equitable power to issue protective orders to limit any retaliation that would

preclude this Court from fairly adjudicating a case. This Court finds it necessary to invoke its inherent power in here.

Plaintiff Hill has levied serious allegations of retaliation against Defendants and their employees. ECF No. 68. Based on the alleged retaliation he has already suffered, he fears further retaliation if he continues to participate in this case. ECF No. 68. This Court finds it prudent to issue a protective order that would prohibit retaliation so that this Court may properly achieve the ends of justice entrusted to it. This Court, therefore, grants in part and denies in part Plaintiff Hill's motion for a protective order. ECF No. 68.  Defendants, their employees, agents, and officers shall not retaliate against Plaintiff Hill for prosecuting this lawsuit and for communicating with counsel. If they do, they will be held in contempt of this Court's Order.

At this point, this Court finds that the limited injunction entered is enough to alleviate Plaintiff Hill's fear of retaliation. This Court, therefore, denies Plaintiff Hill's motion, ECF No. 91, to open limited discovery and amend his motion for protective order.

For these reasons, Plaintiff Hill's motion for protective order, ECF No. 68 is **GRANTED IN PART AND DENIED IN PART**; Plaintiff Hill's motion to amend

his protective order and open limited discovery, ECF No.91, is **DENIED**.

    **SO ORDERED on January 28, 2020.**

                                               **s/Mark E. Walker**
                                               **Chief United States District Judge**