IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, et al.,

    *Plaintiffs*,

v.                                  CASE NO.:  4:19cv212-MW/CAS

MARK INCH, Secretary of Florida
Department of Corrections, et al.,

    *Defendants*.

_____/

## ORDER DENYING STAY OF DISCOVERY

This Court has considered, without hearing, Defendants' Motion to Stay Discovery Pending Resolution of Interlocutory Appeal. ECF No. 104. For the reasons provided below, Defendants' motion is **DENIED**.

**I**

On November 5, 2019, this Court entered a Confidentiality Order, ECF No. 58, based on the parties' agreement that certain documents may contain information that the Florida Department of Correction believes threatens prison safety or security if disclosed without the protection of a confidentiality order. In its Confidentiality Order, this Court rejected Defendants' argument that the nature of the documents required an "Attorneys' Eyes Only" provision. ECF No. 58. Subsequently, this Court rejected Defendants' argument that this Court's Confidentiality Order was

insufficient to protect their interest in the safety and security of the prison system and denied Defendants' motion to enter a protective order. ECF No. 94. In doing so, this Court found that Defendants' improperly raised a motion to reconsider and, alternatively, found that there was no good cause to enter a protective order. ECF No. 94. Based on the Confidentiality Order and the lack of good cause to enter a protective order, this Court granted Plaintiffs' motion to compel discovery that may lead to information that would raise safety or security concerns. ECF No. 98.

Defendants now seek a temporary stay of discovery of information that may lead to information implicating safety and security concerns. ECF No. 104. Defendants have filed a Notice of Appeal to the Eleventh Circuit pursuant to 28 U.S.C. § 1291 and the collateral order doctrine. ECF No. 100. Defendants also filed a separate Petition for Writ of Mandamus with the Eleventh Circuit as an alternative basis for jurisdiction. ECF No. 100.

## II

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (quotation omitted). "A party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 434 (citation omitted). When considering whether to issue a stay,

courts consider

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The same standard applies to motions to stay pending the resolution of a petition for writ of mandamus. *See Nowak v. Lexington Ins., Co.*, No. 05-21682CIV-MORENO, 2006 WL 3613760, at *2 (S.D. Fla. June 22, 2006). Defendants have failed to meet their burden.

### 1. Likelihood of Success on the Merits

Defendants have not shown they are substantially likely to succeed on the merits. Initially, it bears noting that there likely is no jurisdiction for Defendants to appeal, either based on collateral order doctrine or under a writ of mandamus. *See, e.g.*, *Drummond Co., Inc. v. Terrance P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1325 (11th Cir. 2016) (finding that discovery orders generally do not present important questions warranting collateral order review because most discovery issues can be reviewed effectively on appeal from final judgment); *Carpenter v. Mohawk Indus., Inc,*, 541 F.3d 1048, 1053 (11th Cir. 2008) ("[The Eleventh Circuit] has never exercised jurisdiction under the collateral order doctrine to review any discovery order involving any privilege."); *Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp.*, 680 F.2d 743, 745 (11th Cir. 1982) ("As a general proposition

3

most orders granting or denying discovery are not final orders within the meaning of § 1291 and therefore are not immediately appealable."). And while mandamus is often an appropriate vehicle for review of orders compelling discovery, it is an extraordinary remedy and "available in exceptional cases, where there is a clear abuse of discretion or usurpation of judicial power." *In re Fink*, 876 F.2d 84, 84 (11th Cir. 1989). A clear error of judgment or application of an incorrect legal standard is an abuse of discretion. *Carpenter*, 541 F.3d at 1055. In their motion, Defendants do not assert that this Court applied the incorrect legal standard—nor could they. In entering the Confidentiality Order, this Court relied on cases cited by Defendants to reject Defendants' argument that an "Attorneys' Eyes Only" provision was required. ECF No. 58, at 1–2. Even assuming that this Court improperly construed Defendants' motion for a protective order as a motion for reconsideration, this Court, once again relying on the case cited by Defendants, nonetheless found Defendants failed to show good cause to enter a protective order. *Compare* ECF No. 94, at 3–4 *with* ECF No. 84, at 2. Regardless, it is not for this Court to determine whether appellate jurisdiction is proper.

Defendants' claims are unlikely to succeed on the merits. Relying on *Turner v. Safley*, 482 U.S. 78 (1987), Defendants' argue that this Court improperly invaded the separation of powers by undermining Defendants' ability to effectively manage prison administration and security. ECF No. 104. This is not the first time

4

Defendants have raised the separation of powers argument, and it likely will not be the last. *See, e.g.*, ECF No. 72, at 3; ECF No. 84, at 3. Contrary to Defendants' assertion, *Turner* does not stand for the blanket proposition that this Court must always defer to the prison officials. Instead, *Turner* requires this Court to balance the interests of prison officials and prisoners in reaching a fair decision. *Turner*, 482 U.S. at 85 ("Our task . . . is to formulate a standard of review for prisoners' constitutional claims that is responsive both to the policy of judicial restraint regarding prisoner complaints and [to] the need to protect constitutional rights.").

This Court has, time and time again, acknowledged the deference accorded to prison officials in managing the safety and security within a prison. *See, e.g.*, ECF No. 82, at 2 (recognizing the deference accorded to prison administration in matters of internal security and safety). In entering the Confidentiality Order and rejecting Defendants' motion for a protective order, this Court balanced Defendants' interest in safety and security with Plaintiffs' interest in conducting full and fair discovery. As this Court explained in its Order denying Defendants' motion for a protective order, the Confidentiality Order ensured that Defendants' safety and security concerns were protected because the Order made certain that the documents marked confidential would not be disclosed to people currently or formerly incarcerated in FDC without Defendants' permission. ECF No. 94, at 4. The Confidentiality Order also prohibited Plaintiffs' counsel from providing copies of the confidential

5

documents to the named Plaintiffs and even prohibited them from so much as discussing the contents unless it was reasonably necessary to prosecute this case. ECF No. 94, at 4. Further, the "Attorneys' Eyes Only" provision, as defined by Defendants, was too narrow to protect Plaintiffs' interest. Indeed, even the cases cited by Defendants where courts have imposed an "Attorneys' Eyes Only" provision, the courts that issued those decisions have allowed the documents to be disclosed or made available to the qualified persons as defined by this Court. ECF No. 58.[1] Simply put, to allow Defendants unbridled discretion in conducting discovery would effectively foreclose this Court's power in managing proper discovery. In managing discovery, this Court can neither turn a blind eye to the prisoners' constitutional rights nor Defendants' interests; instead, it must balance these competing interests. This Court did so when it entered the Confidentiality Order, rejected Defendants' motion for a protective order, and granted Plaintiffs' motion to compel.

---

[1] Some of the cases relied on by Defendants for their argument that the "Attorneys' Eyes Only" provision is necessary allowed such documents to be disclosed to experts, court personnel, and persons assisting in the litigation. *See e.g.*, *Parrish v. Solis*, No. 11-CV-01438 LKH (NC), ECF No. 90, at 6–7 (N.D. Cal. May 28, 2013) (stating that a receiving party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to, among other persons, experts and court and its personnel); *Ellis v. Navarro*, No. C 07-05126 SBA LB, ECF No. 58, at 3 (N.D. Cal. Nov. 16, 2011) (stating that "Attorney's Eye Only" material will be disclosed or made available only to counsel for a party, and to the "qualified persons" such as experts, court reports, or any other person about whom the parties in writing agree). Additionally, the Confidentiality Order entered by this Court was consistent with the order that FDC had stipulated in a nearly identical class action suit before U.S. District Judge Robert Hinkle. ECF No. 49-3 (stating that qualified individuals included, among others, experts or consultants).

For these reasons, this factor weighs against granting a stay.

## 2. *Irreparable Harm*

Defendants' rely on the "cat out of the bag" theory, claiming that if the stay is not granted, they will suffer irreparable harm because it would be impossible to reverse the damage resulting from disclosure of the information. ECF No. 104, at 5. The cases relied on by Defendants involve the disclosure of privileged information, such as attorney-client communications. *See Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 09-CV-80787-RYSKAMP/VITUNAC, 2010 WL 11505438, *2 (S.D. Fla. June 3, 2010); *Nowak*, 2006 WL 3613760, at *2. Here, there is no claim of privilege. This Court acknowledges that, without a stay, Plaintiffs would be able to proceed with discovery before the Eleventh Circuit would be able to review the appeal, rendering the appeal and petition moot. However, a majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm, and Defendants have not shown that the Eleventh Circuit embraces the minority view. *In re Furstenberg Finance SAS*, No. 16-mc-60266-BLOOM, 2016 WL 10880228, at *1 (S.D. Fla. Sept. 30, 2016). Additionally, as Plaintiffs point out, the issue is not whether Defendants are willing to let the cat out of the bag, but how far they are willing to let the cat roam. Defendants agreed to produce the relevant information but wanted to limit the individuals who can access this information. As this Court previously noted, Defendants' request for the

7

"Attorneys' Eyes Provision" is "based on fear of mischief because there is an opportunity for mischief." ECF No. 94, at 4. Such a speculative fear of injury does not constitute irreparable harm. *Nken*, 556 U.S. at 434–35 ("[S]imply showing some possibility of irreparable injury fails to satisfy the second factor."); *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (holding, in a preliminary injunction context, that irreparable injury must be neither remote nor speculative, but actual and imminent).

Defendants have failed to show they will be irreparably harmed without a stay. This factor, therefore, weighs against stay.

### 3.  *Harm to Plaintiff*

Defendants argue that the stay concerns only discrete issues of safety and security and will not undermine the progress of this case. ECF No. 104. Although this may be the case, the discrete issues of safety and security cover a plethora of information sought by Plaintiffs. Defendants' safety and security objections implicate, at the very minimum, 80 discovery requests, 32 of which were the subject of this Court's Order on motion to compel. ECF No. 108-1, ¶ 6; ECF No. 98. Further, some of the discovery requests may implicate information that Plaintiffs will require for class certification. Assuming that the Eleventh Circuit will take 5.3 months to render a decision from filing of appeal or petition, as Defendants argue, the delay will render it virtually impossible for Plaintiffs to comply with this Court's

Scheduling Order, which sets Plaintiffs' deadline to file their motion for class certification on May 6, 2020. ECF No. 44, at 1–2.

For these reasons, this factor weighs against stay.

### 4. Public Interest

It is true, as Defendants argue, that there is a significant interest in maintaining prison safety and security. However, the "public interest is [also] served when constitutional rights are protected." *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1327 (11th Cir. 2019). The issuance of a stay will delay the progress of this case and undermine Plaintiffs' ability to vindicate their constitutional rights. The public's interest in prison safety and security is adequately served by this Court's Confidentiality Order. This factor, therefore, is, at best, neutral.

### III

While entering the Confidentiality Order, rejecting Defendants' motion for a protective order, and granting Plaintiffs' motion to compel, this Court balanced Plaintiffs' and Defendants' interests. Defendants have not convinced this Court that they are likely to succeed on the merits, or that the balance of stay-factors merits a stay pending appeal. Defendants' motion, ECF No. 104, is **DENIED.**

**SO ORDERED on March 2, 2020.**

s/Mark E. Walker              
**Chief United States District Judge**
