# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 06, 2020

Daniel Jay Gerber
Rumberger Kirk & Caldwell, PA
300 S ORANGE AVE STE 1400
PO BOX 1873
ORLANDO, FL 32801

Appeal Number: 20-10690-JJ
Case Style: Jacquann Harvard, et al v. Secretary, Florida Department, et al
District Court Docket No: 4:19-cv-00212-MW-CAS

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

All pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Tiffany Tucker, JJ
Phone #: (404)335-6193

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 20-10690-JJ

JACQUANN MARQUIS HARVARD,
a.k.a. Admire Harvard,
J H,
A minor by and through his parent
and natural guardian Valentine
Robinson,
ANGEL MEDDLER,
JUAN ESPINOSA,
JEROME BURGESS,
a.k.a. Sham'la God Allah,
JAMES W. KENDRICK, JR.,
on behalf of themselves and all
others similarly situated,
JOHNNY HILL, et al.,

Plaintiffs-Appellees,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA DEPARTMENT OF CORRECTIONS,
an agency of the State of Florida,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Florida

BEFORE: JORDAN, BRANCH, and LUCK, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED for lack of jurisdiction. The Secretary of the Florida Department of Corrections and the Florida Department of Corrections have jointly appealed from

the district court's orders denying their motion for a protective order and granting the plaintiffs' motion to compel discovery. These orders are not final because they did not end the litigation on the merits. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (quotations omitted)).

The orders are also not appealable under the collateral order doctrine. *See Drummond Co., Inc. v. Terrence P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1322–26 (11th Cir. 2016) (holding that parties must seek review of disclosure orders adverse to the attorney work product privilege via means other than the collateral order doctrine, such as certification under 28 U.S.C. § 1292(b), a petition for a writ of mandamus, or by appealing from court imposed sanctions). We note that appellants have also filed a petition for mandamus, which is the correct mechanism to resolve this issue, and for which we have issued a temporary stay.

All pending motions are DENIED AS MOOT.