IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10650-J
_____

In re:  SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                                                         Petitioner.

_____

On Petition for a Writ of Mandamus from the United States
District Court for the Northern District of Florida
_____

BEFORE:   JORDAN, BRANCH, and LUCK, Circuit Judges.

BY THE COURT:

Before the Court is a petition for a writ of mandamus seeking, among other things, to compel the district court to enter an order granting the petitioners' motion for entry of a protective order.  The case below concerned a class action lawsuit brought by inmates formerly and currently incarcerated in Florida Department of Corrections ("FDC") correction facilities alleging that the conditions of their imprisonment constituted cruel and unusual punishment.  After initial discovery requests, the parties attempted to negotiate a confidentiality agreement.  The parties came to an impasse, however, because petitioners wished to designate certain requested information involving sensitive prison security and safety issues as "Attorneys' Eyes Only," a provision which would prohibit the information from being viewed by persons other than counsel without the permission of FDC.  The district court entered a confidentiality order that rejected

1

petitioners' request for an "Attorneys' Eyes Only" provision for this small subset of information and thus would have enabled the named plaintiffs—currently incarcerated inmates—along with several other groups of individuals to access all discovery without FDC permission.

Petitioners subsequently moved for a protective order, this time asking the district court to designate as "Attorneys' Eyes Only" a few specific categories of evidence: "(1) post orders; (2) technical manuals; (3) video surveillance of correctional facilities; and (4) information related to the correctional institution's physical security, including, but not limited to, cell locations, prison layout, and positioning of officers and cameras."  Attached to this motion was a declaration by the Deputy Director of FDC, in which he swore that the plaintiffs' discovery requests contained "highly sensitive safety and security information" for the prisons.  The deputy director detailed which types of prison information are highly sensitive, what steps the FDC takes to safeguard it, and how such information might be misused.

The district court denied the motion for a protective order.  The district court stated that it had already considered the petitioners' security concerns and asserted that "Defendant's motion for a protective order is based on a fear of mischief because there is an opportunity for mischief. This Court expects the parties to conduct discovery of highly sensitive information in a reasonable manner . . . . Defendant's [sic] merely recite the concerns they had in opposing Plaintiffs' proposed confidentiality order without demonstrating any specific facts that would show that additional protection is needed."  Following this order, petitioners filed a motion for a temporary stay along with a petition for a writ of mandamus in this court.

On March 6, 2020, this Court directed the respondents to file an answer to the petition and invited the District Judge to address the petition. The order also temporarily stayed the petitioners'

2

duty to produce in discovery the information at issue in the district court's order denying their motion for entry of a protective order.  On March 9, 2020, the District Judge informed the Court that he elects not to address the petition. On March 13, 2020, the respondents filed an answer to the petition.

We are empowered to issue writs of mandamus pursuant to 28 U.S.C. § 1651(a), the All Writs Act.  Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997).  For a writ of mandamus to issue, three conditions must be met: first, the party seeking the writ must have no other adequate means of relief; second, the petitioner must demonstrate his or her right to the writ is clear and indisputable; and third, the issuing court must determine whether a writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81).  A district court's discovery orders are reviewed for an abuse of discretion. *See In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003).

Although mandamus is an extraordinary remedy, it can be an appropriate remedy for discovery orders which threaten to disclose highly sensitive information.  *See In re Fink*, 876 F.2d 84, 84 (11th Cir. 1989) ("Therefore, if there has been a clear abuse of discretion in allowing discovery, mandamus is an appropriate remedy.").  Granting a writ of mandamus may be appropriate where discovery orders threaten the sovereignty of the executive branch.  *See Cheney*, 542 U.S. at 382 ("Accepted mandamus standards are broad enough to allow a court of appeals to prevent a lower court from interfering with a coequal branch's ability to discharge its constitutional responsibilities.").  After careful review, we have determined that the petitioners have shown the

3

district court clearly abused its discretion in denying their motion for entry of a protective order, the petitioners' right to relief is clear and indisputable, and the petitioners have no other avenue of relief.

First, we find that, other that the writ of mandamus at issue, the petitioner has no other adequate means of relief. If we do not grant the petition, the information at issue will be disclosed and the harm to prison staff, prisoners, and the general public will have been done.

Second, we find that the petitioner has demonstrated that its right to the writ is clear and indisputable because the district court clearly abused its discretion in denying the motion for a protective order. The district court's reasoning for denying the protective order—that plaintiffs' counsel would not be presumed to act in bad faith and to cause "mischief"—misunderstands the legitimate concern of the petitioners.[1] No one doubts or argues that plaintiffs' *counsel* would handle discovery in a reasonable manner. Rather it is that the named plaintiffs themselves were granted access to highly sensitive information that is the issue. The named plaintiffs are currently incarcerated prisoners whose possession of such sensitive information is a clear and obvious security risk. These inmates have serious criminal records which include, among other felonies, murder in the first degree, armed robbery, identity fraud, forgery, and fleeing or attempting to elude law enforcement. Appellees to this mandamus petition assert such an exception was necessary because the named plaintiffs are the experts of their own case and need the information to know when the prison breached its protocol. We think not. An attorney can elicit helpful

---

[1] We note that the petitioners attached to their motion for protective order a declaration of the deputy director of the FDC which highlighted the need for a protective order. When the district court denied the motion for a protective order, it did not even discuss the concerns and information presented in this declaration.

4

information from his client without divulging confidential information.  Additionally, the district court authorized release of this highly sensitive information to "consultants," "declarants," "experts," and "witnesses" whom plaintiff counsel deem "reasonably necessary."  This list of people who have access represents a broad swath of people who might be designated as witnesses, declarants, or consultants with no input whatsoever by the government.  This group represents a serious risk of further compromising prison security. Finally, the relief requested by the petitioners of the district court was quite modest—the petition asked for an "Attorney's Eyes Only" designation only for a small subset of the prison information sought which would impair the security and safety functions of the prison if disclosed other than to plaintiffs' counsel.[2]

Third, we find that granting the writ is appropriate in this case involving highly sensitive prison security and safety information.  In *Cheney*, the Court issued a mandamus because it was concerned that the discovery order would interfere with important executive functions.  *Cheney*, 542 U.S. at 385.  We find that the discovery issue in this case, which also involves an executive branch function, is likewise, "not a routine discovery dispute."  *Id*.  The ability of the prisons to perform their functions is threatened.  We have found cases with less potential for serious harm appropriate to issue a mandamus.  For example, in *Fink*, we found it an abuse of discretion to release medical records of nonparties to the action, including names and addresses of patients.  *See id*. at 84–85.  The confidential information here has much more potential to cause great harm to any number of people.

---

[2] Our colleague makes much of the fact that the plaintiffs will not have access to the physical documents marked confidential.  *See* J. Jordan, dissenting, *infra* at 7. While it is true that the confidentiality order prohibits the named plaintiffs—all currently incarcerated felons—from accessing the physical documents at issue, it nonetheless grants them access to all of the information contained therein without exception.  Accordingly, the order's exception for physical documents in no way alleviates the security and safety concerns that would arise if the named plaintiffs are granted access to this information.

Given the extraordinary broadness of the discovery order, the seriousness of the potential security and safety breaches, the lack of harm to plaintiffs' case by having the attorneys handle the highly sensitive information, and the fact that waiting until after the case is final to appeal the discovery order could be dangerous to prison staff, inmates, and the general public, we find mandamus appropriate in this case. The petition for a writ of mandamus is GRANTED as follows: the district court is directed to (a) vacate its order denying the petitioners' motion for entry of a protective order (Doc. 94), (b) grant the petitioners' motion for entry of a protective order (Doc. 84), and (c) enter any other orders necessary to implement the relief granted by this order. The petitioners are not obligated to produce in discovery information at issue in the petitioners' motion for entry of a protective order (Doc. 84) absent the protective order. The petitioners' "Emergency Motion to Stay Discovery Regarding Confidential Prison Security Information Pending Resolution of Petition for Writ of Mandamus" is DENIED AS MOOT.

The Clerk's Office is directed to close this matter.

JORDAN, Circuit Judge, dissenting.

My colleagues obviously disagree with the district court's confidentiality order, and believe it is inadequate because it does not contain an "attorney's eyes only" restriction. But the petitioners' request is for mandamus, and such a writ "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004) (citation omitted). I submit this is not one of those rare cases involving a "judicial usurpation of power or a clear abuse of discretion," *id.*, and therefore respectfully register my dissent.

The district court thoughtfully and carefully applied the correct legal standard and concluded that the petitioners had not shown good cause for their requested protective order under Rule 26(c). The district court explained that under the confidentiality order (a) documents marked confidential will not be disclosed to persons currently or formerly incarcerated in the Department of Corrections without written permission from the producing party; (b) the plaintiffs' counsel cannot give copies of those confidential documents to the named plaintiffs but can discuss the contents of such documents with them if reasonably necessary to prosecute the case; and (c) the petitioners' "fear of mischief" due to the "opportunity for mischief" was insufficient. *See* D.E. 94 at 4-5 (order denying motion for protective order). Under the confidentiality order, therefore, there is no danger of confidential documents being distributed or shared by prisoners in the Department of Corrections.

In addition, the district court expressly balanced the petitioners' "interest in safety and security with the [p]laintiffs' interest in conducting full and fair discovery," and considered the

7

authorities that the petitioners relied on, noting that even some of the "attorney's eyes only" cases cited by the petitioners permitted disclosure of confidential documents to certain "qualified" individuals beyond counsel.  *See* D.E. 111 at 4-6 (order denying motion for stay of discovery). It further found that the petitioners' proposed protective order was "too narrow" to protect the plaintiffs' interests, and noted that the confidentiality order was consistent with one the Department of Corrections had stipulated to in a "nearly identical class action."  *See id.* at 6 n.1. My colleagues conclude otherwise, but I think they are merely substituting their judgment for that of the district court.  That, I submit, is not appropriate in traditional abuse of discretion review, much less in mandamus.

In some civil rights cases involving prison conditions, federal courts have approved "attorney's eyes only" designations as a means of balancing prison security concerns against an inmate's right of access to relevant discovery.  *See, e.g., Reese v. Liberty*, 2019 WL 5549219, at *3 (D. Me. Oct. 25, 2019) (citing cases).  But in some other such cases, courts have concluded that such designations are not always warranted.  *See, e.g., Burks v. Stickney*, 2017 WL 1401312, at *5 (N.D.N.Y. April 19, 2017).  There is, in others words, no bright-line rule, and "[w]here a matter is committed to the discretion of a district court, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'"  *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665-66 (1978) (plurality opinion) (citation omitted).

I tend to think the district court got the balancing right.  But even if I am mistaken, "the most that can be claimed on this record is that [the district court] may have erred in ruling on matters within [its] jurisdiction," and "'extraordinary writs [like mandamus] do not reach to such cases[.]'"  *Will v. United States*, 389 U.S. 90, 103-04 (1967) (citation omitted) (reversing circuit

8

court's grant of mandamus petition which would have required the district court to vacate its order requiring the government to provide a bill of particulars and provide the names of parties to whom the defendant had made statements and the times and places of those statements). Because mandamus "is not to 'control the decision of the trial court,' but rather merely to confine the lower court to the sphere of its discretionary power," *id.* at 104, I would deny the petitioners' request for a writ of mandamus. *Cf. Kerr v. U.S. District Court*, 426 U.S. 394, 398, 404-05 (1976) (denying writ of mandamus in prison suit where the district court had, over claims of privilege, ordered the defendants to produce the personnel files of persons employed by the California Adult Authority and some sample prisoner files, and had limited the disclosure to counsel of record and two investigators to the extent necessary to the conduct of the action).

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 30, 2020

Clerk - Northern District of Florida
U.S. District Court
111 N ADAMS ST
TALLAHASSEE, FL 32301

Appeal Number: 20-10650-J
Case Style: In re: Secretary, Florida Department
District Court Docket No: 4:19-cv-00212-MW-CAS

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Davina C Burney-Smith, J/caw
Phone #: (404) 335-6183

Enclosure(s)

DIS-4 Multi-purpose dismissal letter