IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, et al.,

    *Plaintiffs*,

v.                                  CASE NO.:  4:19cv212-MW/MAF

MARK INCH, Secretary of Florida
Department of Corrections, et al.,

    *Defendants*.

_____/

**ORDER ON PLAINTIFFS' THIRD MOTION TO COMPEL**

This Court has considered, without hearing, Plaintiffs' Third Motion to Compel. ECF No. 149. Along with Plaintiffs' motion, this Court has reviewed Defendants' Response, ECF No. 151, Plaintiffs' Reply, ECF Nos. 153 & 154, and—as it always does—the exhibits and affidavits attached to the motions.[1]

At issue in Plaintiffs' motion are (1) Requests for Production ("RFP") 1, 2, 346, 353, and 355 to Defendant Inch; (2) RFPs 48–51, 54, 59, and 62 to Defendant Florida Department of Corrections ("FDC"); and (3) Plaintiff Espinosa's First Set of Interrogatories ("ROG") to Defendant FDC, specifically ROGs 4, 5, and 7. For the reasons provided below, Plaintiffs' motion is **GRANTED in part and DENIED in**

---

[1] Just because this Court does not cite every exhibit attached to the motions does not mean that this Court did not consider and review the attached exhibits.

**part**.

## I. Plaintiff Espinosa's Interrogatories to Defendant FDC

This Court will first tackle Plaintiffs' motion as it relates to ROGs 4, 5, and 7 to Defendant FDC. The entire interrogatories are not at issue; rather, only subparts of the interrogatories are at issue. ECF No. 149-1. On April 22, 2020, Plaintiff Espinosa served ROGs 4, 5, and 7. Around mid-May, the parties met and conferred but were unable to resolve their differences. On May 26, 2020, the parties met and conferred but, once again, were unable to resolve the underlying issues.

During the May 26 meeting, Plaintiffs granted Defendants until June 25, 2020, to respond to the interrogatories, including ROGs 4, 5, and 7. Defendants did not respond to ROGs 4, 5, and 7 until July 17 (unverified responses) and July 20 (verified responses). Defendants do not dispute that they missed the agreed-upon deadline. ECF No. 151-1, ¶ 58. Defendants claim that the deadline was "missed in the shuffle" because, among other things, there was a break down in communication based on dual deadlines given by Plaintiffs, and because of various other discovery issues in the case and communication between the parties. ECF No. 151-1, ¶ 58.

Taking Defendants at their word, this Court assumes that Plaintiffs' dual deadlines confused Defendants as to when they were obliged to respond to the interrogatories. The dual deadlines the parties agreed to during their May 26 meeting included a one-week deadline to object to the interrogatories that it would not

respond to and a thirty-day deadline for the objections and substantive responses to the remaining interrogatories. So even if Defendants were confused about Plaintiffs' dual deadlines, it makes no sense to respond thirty days after the deadline for the longer response time has passed. Defendants' second justification for missing the deadline—multiple discovery issues and communications between the parties—is not an excuse; rather, it only shows the lack of diligence on the part of Defendants in conducting discovery. This Court expects both parties to manage discovery in a timely and organized fashion. Because Defendants have not carried their burden of showing good cause for failure to respond in a timely fashion, this Court finds that Defendants have waived their objections to ROGs 4, 5, and 7. *See* Fed. R. Civ. P 33(b)(4) ("Any ground [for objections] not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

Moreover, Defendants' objections to ROGs 4, 5, and 7 are boilerplate objections. *See, e.g.*, Defendants' Response to ROG 4 to Defendant FDC ("Defendant objects to this interrogatory as overly broad, unduly burdensome, not relevant to any claim or defense in this case and not proportional to the needs of this case. . . .").[2] As this Court has previously explained to the parties, boilerplate

---

[2] This Court notes that Defendants agree that the information sought in ROG 4 is relevant. ECF No. 151-1, ¶ 60 ("While Defendants agree that information regarding the programming offered to inmates in restrictive housing is relevant . . . ."). Yet, in their response, Defendants made a relevance objection. ECF No. 149-1, at 1. Objecting for the sake of objection is improper. It wastes the parties' time and judicial resources.

objections are tantamount to no objections being raised at all and this Court may overrule such objections on this basis alone. *See Harvard v. Inch*, Case No. 4:19cv212-MW/CAS, 2020 WL 701990, at *2 (N.D. Fla. Feb 7, 2020). This is because boilerplate objections "do not provide Plaintiffs a reasonable roadmap to correct any defect in their request before asserting their remedies through a motion to compel." *Id.* The fact that Defendants subsequently attempt to explain their boilerplate objections in their response to Plaintiffs' motion is unavailing. *Id.* For this additional reason, this Court finds that Defendants have waived their objections and overrules any objections raised in response to ROGs 4, 5, and 7. Defendants shall respond to the interrogatories **within thirty (30) days** of the issuance of this Order.[3]

## II.  Requests for Production 1 and 2 to Defendant Inch

Plaintiffs' RFPs 1 and 2 to Defendant Inch seek comprehensive medical, mental health, correctional, and classification records for the named Plaintiffs. ECF No. 149-1, at 4. Defendants responded by stating that they will provide responsive documents. ECF No. 149-1. Around October 22, 2019, Defendants produced

---

[3] The deadline set by this Court is based on Federal Rules of Civil Procedure, which allows for thirty days to respond to discovery requests unless otherwise stipulated by the parties. *See, e.g.*, Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). Defendants here have not sought a timeline to produce discovery. Instead, as will become evident from the procedural history of the discovery conducted for the requests at issue, Defendants have treated discovery as an open-ended endeavor. That is improper. If Defendants had sought a reasonable deadline from this Court, this Court would have likely granted such a request. But, in absence of any reasonable deadlines provided by Defendants to produce discovery, this Court will set a deadline based on the Federal Rules of Civil Procedure.

documents responsive to these requests and represented that production was complete. ECF No. 149-2, ¶ 3. As it turns out, the production was not complete. Over the next few months, Plaintiffs pointed to the deficiencies in the production, and Defendants agreed that there were deficiencies in the production. ECF No. 149-2, ¶¶ 4–6. Over these months, Defendants continued to produce portions of the responsive documents. ECF No. 149-2, ¶ 7. In emails dated May 26 and 27, 2020, Defendants identified some of the missing records in the discovery already produced. ECF No. 149-2, ¶ 8; ECF No. 151-1, ¶ 12.

In an email dated May 28, 2020, Defendants set their own deadline and stated that they would complete production by June 25, 2020. ECF No. 149-2, ¶ 8. They did not. On July 13, 2020, Plaintiffs sent Defendants an email requesting Plaintiffs' records and asking if Defendants could provide all missing records by July 17, 2020. ECF No. 149-2, ¶ 9. During a phone conference held on July 17, 2020, Defendants stated that they could not confirm the completion of the RFPs 1 and 2. ECF No. 149-2, ¶ 10. At the time Defendants filed their response to the motion to compel, Defendants agreed that the production remains incomplete and stated that they would "continue their efforts to locate the few files for the named Plaintiffs' [sic] that have not been located and will represent to Plaintiffs by August 31, 2020, the outcome of their searches." ECF No. 151-1, ¶ 13.

Plaintiffs seek two remedies in their motion—they want Defendants to

complete production and produce an affidavit describing their search efforts for responsive documents. This Court will *not* require Defendants to provide an affidavit describing their search efforts. Defendants' attorney is an officer of the Court. As such, this Court expects—and assumes—Defendants' attorney to conduct a thorough search for the requested documents. Defendants have produced numerous documents in response to RFPs 1 and 2 and have continued to search for and produce responsive documents. At the same time, however, it has been more than a year since Plaintiffs served the RFPs, and Defendants have failed to properly explain why it has taken so long to complete production. Defendants have set their own deadlines and have failed to meet them. Defendants have previously represented that they completed their production for RFPs 1 and 2 and, subsequently, have agreed that the production is not complete.

Given Defendants' delay in producing discovery, this Court will set a deadline to produce documents responsive to RFPs 1 and 2. Defendants shall produce responsive documents **within thirty (30) days** of the issuance of this Order.[4]

If responsive documents are missing, Defendants must state so and clearly explain that they are unable to locate the responsive documents. Plaintiffs may file a motion to compel if they have a good faith basis of asserting that Defendants

---

[4] To be sure, Defendants still have a duty to supplement their responses. *See* Fed. R. Civ. P. 26(e).

possess the missing documents. In their motion, Plaintiffs shall provide a list of the missing records and explain why they believe Defendants possess the missing documents. In response, Defendants shall explain their search. However, without a good faith basis to believe Defendants possess the missing records, this Court is not going to assume that Defendants have been less than diligent in their search and have them produce an affidavit describing their search efforts for responsive documents.

### III.  Request for Production 346 to Defendant Inch

RFP 346 to Defendant Inch seeks "[a]ll lists that exist or can be generated of PRISONERS in ISOLATION who are defined as 'exceptional students.' " ECF No. 149-1, at 4. The parties disagree about whether RFP 346 involves the disclosure of education records, subject to the notice requirement of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. Defendants object because the burden of providing the individualized notices under FERPA is too great and is not proportional to the needs of this lawsuit. ECF No. 149-1, at 4–5.[5]

For this motion, this Court assumes, without deciding, that the records sought

---

[5] Defendants identified roughly one thousand individuals that would require notice if FERPA applied. ECF No. 149-1, at 5. During the negotiations, Plaintiffs sent multiple emails asking whether Defendants would agree to provide notice to a certain number of individuals. ECF No. 149-2, ¶¶ 17–19. Out of the thousand potential individuals that would require notice if FERPA applied, Defendants offered to notify twenty individuals. ECF No. 151-1, ¶ 27. Defendants now claim that they have worked in good faith to resolve RFP 346. While Defendants' objection based on FERPA may be in good faith, no reasonable person would find an offer to notify twenty out of nearly one thousand individuals to be in good faith. Such an offer is not a good faith negotiation for the purposes of discovery; rather, it is more akin to bargaining at a flea market (if that).

under RFP 346 implicate FERPA because they are educational records. FERPA's underlying purpose is to protect the privacy of students and their parents. *See U.S. v. Miami Univ.*, 294 F.3d 797, 817 (6th Cir. 2002) (citing Joint Statement, 120 Cong. Rec. 39858, 39862 (1974)); *see also Cafra v. RLI Ins. Co.*, Case No. 8:14-CV-843-T-17EAJ, 2015 WL 12844288, at *2 (M.D. Fla. Feb. 5, 2015). To effectuate this purpose, FERPA conditions the receipt of federal funding by an education agency or institution on their compliance with procedures concerning the keeping of educational records. *See* 20 U.S.C. § 1232g. The procedures are designed to restrict access to students' educational records by third parties without parents or students' consent. *See* 20 U.S.C. §§ 1232g(b)&(d). The consent requirement has exceptions. The relevant exception for this Order is that an agency or institution may disclose educational records without consent if the disclosure is to comply with a judicial order or subpoena, and the agency or institution has made a *reasonable effort* to notify parents or students of the order. 34 C.F.R. § 99.31(a)(9). The reasonable effort to notify must be made "in advance of compliance, so that the parent or eligible student may seek protective action." 34 C.F.R. 99.31(a)(9)(ii).

The type of notice required depends on the circumstances of each case. *See Rios v. Read*, 73 F.R.D. 589, 600 (E.D.N.Y. 1977). *Rios* involved several hundred students. *Id.* The court in *Rios* found that "appropriate notice could be effected either by publication or by mail." *Id.* Here, this Court understands that there are at least a

thousand inmates who would require notice. Additionally, the stress placed upon the Florida Department of Corrections' resources due to coronavirus has made it nearly impossible for Defendants to provide individual notices. ECF No. 151-1. Given the large number of inmates that would require a notice, this Court finds that the records at issue may be disclosed without running afoul of FERPA as long as the students are notified of the disclosure by publication at each facility where inmates on the list are housed. *See Morgan Hill Concerned Parents Ass'n. v. California Dep't of Educ.*, No. 2:11-cv-03471-KJM-AC, 2015 WL 10939711, at *4 (E.D. Cal. July 2, 2015). Moreover, to serve the purpose of FERPA—to protect students' privacy interest—Defendants shall mark these records as "CONFIDENTIAL" pursuant to this Court's Confidentiality Order. ECF No. 138.

In sum, Defendants can satisfy the notice requirement of FERPA by publishing the notice at each facility where inmates on the "exceptional students" list are housed. Defendants shall produce the responsive documents after following the FERPA guidelines and marking the documents as "CONFIDENTIAL" pursuant to this Court's Confidentiality Order. The parties shall negotiate a deadline for Defendants to notify the inmates and produce the responsive documents.

While both parties agree to the publication solution for current inmates, *see* ECF No. 151, at 31 and ECF No. 153, at 11, neither party addresses the notice requirements for former inmates whose records may also be implicated by RFP 346.

ECF No. 151-1, ¶ 17. Clearly, a publication at various facilities will not notify former inmates that their educational records are being disclosed. As such, this Court directs both parties to come up with an equitable solution to notify former inmates. The parties shall negotiate and notify this Court about their proposed solution **within fifteen (15) days** of this Order. If the parties reach an impasse, Plaintiffs shall file a motion seeking a resolution. The motion shall include the number of former inmates that will require notice, the number of former inmates Defendants have agreed to provide notice to, and the method of notice that Plaintiffs and/or Defendants propose. This Court shall then set a deadline for Defendants to file a response.

### IV. Request for Productions 353 and 355 to Defendant Inch

On March 20, 2020, Plaintiffs served RFPs 353 and 355 to Defendant Inch, which seek documents related to a study conducted by the Florida State University. ECF No. 149-1, at 5–6. Defendants initially responded by stating that they did not locate any responsive documents. ECF No. 149-1, at 5–6. After the parties discussed the RFPs, Defendants agreed to renew the search and provide a reasonable timeline for production. ECF No. 149-2, ¶ 25. On July 6, 2020, Defendants agreed to produce responsive documents by July 24, 2020. ECF No. 149-2, ¶ 26. On July 24, 2020, Defendants pushed the deadline for production for "a couple more weeks" without providing a precise deadline. ECF No. 149-2, ¶ 26. On August 17, 2020, Defendants produced two documents responsive to RFPs 353 and 355. ECF No. 153-1, ¶ 10.

Defendants also are waiting to hear from a former employee to complete the search. ECF No. 151-1, ¶ 32.

As appears to be the theme of Defendants' discovery responses, Defendants set a deadline and then failed to meet them. Because Defendants have already failed to meet their own deadline, this Court will set a deadline to produce responsive documents. Defendants shall produce responsive documents to RFPs 353 and 355 **within thirty (30) days** of this order.

Additionally, it appears that Plaintiff have shown a good faith basis to believe that Defendants possess responsive documents that they have not produced. *See* ECF No. 153-1, ¶¶ 6–8 & 10. However, before having Defendants produce a detailed affidavit describing the search, this Court will allow Defendants to respond to Plaintiffs' assertion that additional responsive documents exist. Therefore, Defendants shall file a motion responding to Plaintiffs assertion that additional responsive documents exist **within fifteen (15) days** of this Order. The parties are, of course, encouraged to meet and confer to resolve this issue. If the parties resolve the issue, they may file a notice **within fifteen (15) days** of this Order explaining that the need to provide a search affidavit is moot.

## V. Request for Productions 48–51 and 59 to Defendant FDC

On February 6, 2020, Plaintiffs served RFPs 48–51 and 59 to Defendant Inch. RFPs 48–50 sought records related to this lawsuit that were provided to, received

from, or completed by staff or prisoners. ECF No. 149-1, at 6. In their response to RFPs 48 and 49, Defendants stated that "[t]here are no documents responsive to this request." ECF No. 149-1, at 6. For RFP 50, Defendants responded stating that there were no responsive documents other than the declarations filed in this lawsuit. ECF No. 149-1, at 6. RFP 51 sought policies about isolation that applied to private institutions with contracts overseen by the Florida Department of Management Services. ECF No. 149-1, at 6. Defendants responded by stating that they were unable to respond because they did not understand its meaning. ECF No. 149-1, at 7. Defendant responded to RFP 59, which sought all OBIS procedure manuals, stating that the request was not relevant, overly broad, not proportional to the needs of the case, and involved sensitive security information. ECF No. 149-1, at 8.

Regarding RFPs 48–50, Plaintiffs wrote to Defendants explaining why Plaintiffs believed that responsive documents exist, and Plaintiffs provided examples of previously produced records that indicated Defendants might not have conducted adequate searches. ECF No. 149-2, ¶ 32. Defendants agreed to conduct another search for responsive documents to RFPs 48–50 and provide the responsive records by May 29, 2020. ECF No. 149-2, ¶ 32. Defendants confusion related to RFP 51 was also resolved, and Defendants agreed to provide responsive documents by May 29, 2020. ECF No. 149-2, ¶ 33. Finally, Defendants agreed to produce responsive documents to RFP 59 with the "attorneys' eyes only" provision by May

29, 2020. ECF No. 149-2, ¶ 33. These agreements were memorialized in an email, and Defendants do not dispute it. The May 29 deadline passed without any production. Plaintiffs sent Defendants multiple emails requesting an update on production for RFPs 48–51. ECF No. 149-2, ¶¶ 34–35. Finally, on June 22, 2020, Defendants responded to an email setting a unilateral deadline and stating that they would not be able to provide the responsive documents until July 10, 2020. ECF No. 149-2, ¶ 36. Again, however, Defendants failed to produce responsive documents to RFPs 48–51. For RFP 59, Defendants, after Plaintiffs filed their motion to compel, confirmed that the production was complete.

In their response to the motion to compel, Defendants state that there are no responsive documents for RFPs 49–51 and that the production for RFP 48 is complete. ECF No. 151-1, ¶ 34. What is abundantly clear from the timeline laid out above is that Defendants set their own deadline and failed to meet their deadline for RFPs 48–51 and 59. In their response, Defendants do not even attempt to justify the delay; instead, stating either that they have now completed the production or that no responsive documents exist. *See* ECF No. 151, at 16–19.

Similar to RFPs 1 and 2 to Defendant Inch, Plaintiffs want Defendants to complete production and produce an affidavit describing their search efforts for responsive documents. As indicated above, this Court will not ask Defendants to produce an affidavit absent a showing by Plaintiffs that Defendants possess the

13

responsive documents. As it relates to RFPs 49–51, Plaintiffs have not provided this Court with any evidence that Defendants possess the responsive documents. As for RFP 48, Plaintiffs attached two emails that are responsive to the request that Defendants did not themselves produce in response to RFP 48. ECF Nos. 149-4 & 149-5. Defendants conducted additional searches after being apprised of the responsive documents and have produced all responsive documents they have located. ECF No. 151-1, ¶ 34. This Court has no reason to doubt that Defendants have conducted a thorough search for the responsive documents. As such, this Court is not going to have Defendants produce an affidavit describing their search.

In sum, Defendants have completed the production for RFPs 48–51 and 59; but their delay in production was not justified. If Plaintiffs have a good faith basis for asserting that Defendants possess responsive documents to RFPs 48–51, they may file a motion explaining with particularity why they believe Defendants possess the missing documents. In response, Defendants shall explain their search.

### VI. Request for Production 54 to Defendant FDC

Plaintiffs served RFP 54 to Defendant FDC on February 6, 2020, seeking current population information of prisoners in various types of confinement. ECF No. 149-1, at 7. Defendants responded asserting that the request is cumulative and not proportional to the needs of the case. ECF No. 149-1, at 7. The parties appear to have resolved their dispute as it relates to this request. Plaintiffs request this Court

to set a deadline for the production of responsive spreadsheets. ECF No. 153, at 8. Because this information is readily available to Defendants, ECF No. 149-2, ¶ 38 n. 4, and because it has been more than six months since Plaintiffs first requested this information, this Court directs Defendants to provide the responsive spreadsheet **within thirty (30) days** of this Order.

## VII.  Request for Production 62 to Defendant FDC

RFP 62 to Defendant FDC seeks "[a]ll 'security audit and operational review' results or findings, as referenced in EHA00001018, for ISOLATION by the Bureau of Security Operations." ECF No. 149-1, at 8. Defendants argue that motion to compel as to RFP 62 is moot because they have produced all responsive documents. However, Plaintiffs have identified with specificity why the response falls short. ECF No. 153, at 2–3. Moreover, Plaintiffs have identified the standards they believe to be relevant to their claims in their motion to compel. ECF No. 149-9, at 19–21. Because it has been more than six months since Plaintiffs sought production of responsive documents, and because there has been repeated delay of deadlines for production, this Court finds it prudent to set a deadline. Defendants shall produce all responsive documents to RFP 62 **within thirty (30) days** of issuance of this Order.

## VIII.  Attorneys' Fees

Under Federal Rule of Civil Procedure 37(a)(5)(A), when a motion to compel is granted, the Court "*must*, after giving an opportunity to be heard, require the party

15

. . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the Court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Unless one of these conditions is met, an award of expenses is "mandatory." *Se. Asset Recovery Fund GA-4, LLC v. Windolf*, No. 5:13cv222, 2016 WL 7655801, at *1 (N.D. Fla. Apr. 21, 2016) (citing *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154 (11th Cir. 1993)).

While some of Defendants objections were justified, the continuous delays by Defendants in producing responsive documents were not justified. This Court, therefore, finds that Defendants' responses and multiple delays were not substantially justified. Plaintiffs' motion for attorneys' fees and expenses is **GRANTED**.

Accordingly, Plaintiffs are entitled to reasonable attorneys' fees and costs for bringing their motion to compel. However, for the purpose of judicial economy, this Court will determine the amount of attorneys' fees and costs at the end of this lawsuit.

For these reasons, it is **ORDERED:**

1. Plaintiffs' Motion to Compel, ECF No. 149, is **GRANTED in part and Denied in part**.

2. Defendants shall respond to ROGs 4, 5, and 7 to Defendant FDC **within thirty (30) days** of the issuance of this Order.

3. Defendants shall produce responsive documents to RFPs 1 and 2 to Defendant Inch **within thirty (30) days** of the issuance of this Order.

4. For RFP 346 to Defendant Inch, Defendants shall publish a notice at each facility where inmates on the exceptional students list are housed and shall mark the records as CONFIDENTIAL pursuant to this Court's Confidentiality Order. The parties shall negotiate a timeline for Defendants to notify the inmates and produce response documents. Additionally, the parties shall negotiate and notify this Court about their proposed solution to notify former inmates concerning their educational records **within fifteen (15) days** of the issuance of this Order.

5. Defendants shall produce responsive documents to RFPs 353 and 355 to Defendant Inch within **thirty (30) days** of the issuance of this Order. Defendants shall file a motion responding to Plaintiffs assertion that additional responsive documents exist **within fifteen (15) days** of this Order. The parties are, of course, encouraged to meet and confer to

resolve this issue. If the parties resolve the issue, they may file a notice **within fifteen (15) days** of this Order explaining that the need to provide a search affidavit is moot.

6. Plaintiffs' motion as it relates to RFPs 48–51 and 59 to Defendant FDC is **DENIED**.

7. Defendants shall provide the responsive spreadsheet to RFP 54 to Defendant FDC **within thirty (30) days** of the issuance of this Order.

8. Defendants shall produce all responsive documents to RFP 62 to Defendant FDC **within thirty (30) days** of issuance of this Order.

**SO ORDERED on September 17, 2020.**

                                        **s/Mark E. Walker**
                                        **Chief United States District Judge**