UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE) )
HARVARD, *et al.*, )
　　　　　　　　　　　 )
　　　Plaintiffs, )
　　　　　　　　　　　 )
v. )　　Case No.: 4:19-cv-00212-MW-MAF
　　　　　　　　　　　 )
　　　　　　　　　　　 )
MARK S. INCH, *et al.*, )
　　　　　　　　　　　 )
　　　Defendants. )

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ▮▮▮▮▮▮▮▮
AND THE DETAILS ABOUT THE WITNESSES' DISCIPLINARY
HISTORIES FROM EVIDENTIARY HEARING**

　　Pursuant to N.D. Fla. Local Rule 7.1, Plaintiffs hereby respectfully move this Court for an Order to exclude irrelevant, unduly prejudicial, character and hearsay evidence related to the witnesses' disciplinary histories ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defendants seek to use this evidence in a hearing about Defendants' attempts to coerce and mislead putative class members. This evidence is not only inflammatory and inadmissible, but also an improper attempt to cast the putative class members in this case as convicted persons incapable of telling the truth. The Court should exclude this evidence for the grounds stated herein.

## Factual Background

1. Plaintiffs challenge Defendants' statewide policy and practice of isolating people, alone or with a cellmate, for an average of 22 hours or more per day in cells smaller than the average parking space. ECF No. 13 at ¶¶ 57-59.

2. Plaintiffs filed a Motion for Protective Order (Motion) to ensure the fair adjudication of this case, to protect putative class members from retaliatory, chilling, or harassing conduct, and to prohibit Defendants from improperly communicating with putative class members about this lawsuit. ECF No. 183.

3. When Plaintiffs filed this Motion in the fall of 2020, they had conducted inspections pursuant to Rule 34 of the Federal Rules of Civil Procedure of three of Defendants' prisons: Florida State Prison on September 15 and 16, Santa Rosa Correctional Institution and Annex on October 13-15, and Lowell Correctional Institution and Annex on November 17 and 18.

4. Since filing this Motion, Plaintiffs inspected Suwannee Correctional Institution and Annex.

5. At every stage of the facility inspections, Defendants interfered with putative class members' ability to cooperate with Plaintiffs' counsel. ECF No. 183 at 12-14. Officers threatened putative class members, called them snitches, confiscated their property, destroyed their property, denied one a work assignment, asked about their conversations with Plaintiffs' counsel, interfered with their legal

calls, misrepresented Plaintiffs' case, and forced them to stand, fully restrained, in shower cells without toilets, food, and water for hours. *Id.*

6. To ensure the fair adjudication of this case, Plaintiffs moved for a protective order that would prohibit Defendants from both "1. Retaliating against, chilling, or harassing the Named Plaintiffs and putative class because they participate in this case or communicate with Plaintiffs' legal team or experts" and "2. Communicating with the Named Plaintiffs or putative class members about Plaintiffs' legal team, experts, or this case unless otherwise agreed upon by the parties." ECF No. 183 at 15.

7. In response, Defendants provided competing evidence and described Plaintiffs' evidence as too vague to investigate. *See*, *e.g.*, ECF No. 199 at 8, 30-31.

8. Except for of one of the Declarants in support of the Motion, Mr. Grantley,[1] Defendants did not argue that security considerations justified the challenged conduct. Instead, they simply claimed that the contested acts did not occur.

9. To streamline the presentation of evidence at the evidentiary hearing, Plaintiffs offered, as the parties had for the Named Plaintiffs' depositions, to

---

[1] Mr. Grantley's Declaration states: "I believe that Mr. McLellan only recommended me to be continued [in isolation] out of retaliation for me cooperating with the attorneys on September 15 and 16." ECF No. 183-3 at ¶ 9. Defendants claimed that Mr. Grantley was continued in isolation for security reasons. ECF No. 199 at 9-10.

3

stipulate that certain disciplinary reports may be taken as true for the purposes of this hearing in exchange for prohibiting Defendants' counsel from asking witnesses about those reports. ECF No. 75.

10. Defendants rejected this offer. ███████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████
█████████████████

11. On January 8 and 9, 2021, Plaintiffs informed Defendants over email that they planned to move in limine to exclude the ▮▮▮▮▮▮▮▮ and all questions related to the details of the witnesses' disciplinary histories.

12. Defendants have not indicated that they will exclude ▮▮▮▮▮▮▮▮ or forgo questioning about the details of the witnesses' disciplinary histories.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order to exclude ▮▮▮▮▮▮▮▮ and the details about the witnesses' disciplinary histories at the evidentiary hearing in this Motion.

## MEMORANDUM

There are multiple grounds for the Court to exclude the ▮▮▮▮▮▮▮▮ and the details about the witnesses' disciplinary histories. ▮▮▮▮▮▮▮▮ the details about the incarcerated witnesses' disciplinary histories are irrelevant, unduly prejudicial, and inadmissible character evidence. The ▮▮▮▮▮▮▮▮ contain hearsay.

**A. The ▮▮▮▮▮▮▮▮ and the Details About the Witnesses' Disciplinary History are Irrelevant to Adjudicate this Motion**

The law is clear: "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

In civil rights cases around the country, courts have excluded incarcerated witnesses' disciplinary history as irrelevant. *See*, *e.g.*, *Lataille v. Ponte*, 754 F.2d 33, 36 (1st Cir. 1985) (finding no "tenable" relevance arguments for admitting the disciplinary history of a plaintiff in solitary confinement claiming to be the victim of excessive force); *Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1399245, at *6 (N.D. Cal. Apr. 13, 2011) (holding that "evidence of Plaintiff's prison disciplinary record is not admissible because it is not relevant to the present civil action, i.e., whether Defendants used excessive force on Plaintiff"); *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 1838866, at *5 (N.D. Cal. May 3, 2010) (excluding plaintiff's prison disciplinary record as irrelevant because "Defendants have failed to identify which specific disciplinary incidents from this record, if any, are relevant to the present civil action, i.e., the March 25, 2001 incident or Plaintiff's religious diet and group worship claims."); *Moore v. Parker*, No. 5:13-CV-00081-TBR, 2016 WL 6871264, at *3 (W.D. Ky. Nov. 21, 2016) (finding that the prison "disciplinary record has little, if anything, to do with the issue at the core of this action—namely, whether the correctional officers used excessive force when removing Moore from his cell.").

Similarly, here, this evidence should be excluded because it is irrelevant to the adjudication of this Motion. Except for one witness, Defendants do not claim

that these witnesses' actions would justify the challenged conduct.² The witnesses' behavior, whether recent or past, is not at issue in this Motion. The details of their disciplinary histories and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are of no consequence in determining this Motion. The Court should exclude the ▇▇▇▇▇▇▇▇▇ on this basis.

B. **The ▇▇▇▇▇▇▇▇▇▇▇ and the Details of the Witnesses' Disciplinary Histories Should be Excluded as Unduly Prejudicial**

"Rule 403 provides the court may exclude relevant evidence 'if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . . .'" *Arevalo v. Coloplast Corp.*, No. 3:19CV3577-TKW-MJF, 2020 WL 3958505, at *22 (N.D. Fla. July 7, 2020). Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Applying this standard, district courts around the country have excluded the personal and disciplinary histories of incarcerated people because the probative value of any incarcerated person's disciplinary record is substantially outweighed by the danger of unfair prejudice. *See Seals*, 2011 WL 1399245, at *6; *Robinson*,

---

² Even if some of Mr. Grantley's conduct is arguably relevant to his retention in isolation, the details of that past conduct are inadmissible as unduly prejudicial, character and hearsay evidence, for the reasons provided herein. If the Court were to find his conduct relevant, Defendants have far less prejudicial and unreliable documents at their disposal to use as evidence.

7

2010 WL 1838866, at *5-*6; and *Hynes v. Coughlin*, 79 F.3d 285, 293 (2d Cir. 1996).

████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

  ██████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

8

C. ▬▬▬▬▬▬▬▬▬▬ the Details of the Witnesses' Disciplinary Histories are Inadmissible Character Evidence

The Court can also exclude this evidence because "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Similarly, "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Defendants seek to introduce improper character evidence through the case summaries.

Courts regularly conclude that disciplinary histories of incarcerated people qualify as inadmissible character evidence. *See, e.g., Moore*, 2016 WL 6871264, at *3 (excluding an incarcerated person's disciplinary history because it qualified as character evidence); *Seals*, 2011 WL 1399245, at *6 ("Plaintiff's prison disciplinary record constitutes inadmissible character evidence of other wrongs or acts."); *Robinson*, 2010 WL 1838866, at *5 (same).

███████████████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████

### D. The ██████████ Contain Hearsay

"Hearsay is not admissible." Fed. R. Evid. 802. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Even if a document qualifies as a record of regularly recorded activity, statements within a document are hearsay within hearsay and are therefore inadmissible. Indeed, "[p]lacing otherwise inadmissible hearsay statements by third-parties into a government report does not make the statements admissible." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009).

Hearsay applies to statements made in prison disciplinary records. For example, courts have found that statement in an "Investigative Report," an "Incident Report," a "Disciplinary Report Worksheet" and a "Charging Disciplinary Report" were hearsay statements that did not qualify under an exception to the hearsay rule, even though the "documents themselves are

admissible as public records or business records." *O'Brien v. Langford*, No. 505CV131/RS/EMT, 2007 WL 1490752, at \*12 (N.D. Fla. May 21, 2007); *Seals*, 2011 WL 1399245, at \*6 (finding that disciplinary reports qualified as inadmissible hearsay); *Moore*, 2016 WL 6871264, at \*3 ("The introduction of [Plaintiffs'] disciplinary record also raises hearsay issues").



# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude the ▓▓▓▓▓▓▓▓▓▓ and the details about the witnesses' disciplinary histories.

Date: January 10, 2020                                             Respectfully Submitted,

s/ Sam Thypin-Bermeo
Sam Thypin-Bermeo
Fla. Bar No. 1019777
Dante P. Trevisani
Fla. Bar No. 72912
Laura A. Ferro
Fla. Bar No. 1015841
Marcel A. Lilavois Jr.
Fla. Bar No. 1016175
Kara Wallis (admitted pro hac vice)
Florida Justice Institute, Inc.
100 SE 2nd St., Ste 3750
Miami, FL 33131
Telephone: (305) 358-2081
dtrevisani@floridajusticeinstitute.org
lferro@floridajusticeinstitute.org
sthypin-bermeo@floridajusticeinstitute.org
mlilavois@floridajusticeinstitute.org
kwallis@floridajusticeinstitute.org

Kelly Knapp
Fla. Bar No. 1011018
Leonard J. Laurenceau
Fla. Bar No. 106987
Southern Poverty Law Center
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: (786) 347-2056

kelly.knapp@splcenter.org
leo.laurenceau@splcenter.org

Andrea Costello
Fla. Bar No. 532991
Christopher M. Jones
Fla. Bar No. 994642
Jennifer M. Painter
Fla. Bar No. 110966
Aimee Lim
Fla. Bar. No. 116209
Florida Legal Services
122 E. Colonial Drive, Suite 100
Orlando, FL 32801
Telephone: (407) 801-0332 (direct)
andrea@floridalegal.org
christopher@floridalegal.org
aimee@floridalegal.org
jennifer.painter@floridalegal.org

**Attorneys for Plaintiffs**

**Local Rule 7.1(B) Certificate**

Under N.D. Local Rules 7.1(B) and (C), the undersigned counsel hereby certifies that Plaintiffs' counsel has conferred with Defendants' counsel about the relief sought in this motion. Defendants object to the relief requested.

s/ Sam Thypin-Bermeo
Sam Thypin-Bermeo

## **Local Rule 7.1(F) Certificate**

Under N.D. Local Rule 7.1(F), the undersigned counsel hereby certifies that this motion contains 2,588 words.

s/ Sam Thypin-Bermeo
Sam Thypin-Bermeo
