UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD; J.H., a minor, by and
Through his parent and natural
Guardian, Valentine Robinson;
ANGEL MEDDLER; JUAN
ESPINOSA; JEROME BURGESS
(a/k/a SHAM'LA GOD ALLAH);
JAMES W. KENDRICK, JR.; and
JOHNNY HILL; on behalf of
Themselves and all others similarly
Situated,

    Plaintiffs,

vs.                                            CASE NO.: 4:19-cv-00212-MW-MAF

MARK INCH, in his official
Capacity as Secretary of the Florida
Department of Corrections, and
FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida,

    Defendants.
_____/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFFS'
WITNESS DAN PACHOLKE AND TO EXCLUDE A DEPARTMENT OF
JUSTICE REPORT AND INCORPORATED MEMORANDUM OF LAW**

Defendants move to exclude the testimony of Plaintiffs' witness Dan

Pacholke and the introduction of the Department of Justice Report into evidence

during the evidentiary hearing on Plaintiffs' Motion for Protective Order (D.E. 183). In support of this Motion, Defendants state:

1. On September 14, 2020, the Parties entered into a Stipulation for Entry on Land for Inspection and Confidential and Privileged Client and Putative Class Member Interviews. (D.E. 157).

2. On September 15 -16, 2020, Plaintiffs' counsel and their experts, including Dan Pacholke, inspected Florida State Prison.

3. On October 13-15, 2020, Plaintiffs' counsel and their experts, including Mr. Pacholke, inspected Santa Rosa Correctional Institution and Annex.

4. On November 17 -18, 2020, Plaintiffs' counsel and their experts, including Mr. Pacholke, inspected Lowell Correctional Institution.

5. On December 8 - 9, 2020, Plaintiffs' counsel and their experts, including Mr. Pacholke, inspected Suwannee Correctional Institution.

6. On November 23, 2020, Plaintiffs filed a Motion Seeking a Protective Order regarding their prison inspections. (D.E. 183). In support of that Motion, Plaintiffs filed the declaration of Dan Pacholke. (D.E. 183-13). Mr. Pacholke's declaration only addressed Florida State Prison and Santa Rosa, despite the fact that it was signed after he completed the Lowell inspection on November 20, 2020.

7. On December 14, 2020, Defendants filed their Response to Plaintiffs' Motion for Protective Order. (D.E. 199).

8. On December 17, 2020, this Court issued an Order deferring its ruling on Plaintiffs' Motion for Protective Order, finding the facts necessary to resolve the motion were in dispute and an evidentiary hearing was required. (D.E. 204). The evidentiary hearing was scheduled for the week of January 11 through 15, 2021.

9. On January 7, 2021, Plaintiffs disclosed their witness and exhibit list to Defendants. Mr. Pacholke was listed as a witness. In addition, Plaintiffs first disclosed that they would seek to introduce, through Mr. Pacholke, a Department of Justice Report on Lowell Correctional Institution, dated December 22, 2020 (hereinafter the "Lowell DOJ Report") as an exhibit during the evidentiary hearing.

## MEMORANDUM

### I. Mr. Pacholke Should Be Excluded as a Witness

#### a. Mr. Pacholke's Testimony is Not Relevant to Any Fact In Issue

Rule 702 of the Federal Rules of Evidence states:

If scientific, technical, or other specialized knowledge **will assist the trier of fact to understand the evidence or to determine a fact in issue**, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added). "[E]xpert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can

argue in closing arguments." *U.S. v. Frazier,* 387 F.3d 1244, 1262 (11th Cir. 2004); *see also City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 565 (11th Cir. 1999) (finding expert's characterization of documentary evidence as reflective of collusion and his characterization of particular bids as "signals" did not assist the trier of fact who was capable of determining whether or not to draw such conclusions without the technical assistance of the expert).

Mr. Pacholke is being offered as a "corrections expert." However, expert opinion is unnecessary for the Court to resolve Plaintiffs' Motion for Protective Order and therefore Mr. Pacholke's opinions on corrections matters are not admissible under Rule 702.

Plaintiffs filed a Motion for Protective Order seeking an order from this Court prohibiting FDC staff from:

1. Retaliating against, chilling, or harassing the Named Plaintiffs and putative class because they participate in this case or communicate with Plaintiffs' legal team or experts; and

2. Communicating with the Named Plaintiffs or putative class members about Plaintiffs' legal team, experts, or this case unless otherwise agreed upon by the parties.

(D.E. 183). In their Motion, Plaintiffs do not state under which Federal Rule of Procedure or statute they seek protection. However, based on the memorandum of law which cites cases analyzing orders issued under Federal Rule of Civil

4

Procedure 23(d), Plaintiffs' Motion seeks relief under Rule 23(d). Rule 23(d) states:

> (1) In General. In conducting an action under this rule, the court may issue orders that:
>
> (A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;
>
> (B) require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of:
>
> (i) any step in the action;
>
> (ii) the proposed extent of the judgment; or
>
> (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action;
>
> (C) impose conditions on the representative parties or on intervenors;
>
> (D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or
>
> (E) deal with similar procedural matters.

Fed. R. Civ. P. 23(d). Rule 23(d), by its own terms, does not allow for the relief sought by Plaintiffs. There is no provision of Rule 23(d) which would authorize the Court to enjoin a party from engaging in retaliatory conduct nor is there a provision of Rule 23(d) that would allow a district court to prohibit the types of communications at issue in Plaintiffs' Motion. Plaintiffs' Motion should be

denied. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) (stating that the court's discretion to issue an order is "not unlimited" and is "bounded by the relevant provisions of the Federal Rules.")

However, even if Plaintiffs had a path to relief under Rule 23(d), an evidentiary showing supporting an order under Rule 23(d) requires the movant to show "that a particular form of communication has occurred or is threatened to occur [and] that the particular form of communication at issue is abusive in that it threatens the proper functioning of the litigation." *Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 697-98 (S.D. Ala. 2003). District courts have required the at-issue-communication relate to the litigation. *See, e.g., Alequin v. Darden Restaurants, Inc.,* 2013 WL 2929373, *11 (S.D. Fla. 2013) (finding "there is no indication that this alleged intimidation or retaliation was related specifically to the back-wages payment program the Plaintiffs here challenge); *Whitmire v. Monat Global Corp.,* 2018 WL 2021355, *2 (S.D. Fla. 2018) (denying motion for protective order under Rule 23(d) because the communications at issue were not about the class action).

Mr. Pacholke's opinion on matters of corrections will not assist the trier of fact in determining the legal issue of whether Plaintiffs' request for relief is available under Rule 23(d). Further, his opinion on matters of corrections will not assist the trier of fact in determining whether there was a communication from

Defendants or its employees to the putative class members. Likewise, Mr. Pacholke's opinion on matters of corrections will not assist the trier of fact in determining whether those communications relate to this litigation or whether they would cause the putative class members to exclude themselves from the class. *See Jones v. Jeld-Wen, Inc.,* 250 F.R.D. 554, 561 (S.D. Fla. 2008) ("communications that have been found to be violative of the principles of Rule 23 include misleading communications to the class members regarding the litigation, communications that misrepresent the status or effect of the pending action, communications that coerce prospective class members into excluding themselves from the litigation, and communications that undermine cooperation with or confidence in class counsel.")

And, because this is an action brought by prisoners, at issue as well is whether the inmate witnesses exhausted their administrative remedies regarding these alleged claims, as required under 42 U.S.C. Section 1997e(a). *See Davis v. Abercrombie,* 2014 WL 7366685, *4 (D. Hi. 2014) (finding the record was not clear whether the inmates exhausted their administrative remedies regarding alleged incidents and ordering relief under Rule 23(d) would allow the inmates to circumvent the prison's grievance procedures). Mr. Pacholke's opinions on matters of corrections will not assist the trier of fact in determining whether the inmate's claims have been properly exhausted.

As such, Mr. Pacholke's opinions "will [not] assist the trier of fact to understand the evidence or to determine a fact in issue" with Plaintiffs' Motion for Protective Order and Mr. Pacholke should be excluded from the evidentiary hearing.[1]

      b. <u>Mr. Pacholke Should Be Limited to Opinions Disclosed in his Declaration</u>

If this Court permits Mr. Pacholke to testify, his opinions should be limited to those disclosed in his declaration. (D.E. 183-13). Through communications with Plaintiffs' counsel, Defendants understand that Mr. Pacholke intends to offer opinions related to his inspection and interviews at Florida State Prison, Santa Rosa C.I., Lowell C.I. and Suwannee C.I.; despite the fact that his declaration only discussed Florida State Prison and Santa Rosa.

To allow Mr. Pacholke to interject new and previously undisclosed opinions into this hearing would prejudice the Defendants in that Defendants will be unable to respond to his new assertions and opinions. For example, Defendants have disclosed no witnesses regarding the Suwannee inspection. As a result, Mr. Pacholke's opinions on the Suwannee inspection, if allowed, will go unrebutted.

---

[1] Even if Plaintiffs' Motion for Protective Order were filed under Federal Rule of Civil Procedure 26(c), which it was not, Mr. Pacholke's opinion would likewise not assist the trier of fact. The determination of whether "a party or any person from whom discovery is sought" needs protection from discovery is a legal determination to be made by the Court and expert opinion is not helpful or necessary.

This would be unfairly prejudicial to Defendants in that they cannot properly defend themselves against still-yet-to-be disclosed opinions.

   c. Mr. Pacholke's Testimony is a Conduit for Hearsay

As demonstrated by his Declaration filed in support of Plaintiffs' Motion, Mr. Pacholke's "opinion" is largely a recitation of hearsay from unnamed inmates. (D.E. 183-13). However, Mr. Pacholke cannot act as a conduit for hearsay and he should not be permitted to convey statements made to him by inmates.

Although Federal Rule of Evidence 703 permits expert witnesses to base their opinions on inadmissible hearsay in limited circumstances, it "provides a presumption against disclosure to the jury of information used as the basis of an expert's opinion and not admissible for any substantive purpose." Fed. R. Evid. 703 Advisory Committee Notes, 2000 Amendments.

Under Rule 703:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

"Rule 703, however, is not an open door to all inadmissible evidence disguised as expert opinion." *United States v. Scrima*, 819 F.2d 996, 1002 (11th Cir.1987). "[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir.2013) (internal citation and quotation omitted); *see also Schafer v. Time,* 142 F.3d 1361, 1374 (11th Cir. 1998) (district court did not err in preventing testifying expert from referring to inadmissible evidence – finding "[t]he Pondisco memorandum is hardly the type of learned treatise or statistical data, the prototypical subjects of Rule 703 decisions, that an expert might rely upon within the ordinary course of his or her profession."); *Pelster v. Ray*, 987 F.2d 514, 527 (8th Cir.1993) (parties may not "bring inadmissible hearsay and documents before the jury in the guise of expert testimony to prove subsidiary facts in their evidentiary chain that the jury is entitled to decide for itself by examining evidence that meets the requirements for admissibility"); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4986482, at *3 (M.D. Fla. Oct. 6, 2014); *Royale Green Condo. Ass'nn, Inc. v. Aspen Specialty Ins*. Co., No. 07-CIV-21404, 2009 WL 2208166, at *2 (S.D. Fla. July 24, 2009) (finding unsworn statements of the four unavailable unit owners were not immune to exclusion under Rule 703 merely because the expert relied upon them); *Pinson v. Prieto,* 2016 WL

11519338, *10 (C.D. Cal. 2016) (finding corrections expert could not simply act as a conduit and introduce hearsay testimony at trial).

If Mr. Pacholke is permitted to testify, he should be excluded from acting as a conduit for hearsay by merely relaying statements from unidentified inmates to this Court.

**II.    The Lowell DOJ Report Should Be Excluded as Evidence**

The Lowell DOJ Report should be excluded as evidence for two reasons (1) it is not relevant because it is too remote in time and (2) it is improper character evidence under Federal Rule of Evidence 404(b).

    A.    <u>The Report is Not Relevant to Plaintiffs' Motion for Protective Order</u>

The Lowell DOJ Report's findings are primarily derived from the DOJ's on-site reviews of Lowell in August 2018 and November 2019. However, the inspections at issue in Plaintiffs' Motion and the communications concerning those inspections occurred after September 15, 2020. (D.E. 183). Therefore, the findings made regarding reviews conducted in 2018 and 2019 bear no relevance to the issues in Plaintiffs' Motion.

For example, in *Severe v. City of Miami*, No. 17-22153-CIV, 2019 WL 2603090, (S.D. Fla. June 25, 2019), the allegations were that on June 2015, Officer Torres shot and killed Mr. Severe during an investigatory stop. Severe's estate brought Section 1983 excessive force claim and wrongful death claims against

11

Officer Torres and his employer the City of Miami. Severe's estate claimed that the City had a custom, practice, or unofficial policy of using excessive force because it failed to train officers in the proper use of force and failed to adequately investigate or discipline alleged uses of force. It offered two Department of Justice documents, a Report from 2013 and a subsequent Memorandum of Understanding from 2015, and the opinion of its expert, Mr. Charles Drago, to support the claim. The court found that none of these documents were sufficient to support plaintiff's claim. The Court found that the Department of Justice documents were not relevant. It stated that both documents suffered a fatal flaw: they detailed violations from years prior to Severe's shooting in 2015. The Report, which made no findings past 2011, concluded that the City failed to train on excessive force and, as a result, had seen an increase in police shootings during those years. Likewise, the Court found that the Memorandum of Understanding, which made no findings past 2013, found that problems remained with the City's investigations and trainings at the end of 2013. Consequently, neither of the Department of Justice documents could be used as evidence of violations in 2015 without some other evidence tying them to that year. *See, e.g., Riley v. Dart*, 2018 WL 4563077, at *5 (N.D. Ill. 2018) ("[I]t is not a given that [the 2008 DOJ Report] represents the state of affairs of the dental care the CCDOC provided in 2014 when Mr. Riley was incarcerated there."); *Gonzalez v. Dart*, 2017 WL 3434128, at *3 (N.D. Ill. 2017) (finding that

the 2008 DOJ Report does not support plaintiff's claims when his injuries occurred in 2014 and 2015); *Conwell v. Johnsen*, 2016 WL 6661169, at *22 (N.D. Ill. 2016) (finding that the 2008 DOJ Report "does not, standing alone, demonstrate that there currently exists a widespread practice and custom... The conditions identified in 2007 do not necessarily demonstrate the conditions of the Jail in 2012 and 2013."); *Harper v. Dart*, 2014 WL 5325370, at *5 (N.D. Ill. 2014) ("Defendant Dart's knowledge that Plaintiff was not receiving adequate care from November 2011, to the present, cannot be inferred from a report issued in 2008 examining conditions in prior years."). In fact, there is a lack of consistency between the persons accused of retaliation in the Lowell DOJ Report and the current staff at Lowell C.I.

The Lowell DOJ report is not relevant to the issues as framed by Plaintiffs' Motion for Protective Order and should be excluded.

B. The Lowell DOJ Report Violates Rule 404(b)

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." Fed. R. Evid. 404(b).

13

The Eleventh Circuit Court of Appeals has formulated a three-part test to determine whether other bad acts are admissible under Rule 404(b). To be admissible, (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) there must be sufficient proof from which a jury could find from a preponderance of the evidence that the individual committed the prior act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice. *United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir. 2010) (quoting *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005). Plaintiffs cannot meet this test.

Here, Plaintiffs seek to impermissibly use the Lowell DOJ Report to prove that Defendants acted in conformity with the behavior discussed in that report during the inspections at issue in Plaintiffs' Motion. Such a use is improper, as Plaintiffs recognize. *See* (D.E. 221).

Moreover, there has been no evidence presented by Plaintiffs that the staff who were accused of retaliation in the Lowell DOJ Report are the same staff accused of retaliation by Plaintiffs. Plaintiffs do not allege a prior "bad act" by the staff accused on retaliation in the *Harvard* inspections. And, Plaintiffs cannot impute previous staff's bad acts against current staff. *Brown v. Davis,* 656 F. App'x 920, 922 (11th Cir. 2016) (evidence of prior acts by other people is generally inadmissible to show a defendant's actions in conformity with those prior acts).

14

Finally, any probative value is substantially outweighed by the unfair prejudice to Defendants in using this report. Defendants are defending against Plaintiffs' Motion for Protective Order as filed. To allow Plaintiffs to rely on a new report, unrelated to any inspection in this case, which is not a part of their Motion, would cause undue prejudice because Defendants cannot adequately defend against the claims in the Lowell DOJ Report at this late disclosure.

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court exclude Dan Pacholke as a witness and evidence regarding the Lowell DOJ Report.

### CERTIFICATE IN ACCORDANCE WITH LOCAL RULE 7.1(B)

Under N.D. Local Rules 7.1(B) and (C), the undersigned counsel hereby certifies that Defendants' counsel has conferred with Plaintiffs' counsel about its objections to Mr. Pacholke's proposed testimony and the introduction of the DOJ Lowell Report into evidence. Plaintiffs' counsel does not agree to the relief requested in this motion.

### CERTIFICATE OF WORD COUNT

I certify that this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because this Memorandum contains 3,282 words, excluding the parts exempted by said Local Rule.

Respectfully submitted,

/ s / Samantha C. Duke
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
Email: dgerber@rumberger.com
       sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ, ESQUIRE
Florida Bar No. 1018568
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida 32302-2507
Telephone: (850) 222-6550
Telecopier: (850) 222-8783
E-mail: nsmith@rumberger.com

**Attorneys for Defendants,
Mark Inch and Florida
Department of Corrections**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will

send a notice of electronic filing to the following: Leonard J. Laurenceau at leo.laurenceau@splcenter.org; Kelly Jean Knapp at Kelly.knapp@splcenter.org; Dante Pasquale Trevisani at dtrevisani@floridajusticeinstitute.org; Marcel Lilavois, Jr., at mlilavois@floridajusticeinstitute.org; Laura Anne Ferro at lferro@floridajusticeinstitute.org and mllosa@floridajusticeinstitute.org; Sam Thypin-Bermeo at sthypin-bermeo@floridajusticeinstitute.org; Kari Sheli Wallis at kwallis@floridajusticeinstitute.org; Andrea Costello at andrea@floridalegal.org; Christopher M. Jones at Christopher@floridalegal.org; Jennifer Painter at Jennifer.painter@floridalegal.org; and Aimee Lim at aimee.lim@floridalegal.org.

/ s / Samantha C. Duke
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
Email: dgerber@rumberger.com
       sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ, ESQUIRE
Florida Bar No. 1018568
RUMBERGER, KIRK & CALDWELL

Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:   nsmith@rumberger.com

**Attorneys for Defendants,
 Mark Inch and Florida
 Department of Corrections**