IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, et al.,

    *Plaintiffs*,

v.                                            Case No.:  4:19cv212-MW/MAF

MARK INCH, Secretary of Florida
Department of Corrections, et al.,

    *Defendants*.

_____/

## ORDER VACATING MAGISTRATE JUDGE'S ORDER

    This is a discovery dispute. The parties entered into a joint stipulation for entry on land for inspection and confidential and privileged client and putative class member interviews. ECF No. 157. Pursuant to the stipulation, Plaintiffs are entitled to interview selected inmates. *Id.* During the Rule 34 inspections, Plaintiffs encountered what they allege to be serious retaliation against putative class members for participating in the interview process. ECF No. 183. And so, they moved for a protective order to protect "putative class members from retaliatory, chilling, or harassing conduct." *Id.* at 1–2. Defendants opposed. ECF No. 199. This Court referred the dispute to the Magistrate Judge. ECF No. 200.

    Because the facts necessary to resolve the issue were at issue, the Magistrate Judge conducted an evidentiary hearing. ECF No. 240. The hearing lasted five days

and included twenty-three witnesses and numerous exhibits. *Id.* at 4. Subsequently, the Magistrate Judge issued a lengthy and thoughtful order. *Id.* Based on the evidence and the witnesses' testimony, the Magistrate Judge made credibility determinations and highlighted the relevant facts. The Magistrate Judge's order dedicates roughly 33 pages to the relevant facts. *Id.* at 4–37. After "carefully consider[ing] the testimony and documentary evidence" the Magistrate Judge found that there was "actual overt retaliation by prison officials, as well as threats of retaliation." *Id* at 40. The Magistrate Judge found *additional* support for its finding based on Defendant Mark S. Inch's memorandum, which stated

> The Florida Department of Correction has zero tolerance for retaliation of any kind. As Secretary, it is my commitment to the members of our Department that any individual who comes forward with an issue or concern does not face retaliation. This commitment extends to the Department's inmate and offender population. Under no circumstances should any inmate who brings a lawsuit or communicates with counsel be subjected to the fear and anxiety associated with possible retaliation.

*Id.* at 41. This memorandum, according to the Magistrate Judge, "at least tacitly admits that retaliation is an ongoing threat despite the existence of a grievance process that is intended to prevent such retaliation." *Id.* Importantly, the Magistrate Judge's decision to enter a protective order was not solely based on Defendant Inch's memorandum; rather, it was based on the testimony and evidence presented by the parties during the evidentiary hearing. *Id.* at 43 ("This record establishes that retaliation, harassment, and threats of retaliation continued despite the Secretary's

2

memorandum."). The Magistrate Judge concluded that such retaliation "raises substantial concern for the fairness and integrity of this litigation." *Id.* at 43. This is because such retaliation would "reasonably deter most people; all but the toughest or most stubborn among us would refuse to be involved in an endeavor which is likely to cause greater harm than the potential good promised." *Id.* at 43–44. With the interest of justice and necessity of properly adjudicating this matter in mind, the Magistrate Judge entered a protective order.

The protective order included guidance regarding (1) the statements and interactions between correctional officers and inmates regarding inspections or interviews, (2) presence and proximity of correctional officers, (3) location and observation of private interviews, (4) use of holding cells prior to or after private interviews, (5) denial of food or other necessities, and (6) disputes. *Id.* at 45–51. And finally, the Magistrate Judge ordered that "[r]etaliation and threats of retaliation of any kind relating to an inmate's participation in the ongoing discovery and/or civil litigation will not be tolerated." *Id.* at 52.

Before this Court is Defendants' Amended Motion for Relief from, and Objections to, the Magistrate Judge's Order. ECF No. 256. Making a variety of arguments, Defendants challenge all aspects of the Magistrate Judge's order. *Id.* at 1–3. Plaintiffs oppose in part Defendants' challenge to the Magistrate Judge's Order. ECF No. 264. Plaintiffs do not defend the specific guidelines for inspection in the

3

Magistrate Judge's order. *Id.* at 44. Plaintiffs defend only the portion of the order that prohibits retaliation or threats of retaliation related to an inmate's participation in the ongoing discovery. *Id.* at 5.

After considering Defendants' objections, ECF No. 256, Plaintiffs' response, ECF No. 264, Defendants' reply, ECF No. 265, and Plaintiffs' sur-reply, ECF No. 276, along with the Magistrate Judge's order, the transcripts from the evidentiary hearing, and the exhibits presented during the evidentiary hearing, this Court **vacates** the Magistrate Judge's order in toto. The reason for this Court's decision is twofold. First, Plaintiffs do not defend most of the Magistrate Judge's order. Second, the only aspect of the protective order they defend is broad and vague. In other words, the anti-retaliatory provision Plaintiffs defend is not specific enough to provide Defendant with notice "of precisely what is outlawed." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). It is merely an "obey the law" directive, which is unenforceable. *Fla. Ass'n of Rehab Facilities, Inc. v. Fla. Dep't of HRS*, 225 F.3d 1208, 1222–23 (11th Cir. 2000).[1] But there is also an additional reason this Court vacates the Magistrate Judge's order—a protective order prohibiting retaliation or threats of retaliation is unnecessary.

It is important to first understand what drove Plaintiffs' to move for a

---

[1] Because this Court vacates the Magistrate Judge's Order, it does not address every argument made by Defendants.

4

protective order. Plaintiffs seek to gather facts through discovery to litigate this lawsuit. To that end, Plaintiffs entered into an agreement with Defendants through which they could conduct Rule 34 inspections and interview inmates. During their inspections, Plaintiffs observed, and the Magistrate Judge found, retaliation against inmates for participating in this lawsuit. Plaintiffs fear that the retaliation against these inmates will hinder their fact gathering process and their ability to properly prosecute this case. Plaintiffs are not attempting to litigate these inmates' First Amendment rights through this lawsuit. So, Defendants' suggestion that the proper remedy for Plaintiffs' concern is a new lawsuit is misplaced. Plaintiffs concern is related to *this* lawsuit. Specifically, their concern is that discovery is impeded because Defendants' agents (correctional officers) are intimidating potential witnesses and potential class members through retaliation. This Court unequivocally rejects Defendants' argument that Plaintiffs' sole avenue for relief is another lawsuit. Plaintiffs' motion does not seek an injunction protecting the inmates' rights under the First Amendment; rather, it seeks an order protecting Plaintiffs' interest in fact gathering.

This Court, and indeed even Defendants, agrees "that retaliation and threats of retaliation [against inmates participating in this lawsuit] will not be tolerated." ECF No. 265 at 3. But the question is whether a protective order prohibiting retaliation or threats of retaliation is needed to address Plaintiffs' concern. The

answer is no. As noted above, a protective order prohibiting retaliation or threats of retaliation is nothing more than a directive to obey the law. Such a protective order is unnecessary.

To understand why, imagine a scenario where Defendants' employees retaliate against or threaten to retaliate against inmates for participating in this lawsuit, either as fact witnesses or as class members. Next assume this Court enters a protective order prohibiting retaliation and threats of retaliation against inmates participating in this litigation.

To enforce the protective order, Plaintiffs, as they suggest, would have to move for contempt of court. To be successful, Plaintiffs would have to establish "by 'clear and convincing' proof that the underlying order was violated." ECF No. 276 at 7 (quoting *Howard v. Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)). In sum, the protective order is not self-enforcing. Even with the protective order in place, Plaintiffs will have to overcome procedural hurdles to enforce it.

But do Plaintiffs have no recourse against actions that impede their fact gathering process without a protective order? No. A protective order is just one avenue of relief. The other is this Court's inherent authority. As Defendants readily admit, ECF No. 256 at 24, this Court possesses inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious dispositions of cases." *Dietz*

*v. Bouldin*, --- U.S. ---, 136 S. Ct. 1886, 1891, 195 L. Ed. 2d 161 (2016). "[D]eeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993) (citation omitted). "Courts' inherent power also extends to parties to the litigation." *Id.* (citation omitted). "[D]istrict courts have broad discretion to determine whether to impose sanctions and the nature or amount of those sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010). "Sanctions under the Court's inherent authority may include monetary penalties, adverse inferences, and the striking of claims or defenses." *Spring Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015) (citations omitted). Of course, this list is not exhaustive.

Here, a showing of retaliation or threats of retaliation would be akin to witness tampering. *See, e.g.*, 18 U.S.C. § 1512 (defining witness tampering as "knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person with intent to influence, delay, or prevent the testimony of any person in an official proceeding. . . ."). Witness tampering is sanctionable under this Court's inherent authority. *See, e.g.*, *Riley v. New York*, No. 10-cv-2513 (MKB), 2015 WL 541346, at *12 (E.D.N.Y. Feb. 10, 2015) (finding witness tampering to be sanctionable

7

conduct under the court's inherent powers); *United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir. 2007) ("A federal court's authority to protect the integrity of its proceedings encompasses the authority to take reasonable actions to avoid intimidation or coercion of witnesses."); *Ty Inc. v. Softbelly's Inc.*, 517 F.3d 494, 498 (7th Cir. 2008) ("Trying improperly to influence a witness is fraud on the court and on the opposing party . . . ."); *Green v. Indep. Pilots Ass'n*, No. 18-5296, 2018 WL 9651540, at *3 (6th Cir. Oct. 4, 2018).

Common sense dictates that this Court has the power to sanction parties for intimidating witnesses to protect its own integrity and to ensure the orderly disposition of a case. For example, in a negligence case, if a defendant threatens an eyewitness with bodily harm, a court has the authority to sanction the defendant. If it did not, then the court could not possibly ensure an orderly disposition of a case. It would not matter if the eyewitness was going to ultimately testify during trial; it is only relevant that the eyewitness has discoverable information.

The same logic applies here. If Plaintiffs can show that Defendants' employees are retaliating or threatening to retaliate against inmates who are participating in this lawsuit, either as potential fact witnesses or potential class members, they may be entitled to sanctions against Defendants under this Court's inherent authority. All parties agree that retaliation and threats of retaliation will not be tolerated. This Court will not tolerate it either.

The inmates here are in the custody of Defendants. Defendants control every aspect of their lives, from food to sanitation. As the Magistrate Judge put it, "[t]he inmates deserve the assurance that their participation in the discovery—and indeed the lawsuit—will not result in any negative backlash." ECF No. 240 at 40–41. And to deter and punish "negative backlash," this Court will not hesitate to impose sanctions. In so stating, this Court does not invite a flurry of motions for sanctions. The parties' efforts will be better spent developing the record so this case can be decided on the merits.

Here, Plaintiffs have not moved for sanctions under this Court's inherent authority. Plaintiffs only moved for a protective order. For the reasons provided, this Court vacates the Magistrate Judge's order because it is contrary to the law and **GRANTS** Defendants' motion, ECF No. 256.

**SO ORDERED on April 7, 2021.**

**s/Mark E. Walker**
**Chief United States District Judge**
