UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD; JEREMIAH HILL;
JUANESPINOSA; JEROME BURGESS
(a/k/a SHAM'LA GOD ALLAH);
JAMES W. KENDRICK, JR.;
JOHNNY HILL; and AMY FERGUSON
on behalf of Themselves and all others similarly
Situated,

       Plaintiffs,

vs.                  CASE NO.:  4:19-cv-00212-MW-CAS

MARK INCH, in his official
Capacity as Secretary of the Florida
Department of Corrections, and
FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida,

       Defendants.

_____/

## DEFENDANTS' ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

      Defendants, Mark Inch, in his official Capacity as Secretary of the Florida

Department of Corrections (hereinafter "Inch"), and Florida Department of

Corrections, an Agency of the State of Florida (hereinafter "FDC") (collectively

"Defendants"), by and through the undersigned counsel, hereby serve their

Answer, Defenses and Affirmative Defenses, and Demand for Jury Trial, in

response to Plaintiffs' Second Amended Class Action Complaint for Declaratory and Injunctive Relief [Doc. 274] ("Complaint"), and state:

## I.    Introduction

1.    The allegations in paragraph 1 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC.  As set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220, restrictive housing is utilized for many different reasons, including for safety concerns, for different periods of time, and with different levels of restrictions.   To the extent that Paragraph 1 of the Complaint relies on a writing by a third party, Defendants deny the characterization of such writing and further deny that the writing pertains to the restrictive housing policies of the FDC. Defendants otherwise deny the allegations in paragraph 1 of the Complaint.

2.    In paragraph 2 of the Complaint, Plaintiffs reference statistics without any citations as to where the alleged statistical information was obtained.  The number of inmates in restrictive housing in the FDC's institutions vary from day to day and Defendants cannot respond as the allegations in this paragraph are not restricted to any specific time period.  Plaintiffs also reference alleged beliefs held by "[t]he United States Department of Justice and correctional experts" without identifying the so-called experts to which they refer and without alleging whether

the "isolation" and "solitary confinement" practices that are the subject of those beliefs are substantially similar to the restrictive housing policies of the FDC as set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. The FDC's policies for restrictive housing as set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220 speak for themselves. Defendants otherwise deny or are without knowledge and therefore deny the allegations in paragraph 2 of the Complaint.

3.     Paragraph 3 of the Complaint references "[m]any states" without identifying the states to which this paragraph refers. In addition, paragraph 3 references "psychological, correctional, legal, and human rights professionals" without identifying the professionals to which this paragraph refers. Thus, Defendants are unable to fully assess the truthfulness of the allegations in this paragraph and deny or are without knowledge and therefore deny such allegations.

4.     Paragraph 4 references statistics without any citations as to where the alleged statistical information was obtained. FDC does not place inmates in restrictive housing for as a form of "catch-all punishment". Instead, inmates are placed in restrictive housing  for the reasons delineated with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800,

and Fla. Admin. Code R. 33-602.220. Further, the allegations in paragraph 4 are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 4 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 4 are denied.

5. Defendants deny the allegations in paragraph 5 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 5 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 5 are denied.

6. Defendants deny the allegations in paragraph 6 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 6 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 6 are denied.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants admit Plaintiffs seek declaratory and injunctive relief regarding their purported violations of their constitutional and statutory rights. The remainder of Paragraph 9 is denied.

## II.      JURISDICTION

10.      Defendants admit the asserted causes of action purport to be based on 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et seq.; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, but deny that there is any legal or factual basis for Plaintiffs' asserted cause of action against these Defendants.

11.      Admitted for jurisdictional purposes only.

## III.      VENUE

12.      Defendants admit that venue of this action is legally proper in the Northern District of Florida; however, Defendants deny that this case should be venued in the Northern District of Florida. *See* Doc. 26

## IV.      PARTIES

### A. Parties

#### i.      *Admire Harvard*

13.      Defendants admit Jac'Quann (Admire) Harvard is a 30-year-old black transgender woman currently being incarcerated at Wakulla Correctional

Institution, which is a male prison. Defendants admit that Harvard's incarceration began on or around May 22, 2008. Defendants admit that upon intake, Harvard was placed in restrictive housing, specifically Administrative Confinement, for violence to staff. Defendants admit that Harvard has been in and out of various forms of restrictive housing throughout her time in custody of the FDC. Defendants admit that Harvard has been diagnosed with schizoaffective disorder, gender dysphoria, and hypertension. Defendants admit that Harvard is receiving psychiatric treatment at Wakulla. Defendants admit Harvard is not currently classified as a close management inmate. Defendants deny or are without knowledge and therefore deny the remaining allegations in paragraph 13 of the Complaint.

14.     Defendants admit that on September 6, 2009, Harvard was placed in Disciplinary Confinement for the offense of "lying to staff" after she told an officer that she was on a 4000 calorie diet for which she claimed to have documentation for in her cell but she did not. At her disciplinary hearing she was found guilty of the offense and was sentenced to 60 days in Disciplinary Confinement. Defendants deny or are without knowledge and therefore deny the remaining allegations in paragraph 14 of the Complaint.

15.     Defendants admit that Harvard has reported mental health symptoms, including hallucinations, delusions and suicidality. Defendants admit that Harvard

has received inpatient psychiatric care and has been put on self-harm observation status.  Defendants admit that Harvard has cut or otherwise injured herself while in the custody of FDC.  The remainder of the allegations in Paragraph 15 are denied.

16.    Defendants admit that Harvard has been found guilty of numerous disciplinary infractions and that she has been placed on property restriction.  The remainder of the allegations in Paragraph 16 are denied.

17.    Defendants deny the allegations in paragraph 17 of the Complaint.

### ii. Jeremiah Hill

18.    Defendants admit Jeremiah Hill is a 19-year-old black male. Defendants admit Jeremiah Hill was received in Defendants' custody on July 6, 2016.   Defendants admit that in October 2018, Jeremiah Hill was placed in restrictive housing for 60 days for aggravated battery/attack on a correctional officer and 30 days for the possession of weapons. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.    Defendants admit that in December 2018 Jeremiah Hill was incarcerated at Florida State Prison and was at some points in time in Close Management II and II.  Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.    Defendants deny or are without knowledge and therefore deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny or are without knowledge and therefore deny the allegations in paragraph 21 of the Complaint.

22.     Defendants admit Jeremiah Hill is currently at Santa Rosa Correctional Institution Annex.   Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

### iii. Juan Espinosa

24.     Defendants admit that Juan Espinosa is a 60 year old Hispanic male. Defendants admit Espinosa has reported self-injurious behavior.  Defendants admit that Espinosa has had tumors in his throat which were treated while he was in FDC's custody. Defendants admit that Espinosa can no longer speak following a surgical procedure.   Defendants deny and are without knowledge and therefore deny the remainder of this paragraph.

25.     Defendants admit that Espinosa was approved for Close Management I in July of 2018 following an incident where Espinosa became disorderly and abusive at an outside medical appointment.  Defendants deny the remainder of this paragraph.

26.     Defendants state that Espinosa is now in general population; therefore these allegations no longer apply to Espinosa and Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants deny are without knowledge and therefore deny Paragraph 27 of the Complaint.

28.     Defendants admit that Espinosa reported injuring his right foot/leg/knee on November 28, 2018 and received treatment for these injuries.   The remainder of this paragraph is denied.

29.     Defendants deny the allegations in paragraph 35 of the Complaint.

### iv. Jerome Burgess (a/k/a Sham'la God Allah)

30.     Defendants admit Jerome Burgess is a 48-year-old black male. Defendants admit that while at Suwanee Correctional Institution, Burgess was placed in restrictive housing on September 25, 2017 for battery/attack on a correctional officer. Defendants state that Burgess is now assigned to general population. Defendants admit that Burgess uses a wheelchair and catheters. Defendants admit that Burgess has been diagnosed with a seizure disorder and major depressive disorder.   Defendants deny or are without knowledge and therefore deny the remaining allegations in paragraph 30 of the Complaint.

31.     Defendants state that Burgess is now in general population; therefore these allegations no longer apply to Burgess and Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants state that Burgess is now in general population; therefore these allegations no longer apply to Burgess and Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Defendants admit Burgess reported a seizure in October 2018.  As for the remainder of the allegations in this paragraph, Defendants state that Burgess is now in general population; therefore these allegations no longer apply to Burgess and Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants admit Burgess underwent a procedure related to urological issues.  For the remainder of the allegations, Defendants state that Burgess is now in general population; therefore these allegations no longer apply to Burgess and Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

*v. James W. Kendrick. Jr.*

36.     Defendants admit that James W. Kendrick Jr. is a 41 year-old black male currently being incarcerated at Santa Rosa Correctional Institution in Close Management II. Defendants admit Kendrick has been diagnosed with diabetes, high blood pressure and obesity. Defendants admit Kendrick has been prescribed medication for symptoms of depression. Defendants admit that Kendrick was assigned Maximum Management after battering a correctional officer and that he

moved to Close Management I in October 2018. The remainder of this paragraph is denied.

37.      Defendants deny the allegations in Paragraph 37 of the Complaint.

38.      Defendants deny the allegations in Paragraph 38 of the Complaint.

39.      Defendants admit that Kendrick has received psychiatric medication and admit that he has received outpatient mental health care services. The remainder of the allegations in this paragraph are denied.

40.      Defendants deny the allegations in Paragraph 40 of the Complaint.

*vi. Johnny Hill*

41.      Defendants admit Johnny Hill is a 33 year-old black male currently being incarcerated at Suwannee Correctional Institution. Defendants admit that Hill has been assigned to Close Management since re-entering prison in July of 2014.  Defendants admit that Hill has been diagnosed with depression, mood disorder, anxiety, high blood pressure, and gastrointestinal issues. Defendants admit that Hill has been determined to be legally blind.  Defendants state that Hill is currently classified as Close Management III.  The remainder of the allegations in this paragraph are denied.

42.      Defendants admit Hill was incarcerated from 2008-2009 and then reincarnated in April 2010.  Defendants admit that Hill was assigned to Close Management in August of 2010 where he remained until November 2011. The

remainder of the allegations in paragraph 42 are denied or Defendants are without knowledge and therefore denied.

43.    Defendants admit that Hill was prescribed psychiatric medications. Defendants admit that Hill received inpatient psychiatric treatment. Defendants admit they released Hill from the inpatient psychiatric unit in March 2013 following the expiration of his sentence. The remainder of the allegations in this paragraph are denied or Defendants are without knowledge and therefore denied.

44.    Defendants admit that Hill was re-incarcerated in July of 2014 and was assigned to Close Management II. Defendants admit Hill is currently in Close Management III. The remainder of the allegations in this paragraph are denied.

45.    Defendants admit that Hill has engaged in self-injurious behavior and has received medical treatment as a result. Defendants admit that Hill has received inpatient psychiatric treatment. The remainder of the allegations in this paragraph are denied or Defendants are without knowledge and therefore denied.

46.    Defendants admit Hill has been determined to be legally blind. The remainder of the allegations in this paragraph are denied or Defendants are without knowledge and therefore denied.

47.    Defendants deny the allegations in Paragraph 47 of the Complaint.

*vii. Amy Ferguson*

48.     Defendants admit Amy Ferguson is a 24-year old black woman currently incarcerated at Lowell Correctional Institution Annex.  Defendants admit that Ferguson was transferred from the Illinois Department of Corrections in November 2019 as part of the Interstate Corrections Compact Agreement.  Defendants admit that Ferguson is currently assigned to Close Management III.  The remainder of the allegations in this Paragraph are denied.

49.     Defendants admit that Ferguson has been diagnosed with various mental health conditions and that Ferguson has reported anxiety, depression, hallucinations, and suicidal thoughts.  The remainder of the allegations in this Paragraph are denied.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants admit that that Ferguson received inpatient psychiatric treatment. The remainder of the allegations in this paragraph are denied or Defendants are without knowledge and therefore denied.

52.     Defendants admit that Ferguson has received disciplinary infractions and inpatient mental health treatment.  The remainder of the allegations in this paragraph are denied or Defendants are without knowledge and therefore denied.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

## B. Defendants

54.     Defendants admit that Inch has served as the Secretary of Corrections for the Florida Department of Corrections since January 2019. Inch serves in this capacity as enumerated in Fla. Stat. § 20.315(3). Section 20.315(3) speaks for itself. Defendants otherwise deny the remaining allegations in Paragraph 54.

55.     Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants admit the allegations contained in Paragraph 56 of the Complaint.

## V.     FACTUAL ALLEGATIONS

57.     The allegations in paragraph 57 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Plaintiffs also fail to identify which FDC facilities these allegations are being made in reference to. To the extent that Paragraph 57 of the Complaint relies on a writing by a third party, Defendants state the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 57 of the Complaint.

58.     The allegations in paragraph 58 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC or any particular institution or cell. To the extent that

Paragraph 58 of the Complaint relies on a writing by a third party, Defendants state the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

## A. Well-Known Harms of Isolation[1]

60. Paragraph 60 of the Complaint makes generalizations about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. To the extent that Paragraph 60 of the Complaint relies on a writing by a third party, Defendants state the writing speaks for itself. Paragraph 60 is otherwise denied.

61. Paragraph 61 of the Complaint makes generalizations about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. To the extent that Paragraph 61 of the Complaint relies on a writing by a third party, Defendants state the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint makes generalizations about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. To the extent that Paragraph 62 of the Complaint relies

---

[1] Defendants have repeated Plaintiffs' headings for the convenience of the Court, but the use of these headings should not be deemed an admission by Defendants.

on a writing by a third party, Defendants state the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 62 of the Complaint.

63.     In paragraph 63 of the Complaint, Plaintiffs make generalizations from "numerous studies" about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC.  To the extent that Paragraph 63 of the Complaint relies on a writing, Defendants state the writing speaks for itself.  Defendants otherwise deny the allegations in paragraph 63 of the Complaint.

64.     The allegations in paragraph 64 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC.  To the extent that Paragraph 64 of the Complaint relies on a writing by a third party, Defendants state the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 64 of the Complaint.

65.     The allegations in paragraph 65 are generalizations made about an undefined term "isolation" and its effect on "people with psychiatric or intellectual disabilities" and are not specifically directed to any specific policy implemented by the FDC.  Defendants otherwise deny the allegations in paragraph 65 of the Complaint.

66.     In paragraph 66 of the Complaint, Plaintiffs make generalizations about an undefined term "isolation" and its effect on "youth" and are not

specifically directed to any specific policy implemented by the FDC. Defendants deny or are without knowledge and therefore deny the allegations in paragraph 66 of the Complaint.

67. In paragraph 67 of the Complaint, Plaintiffs make generalizations which are not specifically directed to any specific policy implemented by the FDC. Defendants deny or are without knowledge and therefore deny the allegations in paragraph 67 of the Complaint.

68. In paragraph 68 of the Complaint, Plaintiffs make generalizations which are not specifically directed to any specific policy implemented by the FDC. Defendants deny or are without knowledge and therefore deny the allegations in paragraph 68 of the Complaint.

69. In paragraph 69 of the Complaint, Plaintiffs make generalizations about "pregnant women" and are not specifically directed to any specific policy implemented by the FDC. Defendants deny or are without knowledge and therefore deny the allegations in paragraph 69 of the Complaint.

70. In paragraph 70 of the Complaint, Plaintiffs make generalizations about an undefined term "isolation" based on the recommendations of "several professional correctional and healthcare organizations" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants deny the allegations made in paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint makes generalizations about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. To the extent that Paragraph 71 of the Complaint relies on a writing by a third party, Defendants state the writing speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint makes generalizations about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. To the extent that Paragraph 72 of the Complaint relies on a writing by a third party, Defendants state the writing speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 72 of the Complaint.

73. Paragraph 73 makes reference to practices of "[o]ther state correctional systems" that are not specifically directed to any specific practice or policy implemented by the FDC. The FDC's policies for restrictive housing as set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220 speak for themselves. Defendants deny or are without knowledge and therefore deny the allegations in paragraph 73 of the Complaint.

74.     As set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220, restrictive housing is utilized for many different reasons, including for safety concerns, for different periods of time, and with different levels of restrictions.   The allegations in paragraph 74 are generalizations made about an undefined term "isolation" and the practices of other undefined "organization, agencies, and authorities" and are not specifically directed to any specific policy implemented by the FDC.  Defendants otherwise deny the allegations in paragraph 74 of the Complaint.

### B. FDC's Labels for Isolation

75.     Plaintiffs reference a "well-known of harm" and an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. FDC houses inmates in restrictive housing in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220.   Defendants deny the remaining allegations in this paragraph.  These policies speak for themselves.

76.     The number of inmates in restrictive housing in the FDC's institutions vary from day to day.   The FDC's policies for restrictive housing as set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220 speak for themselves.

Defendants admit that as of March 1, 2019 inmates were assigned to Maximum Management, Disciplinary Confinement, Close Management and Administrative Confinement. To the extent that Paragraph 76 of the Complaint relies on a writing, Defendants state the writing speaks for itself. Defendants otherwise deny or are without knowledge and therefore deny the allegations in paragraph 76 of the Complaint.

77.     Plaintiffs make generalizations about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. There is no "typical path" for an inmate housed in restrictive housing. Defendants house inmates in Administrative Confinement in accordance with Fla. Admin. Code R. 33-602.220.  This policy speaks for itself.   Defendants otherwise deny the allegations in paragraph 77 of the Complaint.

78.     Plaintiffs make generalizations not specifically directed to any specific policy implemented by the FDC. Defendants house inmates in Disciplinary Confinement  in accordance with Fla. Admin. Code R. 33-602.222. This policy speaks for itself.  Defendants admit Angel Meddler committed three rule violations on December 27, 2015 and that she was placed in restrictive housing.   Defendants otherwise deny the allegations in paragraph 78 of the Complaint.

79.     Defendants house inmates in Disciplinary Confinement in accordance with Fla. Admin. Code R. 33-602.222.  This policy speaks for itself.   Defendants otherwise deny the allegations in paragraph 79 of the Complaint.

80.     Defendants house inmates in Close Management in accordance with Fla. Admin. Code R. 33-601.800.   This policy speaks for itself. Defendants otherwise deny the allegations in paragraph 80 of the Complaint.

81.     FDC inmates are assigned to Maximum Management in accordance with Fla. Admin. Code R. 33-601.820. The policy speaks for itself. Defendants otherwise deny the allegations in paragraph 81 of the Complaint.

82.      As set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220, restrictive housing is utilized for many different reasons with different levels of restrictions.  The allegations in paragraph 82 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC.   Defendants otherwise deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

### C. Conditions in Isolation Cells

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 85 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

86. Defendants deny the allegations in paragraph 86 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 86 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

87. Defendants deny the allegations in paragraph 87 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 87 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

88. Defendants deny the allegations in paragraph 88 as they are non-specific and not limited to any particular timeframe, circumstance, location or

inmate. The allegations in paragraph 88 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

89. Defendants deny the allegations in paragraph 89 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 89 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

**D. Deprivation of Normal Human Contact**

90. Defendants deny the allegations in paragraph 90 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 90 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

91. Defendants deny the allegations in paragraph 91 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 91 are generalizations made about an

undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

92.    Defendants deny the allegations in paragraph 92 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 92 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

93.    Defendants deny the allegations in paragraph 93 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 93 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

94.    Defendants deny the allegations in paragraph 94 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 94 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy

implemented by the FDC. As such, Defendants cannot respond and therefore deny.

95. Defendants deny the allegations in paragraph 95 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 95 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

96. Defendants deny the allegations in paragraph 96 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 96 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

97. Inmates in restrictive housing have visitation privileges in accordance with their assigned restrictive housing level. Defendants house inmates in restrictive housing in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. These rules speak for themselves. Defendants deny the allegations in paragraph 97 as they are non-specific and not limited to any

particular timeframe, circumstance, location or inmate. The allegations in paragraph 97 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

98. Inmates in restrictive housing have visitation privileges in accordance with their assigned restrictive housing level. Defendants house inmates in restrictive housing in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. These rules speak for themselves. Defendants deny the allegations in paragraph 98 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 98 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

99. Inmates in restrictive housing have visitation in accordance with the privileges allotted by their assigned restrictive housing level. Defendants house inmates in restrictive housing in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. These rules speak for themselves. Defendants deny the allegations in paragraph 99 as they are non-specific and not limited to any

particular timeframe, circumstance, location or inmate. The allegations in paragraph 99 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

## E. Deprivation of Environmental Stimulation

100.  The allegations in paragraph 100 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As a result, Defendants deny the allegations in paragraph 100 of the Complaint.

101.  Defendants deny the allegations in paragraph 101 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 101 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

102.  Defendants deny the allegations in paragraph 102 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 102 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy

implemented by the FDC. As such, Defendants cannot respond and therefore deny.

103. Defendants state that inmates in restrictive housing have access to reading materials in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. These rules speak for themselves. Defendants deny the remaining allegations in paragraph 103 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. As such, Defendants cannot respond and therefore deny.

104. Defendants deny the allegations in paragraph 104 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 104 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

105. Defendants deny the allegations in paragraph 105 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 105 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy

implemented by the FDC. As such, Defendants cannot respond and therefore deny.

106. Defendants admit that while in Close Management, Plaintiff Meddler was taken to a classroom to receive educational services and that Meddler was restrained while receiving these services. Defendants deny the remainder of the allegations in paragraph 106 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 106 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, Defendants cannot respond and therefore deny.

107. The allegations in paragraph 107 are not directed to any specific policy implemented by the FDC. As a result, Defendants are without knowledge and therefore deny the allegations in paragraph 107 of the Complaint.

## F. Deprivation of Exercise

108. As set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220, inmates in restrictive housing have varying levels of exercise privileges. Defendants deny the remainder of the allegations in paragraph 108 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 108 are generalizations made about an

undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Further, Plaintiffs reference requirements from the American Correctional Association without any citations as to where the alleged statistical information was obtained or allegations as to the ACA's mandated application to Defendants' practices and policies. Defendants deny the allegations in paragraph 108 of the Complaint.

109. As set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220, inmates in restrictive housing have varying levels of exercise privileges. Defendants deny the remainder of the allegations in paragraph 109 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 109 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Defendants deny the allegations in paragraph 109 of the Complaint.

110. As set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220, inmates in restrictive housing have varying levels of exercise privileges. Defendants deny the remainder of the allegations in paragraph 110 as they are non-specific and not limited to any particular timeframe, circumstance, location or

inmate. The allegations in paragraph 110 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Defendants deny the allegations in paragraph 109 of the Complaint.

111. The frequency of exercise for inmates in restrictive housing is determined in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. Defendants deny the remainder of the allegations in paragraph 111 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 111 are generalizations made about undefined FDC staff members and are not specifically directed to any specific Plaintiff, staff member or policy implemented by the FDC. Defendants deny the allegations in paragraph 111 of the Complaint.

112. As set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220, inmates in restrictive housing have varying levels of exercise privileges. Defendants deny the remainder of the allegations in paragraph 112 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 112 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy

implemented by the FDC. Further, Plaintiffs reference requirements from the American Correctional Association without any citations as to where the alleged statistical information was obtained or allegations as to the ACA's mandated application to Defendants' practices and policies. Defendants deny the allegations in paragraph 112 of the Complaint.

## G. Degrading and Dehumanizing Security Measures

113. Defendants restrain inmates in restrictive housing in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. Defendants deny the remainder of the allegations in paragraph 113 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 113 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Defendants deny the allegations in paragraph 113 of the Complaint.

114. Defendants restrain inmates in restrictive housing in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. Defendants deny the remainder of the allegations in paragraph 114 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 114 are generalizations made about an undefined term

"isolation" and are not specifically directed to any specific policy implemented by the FDC. Defendants deny the allegations in paragraph 114 of the Complaint.

115. Defendants restrain inmates in restrictive housing in accordance with Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220. Defendants deny the remainder of the allegations in paragraph 115 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 115 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Defendants deny the allegations in paragraph 114 of the Complaint.

116. Defendants admit that "escort chairs" are used at Lowell Correctional Institution for those inmates whom the facility has determined need these chairs based on the individual circumstances particular to that inmate. Defendants deny the remainder of the allegations in paragraph 116 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate.

117. Defendants deny the allegations in paragraph 117 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 117 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy

implemented by the FDC. Defendants admit that Plaintiff Espinosa lost his balance and suffered an injury. The remainder of the allegations are denied.

118. Defendants deny the allegations in paragraph 118 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 118 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 118 are denied.

119. Defendants deny the allegations in paragraph 119 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 119 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 119 are denied.

120. Defendants deny the allegations in paragraph 120 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 120 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 120 are denied.

121. Defendants admit Plaintiff Harvard has been placed on property restriction. Defendants deny the remainder of the allegations in paragraph 121 as they are non-specific and not limited to any particular timeframe, circumstance,

location or inmate. The allegations in paragraph 121 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 121 are denied.

122. Defendants deny the allegations in paragraph 122 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 122 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 122 are denied.

123. Defendants deny the allegations in paragraph 123 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 123 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 123 are denied.

## H. Defendants' Deliberate Indifference

124. Defendants deny the allegations in paragraph 124 of the Complaint.

125. The allegations in paragraph 125 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. To the extent that Paragraph 125 of the Complaint relies

on a writing by Julie Jones, Defendants respond that the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 125 of the Complaint.

126. The allegations in Paragraph 126 relate to an unidentified "program" and unidentified "FDC staff" as well non-specific "reports." As a result, Defendants deny or are without knowledge of the allegations in Paragraph 126 of the Complaint.

127. Defendants admit that the FDC participated in a survey conducted by the Association of State Correctional Administrators and Yale Law School in 2015. Defendants admits admit the FDC received and reviewed the survey results in a report published in 2016. Defendants admit the FDC did not participate in the 2017 survey. Defendants otherwise deny the allegations in paragraph 127 of the Complaint.

128. The allegations in paragraph 128 relate to an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. To the extent that Paragraph 128 of the Complaint relies on a writing, Defendants state the writing speaks for itself. Defendants otherwise deny or are without knowledge of the allegations in Paragraph 128 of the Complaint.

129. The allegations in paragraph 129 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. To the extent that Paragraph 129 of the Complaint relies

on a writing by Dr. Aufderheide, Defendants respond that the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 129 of the Complaint.

130. The allegations in paragraph 130 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Further, the allegations in paragraph 130 of the Complaint references statistics without any citations as to where the alleged statistical information was obtained. To the extent that Paragraph 130 of the Complaint relies on a writing by Dr. Aufderheide, Defendants respond that the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 130 of the Complaint.

131. Defendants deny the allegations in paragraph 131 of the Complaint.

132. Defendants deny the allegations in paragraph 132 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 132 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 132 are denied.

133. Defendants admit that Plaintiffs Harvard and Meddler have received disciplinary infractions, have been placed in self-harm observation status, and that Plaintiff Harvard has received in-patient mental health care. Defendants deny the

reminder of the allegations in paragraph 133 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 133 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 133 are denied.

134. Defendants deny the allegations in paragraph 134 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 134 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 134 are denied.

135. Defendants deny the allegations in paragraph 135 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. As such, the allegations in Paragraph 135 are denied.

136. Defendants deny the allegations in paragraph 136 of the Complaint.

137. Defendants admit there are no call buttons in cells designated for restrictive housing. Defendants deny the remainder of the allegations in paragraph 137 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 137 are generalizations made about an undefined term "isolation" and are not specifically

directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 137 are denied.

138. The allegations in paragraph 138 relate to an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Defendants admit that healthcare staff performed audits between 2016 and 2018. To the extent that Paragraph 138 of the Complaint relies on a writing, Defendants state the writing speaks for itself. Defendants otherwise deny or are without knowledge of the allegations in Paragraph 188 of the Complaint.

139. Defendants deny the allegations in paragraph 139 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 139 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 139 are denied.

140. Defendants deny the allegations in paragraph 140 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 140 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 140 are denied.

141. The allegations in Paragraph 141 purport to be statements made by Defendants without reference to the source of such a statement; therefore,

Defendants cannot admit or deny the accuracy of these statements. To the extent a response is required, Defendants deny.

142. As set forth in Fla. Admin. Code R. 33-601.820, Fla. Admin. Code R. 33-602.222, Fla. Admin. Code R. 33-601.800, and Fla. Admin. Code R. 33-602.220, restrictive housing is utilized for many different reasons, including for safety concerns, for different periods of time, and with different levels of restrictions. The allegations in paragraph 142 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. Defendants deny the allegations in paragraph 142 of the Complaint.

143. Defendants deny the allegations in paragraph 143 of the Complaint.

### I. No Legitimate Penological Purpose

144. Defendants deny the allegations in paragraph 144 of the Complaint.

145. Defendants deny the allegations in paragraph 145 of the Complaint.

146. To the extent that Paragraph 146 of the Complaint relies on a writing, Defendants state the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 146 of the Complaint.

147. Defendants deny the allegations in paragraph 147 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 147 are generalizations made about an

undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 147 are denied.

148. Defendants deny the allegations in paragraph 148 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 148 are generalizations made about an undefined term "isolation" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 148 are denied.

149. Defendants deny the allegations in paragraph 149 of the Complaint.

150. Paragraph 150 does not require a response from Defendants. To the extent a response is deemed required, Defendants deny the allegations in paragraph 150 of the Complaint.

## J. Disability Discrimination

151. Defendants deny the allegations in paragraph 151 of the Complaint.

152. Defendants deny the allegations in paragraph 152 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 152 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 152 are denied.

153.  Defendants deny the allegations in paragraph 153 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 152 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 153 are denied.

154.  Defendants deny the allegations in paragraph 154 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 152 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 154 are denied.

155.  To the extent Paragraph 155 references a writing, Defendants respond that the writing speaks for itself. Defendants otherwise deny the allegations in paragraph 155 of the Complaint.

156.  Defendants deny the allegations in paragraph 156 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 156 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific

policy implemented by the FDC. As such, the allegations in Paragraph 156 are denied.

157.    Defendants deny the allegations in paragraph 157 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 157 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 157 are denied.

158.    Defendants deny the allegations in paragraph 158 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 158 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 158 are denied.

159.    Defendants deny the allegations in paragraph 159 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 159 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 159 are denied.

160.    Defendants deny the allegations in paragraph 160 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. The allegations in paragraph 160 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 160 are denied.

161.    Defendants deny the allegations in paragraph 161 as they are non-specific and not limited to any particular timeframe, circumstance, location or inmate. Paragraph 161 references "other prison systems" without citation or specificity; therefore Defendants cannot respond. Further, the allegations in paragraph 161 are generalizations made about undefined terms "isolation" and "disability" and are not specifically directed to any specific policy implemented by the FDC. As such, the allegations in Paragraph 161 are denied.

## VI. CLASS ACTION ALLEGATIONS

### A.    Plaintiff Class

162.    Defendants admit that Plaintiffs purport to bring a class action under Rule 23.  Denied that Plaintiffs have a valid class.

163.    Defendants admit that this is the proposed class definition but deny that Plaintiffs can certify a class under Rule 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

164. Defendants deny the allegations in Paragraph 164 of the Complaint.

## Commonality: Fed. R. Civ. P. 23(a)(2)

165. Defendants deny the allegations in Paragraph 165 of the Complaint.

## Typicality: Fed. R. Civ. P. 23(a)(3)

166. Defendants deny the allegations in Paragraph 166 of the Complaint.

## Adequacy: Fed. R. Civ. P. 23(a)(4)

167. Defendants deny the allegations in Paragraph 167 of the Complaint.

## Fed. R. Civ. P. 23(b)(1)(A) and (B)

168. Defendants deny the allegations in Paragraph 168 of the Complaint.

## Fed. R. Civ. P. 23(b)(2)

169. Defendants deny the allegations in Paragraph 169 of the Complaint.

## B. Youth Subclass

170. Admitted that Plaintiff Jeremiah Hill seeks to bring a class action pursuant to Rule 23. Denied that Plaintiffs have a valid subclass or that this subclass can be certified.

## Numerosity: Fed. R. Civ. P. 23(a)(1)

171. Defendants deny the allegations in Paragraph 171 of the Complaint.

## Commonality: Fed. R. Civ. P. 23(a)(2)

172. Defendants deny the allegations in Paragraph 172 of the Complaint.

## Typicality: Fed. R. Civ. P. 23(a)(3)

173.    Defendants deny the allegations in Paragraph 173 of the Complaint.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

174.    Defendants deny the allegations in Paragraph 174 of the Complaint.

**Fed. R. Civ. P. 23(b)(1)(A) and (B)**

175.    Defendants deny the allegations in Paragraph 175 of the Complaint.

**Fed. R. Civ. P. 23(b)(2)**

176.    Defendants deny the allegations in Paragraph 176 of the Complaint.

**C. Subclass of Persons with Serious Mental Illness ("SMI Subclass")**

177.    Admitted that Plaintiffs Harvard, Espinosa, Johnny Hill and Ferguson seek to bring a class action pursuant to Rule 23. Denied that Plaintiffs have a valid subclass or that this subclass can be certified.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

178.    Defendants deny the allegations of Paragraph 178 of the Complaint.

**Commonality: Fed. R. Civ. P. 23(a)(2)**

179.    Defendants deny the allegations of Paragraph 179 of the Complaint.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

180.    Defendants deny the allegations of Paragraph 180 of the Complaint.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

181.    Defendants deny the allegations of Paragraph 181 of the Complaint.

**Fed. R. Civ. P. 23(b)(1)(A) and (B)**

182. Defendants deny the allegations of Paragraph 182 of the Complaint.

**Fed. R. Civ. P. 23(b)(2)**

183. Defendants deny the allegations of Paragraph 183 of the Complaint.

**D.    Subclass of Persons with Physical Disabilities ("Physical Disability Subclass")**

184. Admitted that Plaintiffs Espinosa, Burgess, Kendrick and Hill seek to bring a class action pursuant to Rule 23. Denied that Plaintiffs have a valid subclass or that this subclass can be certified.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

185. Defendants deny the allegations of Paragraph 185 of the Complaint.

**Commonality: Fed. R. Civ. P. 23(a)(2)**

186. Defendants deny the allegations of Paragraph 186 of the Complaint.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

187. Defendants deny the allegations of Paragraph 187 of the Complaint.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

188. Defendants deny the allegations of Paragraph 188 of the Complaint.

**Fed. R. Civ. P. 23(b)(1)(A) and (B)**

189. Defendants deny the allegations of Paragraph 189 of the Complaint.

**Fed. R. Civ. P. 23(b)(2)**

190. Defendants deny the allegations of Paragraph 190 of the Complaint.

**VI.    CLAIMS FOR RELIEF**

## A. First Cause of Action

(All Plaintiffs and the Plaintiff Class and All Subclasses v. Defendant Inch)
*42 U.S.C. § 1983; Eighth and Fourteenth Amendments*

191.  Defendants incorporate by reference each and every allegations contained in Paragraphs 1 through 190 as if fully set forth herein.

192.  Denied.

193.  Denied.

194.  Denied.

195.  Denied.

196.  Denied.

197.  Denied.

## B. Second Cause of Action[2]

(Plaintiffs Harvard, Meddler, Espinosa, Burgess, Kendrick, Hill, and Ferguson and the SMI Subclass and Physical Disability Subclass v. Defendant FDC)
*Americans with Disabilities Act*

198.  Defendants incorporate by reference each and every allegations contained in Paragraphs 1 through 190 as if fully set forth herein.

199.  Denied.

200.  Denied.

201.  Denied.

---

[2] The Second Amended Complaint refers to Plaintiff Meddler in this cause of action. Plaintiff Meddler has been dismissed from this case. *See* D.E. 187, 189.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

## C. Third Cause of Action[3]

**(Plaintiffs Harvard, Meddler, Espinosa, Burgess, Kendrick, Hill, and Ferguson and the Disability Subclass and SMI Subclass v. Defendant FDC)**
*Section 504 of the Rehabilitation Act*

208.   Defendants incorporate by reference each and every allegations contained in Paragraphs 1 through 190 as if fully set forth herein.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

---

[3] The Second Amended Complaint refers to Plaintiff Meddler in this cause of action. Plaintiff Meddler has been dismissed from this case. *See* D.E. 187, 189.

216. Denied.

217. Denied.

218. Denied.

## VII.  PRAYER FOR RELIEF

219. Denied that Plaintiffs are entitled to relief of any kind.

220. Denied that Plaintiffs are entitled to relief of any kind, including subparts.

## VIII.  DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted against Defendants.

2. Plaintiffs lack standing to seek injunctive relief.

3. Plaintiffs lack standing to challenge any policies or practices of institutions where they have not been and currently are not incarcerated.

4. Defendants claim any and all protections of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

5. Plaintiffs have not suffered a constitutional deprivation.

6. Plaintiffs' claims are barred to the extent they seek to challenge the disciplinary decision that led to their confinement or the length of confinement imposed. *Banks v. Jones,* 232 So. 3d 963, 966 (Fla. 2017).

7.     In a section 1983 action, a governmental entity cannot be held liable under a *respondeat superior* theory, but instead may be held liable only when its "official policy" is the cause of a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  To the extent, if any, Plaintiffs are attempting to raise a section 1983 claim based upon a theory of *respondeat superior*, Defendants cannot be held liable.

8.     Plaintiff has failed to identify a policy, custom, or practice which caused the injury to Plaintiff.  Liability cannot be predicated upon an isolated act or incident.  *McDowell v. Brown*, 392 F.3d 1283 (11th Cir. 2004).

9.     Plaintiffs are not entitled to injunctive relief under the Americans with Disabilities Act or the Rehabilitation Act because they have failed to establish both an injury in fact and a likelihood of future injury.

10.    At all times relevant to this action, FDC acted in good faith and in the reasonable belief that its conduct did not violate any protected right or privilege of Plaintiffs.

11.    Plaintiffs are not qualified individuals with a disability as defined by Title II of the Americans with Disabilities Act or the Rehabilitation Act.

12.    Plaintiffs were not excluded from participation in, or denied the benefits of, FDC's services, programs, or activities and were not otherwise discriminated against by FDC.

13.     Any exclusion, denial of benefits, or discrimination alleged by Plaintiffs was not by reason of their disability.

14.     Plaintiffs did not request any accommodation or any reasonable accommodation from FDC.

15.     To the extent Plaintiffs complain about the denial of any requested accommodations, any such requests were not reasonable and necessary accommodations required to be provided by FDC under the Americans with Disabilities Act or the Rehabilitation Act.

16.     Any discrimination on the basis of a disability about which Plaintiffs complain is permitted under the Americans with Disabilities Act and the Rehabilitation Act to the extent Plaintiffs pose a direct threat to the health and safety of others that cannot be eliminated by a modification of policies, practices, or procedures, or the provision of additional aids or services.

17.     Plaintiffs' claims are barred by the doctrine of mootness to the extent that alleged violations have been or will have been remedied before the time that this action is finally adjudicated.

18.     Defendant is not obligated to make any changes sought by Plaintiffs that would result in a fundamental alteration in the nature of Defendants' services, programs, or activities.

19.     Defendant is not obligated to make any changes sought by Plaintiffs that would result in undue burden or hardship upon FDC.

20.     The removal of any barriers by Defendant is excused to the extent such barrier removal is infeasible and/or not readily achievable, or would require structural changes in existing facilities where other methods are effective to achieve compliance under applicable disability laws.

21.     Plaintiffs' claims are barred to the extent any auxiliary aids or services sought by Plaintiffs are not necessary to ensure that Plaintiffs are not excluded, denied services, segregated, or treated differently from other individuals on account of disability.

22.     Plaintiffs' action is barred or, in the alternative, their recovery should be reduced as a result of Plaintiffs' failure to mitigate their damages.

23.     Plaintiffs are not entitled to the recovery of any costs or attorney's fees from Defendants.   Plaintiffs' claims are frivolous and without merit and, accordingly, Defendants entitled to recover its costs and reasonable attorney's fees from Plaintiffs.

24.     Defendants have not deprived Plaintiffs of any rights, privileges, or immunities secured by the United States Constitution.

25.     Plaintiffs have failed to exhaust all administrative remedies regarding the claims asserted.

26.     Plaintiffs' claims for relief violate the separation of powers.

27.     For those Plaintiffs who are no longer in restrictive housing or who will be moved to general population during the pendency of this action, those Plaintiffs' claims are now moot and those Plaintiffs do not have standing to bring the claims asserted.

28.     Plaintiffs' claims are barred in whole, or in part, by the statute of limitations applicable to Plaintiffs' claims.

29.     Plaintiffs' claims are barred in whole, or in part, by the settlement agreements in the following cases: *Disability Rights Florida, Inc. v. Jones*, No. 4:16-cv-00047 (N.D. Fla. Jan. 26, 2016); *Disability Rights Florida, Inc. v. Jones*, No. 3:18-cv-00179 (N.D. Fla. Jan. 31, 2018).

30.     Plaintiffs' own poor decisions and actions preclude their confinement in a general population setting and their own positive decisions and actions can get them back to a general population setting. Public and institutional safety and security requirements mandated by Florida law and the U.S. Constitution, as well as operational efficiency, dictate that certain high-risk inmates be separated and housed in a more restrictive environment to prevent escape opportunity, risk to other inmates, risk to staff, or the disruption of institutional operations.

31.     Plaintiffs' claims disregard that some inmates in segregated housing wish to be housed in such housing due to personal preference.  Such inmates make

the choice to remain in segregated housing and take the necessary actions to effectuate that choice.

32.     Defendants have supervisory and protective care, custody, and control of inmates and must be free to take actions necessary to ensure the safety of inmates, corrections staff and the public.

## IX.     RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendants reserve the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## X.     DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

/ s / Samantha C. Duke
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:  dgerber@rumberger.com
        sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ, ESQUIRE
Florida Bar No. 1018568
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:   nsmith@rumberger.com

and

JOSHUA D. LERNER, ESQUIRE
Florida Bar No.:  0455067
RUMBERGER, KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580
E-mail:  jlerner@rumberger.com

**Attorneys for Defendants,**
 **Mark Inch and Florida**
 **Department of Corrections**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   Leonard J. Laurenceau at leo.laurenceau@splcenter.org; Kelly Jean Knapp at Kelly.knapp@splcenter.org; Marta Jaszczolt at marta.jaszczolt@splcenter.org; Dante Pasquale Trevisani at

dtrevisani@floridajusticeinstitute.org; Laura Anne Ferro at lferro@floridajusticeinstitute.org and mllosa@floridajusticeinstitute.org; Sam Thypin-Bermeo at sthypin-bermeo@floridajusticeinstitute.org; Marcel A. Lilavois, Jr., at mlilavois@floridajusticeinstitute.org; Kara Sheli Wallis at kwallis@floridajusticeinstitute.org; Andrea Costello at andrea@floridalegal.org; Christopher M. Jones at Christopher@floridalegal.org; Aimee Lim at aimee.lim@floridalegal.org and Lori Rifkin at lrifkin@rifkinlawoffice.com.

/ s / Samantha C. Duke
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
Email: dgerber@rumberger.com
       sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ, ESQUIRE
Florida Bar No. 1018568
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida 32302-2507
Telephone: (850) 222-6550
Telecopier: (850) 222-8783

E-mail:   nsmith@rumberger.com

and

JOSHUA D. LERNER, ESQUIRE
Florida Bar No.:  0455067
RUMBERGER, KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580
E-mail:  jlerner@rumberger.com
**Attorneys for Defendants,**
  **Mark Inch and Florida**
  **Department of Corrections**

14884400.v1