UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD; JEREMIAH HILL;
JUAN ESPINOSA; JEROME
BURGESS (a/k/a SHAM'LA GOD
ALLAH); JAMES W.
KENDRICK, JR.; JOHNNY HILL;
and AMY FERGUSON; on behalf
of themselves and all others
similarly situated,

        Plaintiffs

        v.

MARK INCH, in his official
capacity as Secretary of the Florida
Department of Corrections, and
FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida

        Defendants.

Case No.: 4:19-cv-00212-MW-MAF

**DECLARATION OF KELLY
KNAPP IN SUPPORT OF
PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION**

1

I, Kelly Knapp, declare as follows:

1.      I am an attorney of record in this matter representing the named Plaintiffs, and putative class members, as lead counsel. I am a Senior Staff Attorney at the Southern Poverty Law Center and duly admitted to practice law in the U.S. Districts Court for the Northern District of Florida and the Northern, Central, and Eastern Districts of California; the U.S. Court of Appeals for the Ninth and Eleventh Circuits; and the States of Florida and California.

2.      The Southern Poverty Law Center (SPLC), Florida Legal Services (FLS), Florida Justice Institute (FJI), and Rifkin Law Office (RLO) (collectively, "Plaintiffs' Counsel") seek appointment as class counsel for the proposed Plaintiff class in this action under Rule 23(g) of the Federal Rules of Civil Procedure.

3.      As set forth below, Plaintiffs' Counsel possess the class action experience, knowledge of substantive areas of law, and resources necessary to fairly and adequately represent the interests of the proposed Plaintiff class in this action.

4.      SPLC, FLS, and FJI are non-profit civil rights organizations, all founded and operated since the 1970s. RLO, founded in 2013, is a law firm similarly dedicated to pursuing civil rights cases. Combined, these four organizations hold decades of class action litigation experience in cases similar to *Harvard*.

5.      SPLC attorneys have extensive experience in class action cases and

federal civil rights claims.  *See e.g.*, *Gayle v. Meade*, No. 20-21553-CIV, 2020 WL

3041326, at *15 (S.D. Fla. June 6, 2020) (appointing SPLC, among others, as class

counsel to "fairly and adequately represent the interest of the class as to conditions

of confinement" in part due to counsels' "extensive experience in representing

clients in class action suits throughout the United States"); *Johnson v. Jessup*, 381

F. Supp. 3d 619, 637–38 (M.D.N.C.2019) (appointing SPLC, among others as

"well qualified to represent the two classes"); *Dunn v. Dunn*, 318 F.R.D. 652, 667,

680 (M.D. Ala. 2016), *modified sub nom. Braggs v. Dunn*, No. 2:14CV601-MHT,

2020 WL 2395987 (M.D. Ala. May 12, 2020) ("Lawyers affiliated with the

Southern Poverty Law Center [among others] … have substantial experience in

litigating class actions and in the complex substantive areas of both prisoners'-

rights and disability-rights law"); *Dockery v. Fischer*, 253 F. Supp. 3d 832, 856

(S.D. Miss. 2015) ("The proposed class counsel, which includes attorneys from the

Southern Poverty Law Center have extensive experience handling complex

litigation and class actions"); *Recinos-Recinos v. Express Forestry, Inc.*, 233

F.R.D. 472, 480–81 (E.D. La. 2006) (finding that "the Southern Poverty Law

Center adequately represents the proposed class" due to "significant experience"

and "sufficient funds to thoroughly litigate this matter").  Lead attorney Kelly

Knapp also has significant experience in prisoners' rights class actions from her

tenure at the Prison Law Office.  *See, e.g., Hall v. Cty. of Fresno*, No.

111CV02047LJOBAM, 2015 WL 5916741, at *3 (E.D. Cal. Oct. 7, 2015)

(appointing Kelly Knapp, among others, as "experienced class counsel

knowledgeable in the applicable areas of the law."); *Plata v. Brown*, 754 F.3d 1070

(9th Cir. 2014) (representing a class of incarcerated people against California's

prison system for an unconstitutional failure to provide adequate medical care).

Kelly Knapp has also been invited to speak at several prisoner rights and class

action litigation seminars and panels, *see e.g.*, *Overlap of Prisoner Rights and

Personal Injury Cases,* Seminar on February 7, 2017, Consumer Attorneys of

California, Eleventh Annual Class Action and Mass Torts Seminar.[1]

6.      FLS attorneys have extensive experience in class action cases and

federal civil rights claims.  *See e.g.*, *Canupp v. Liberty Behav. Healthcare Corp.*,

447 F. App'x 976, 977–78 (11th Cir. 2011) (describing Florida Institutional Legal

Services, among others, as "experienced counsel for the parties" in a settlement of

a class action lawsuit); *Catron v. City of St. Petersburg*, Case No. 8:09-cv-00923-

SDM-E_J, Doc. 19, 19 (M.D. Fla. August 18, 2009) ("Plaintiffs' counsel [Florida

Institutional Legal Services, among others] is properly qualified, well-experienced,

---

[1]

https://s3.amazonaws.com/membercentralcdn/sitedocuments/ca/ca/0795/769795.pdf?AWSAccessKeyId=
AKIAIHKD6NT2OL2HNPMQ&Expires=1621827104&Signature=QFc%2FWxOaxGYP%2BXRPlNYC
V1%2BYIg4%3D&response-content-
disposition=inline%3B%20filename%3D%2217ClassAction%2Epdf%22%3B%20filename%2A%3DUT
F%2D8%27%2717ClassAction%252Epdf (last visited May 23, 2021).

and able to serve as class counsel"); *Brown v. Sec'y, Dep't of Corr.*, No. 203CV526FTM29DNF, 2005 WL 1473817, at \*10 (M.D. Fla. June 21, 2005) (finding the adequacy requirement satisfied in part because of there was no question as to "the qualifications, experience or ability of plaintiffs' counsel" to represent the putative class); *Canupp v. Liberty Behav. Healthcare Corp.*, No. 204CV260FTM33DNF, 2005 WL 8148817, at \*6 (M.D. Fla. Mar. 29, 2005) (finding that Florida Institutional Legal Services, among others, would adequately represent the class in part because there was no dispute as to their experience, qualifications, and ability to do so); *DuBois v. Medows*, Case No. 4:03- cv-107-SPM, Doc. 75, 11 (N.D. Fla. March 1, 2004) ("[T]he adequacy requirement is met [in part] because Plaintiffs' counsel [Florida Institutional Legal Services and attorney of record Andrea Costello, then with Southern Legal Counsel, among others] has demonstrated competence with these claims.").

7.      FJI attorneys have extensive experience in class action cases and federal civil rights claims.  *See e.g., Hoffer v. Jones*, 323 F.R.D. 694, 701 (N.D. Fla. 2017) (appointing FJI as class counsel for class of prisoners with hepatitis C); *Demler v. Inch,* No. 4:19-CV-00094-RH-GRJ (N.D. Fla) at ECF 163 (appointing FJI as class counsel for class of prisoners whose digital music had been taken under FDC policies); *Copeland v. Jones*, No. 4:15-CV-00452-RH/CAS at D.E. 78 (preliminarily appointing FJI as class counsel for class of FDC prisoners with

hernias); *Underwood v. Manfre*, No. 3:13-CV-192-J-34PDB, 2014 WL 67644, at

\*8 (M.D. Fla. Jan. 8, 2014) (appointing FJI and ACLU as class counsel for class of

jail correspondents); *Hamilton v. Hall,* No. 3:10 cv 355, 2011 WL 2161139 (N.D.

Fla. May 26, 2011) (appointing FJI and ACLU as class counsel for class of jail

inmates); *Raines v. Florida*, 987 F. Supp. 1416, 1420 (N.D. Fla. 1997) ("Counsel

for Plaintiffs [FJI] has spent many years litigating questions concerning prison

conditions, and his advocacy has always been of the highest quality"); *Lawson v.*

*Wainwright*, 108 F.R.D. 450, 457 (S.D. Fla. 1986) ("In the instant case, this Court

has no doubt that Plaintiff [prisoner class] is represented by competent, diligent

counsel [from FJI]. The Court file reflects that Plaintiff and his counsel will

zealously pursue the interests of the class.").

      8.     RLO attorneys have extensive experience in class action cases and

federal civil rights claims.  *See e.g.*, *Edmo v. Corizon, Inc.*, 935 F.3d 757, 767 (9th

Cir. 2019), *cert. denied sub nom. Idaho Dep't of Correction v. Edmo*, 141 S. Ct.

610, 208 L. Ed. 2d 197 (2020) (obtaining injunctive relief for transgender woman

incarcerated in Idaho where prison authorities' failure to provide her with adequate

medical treatment violated her Eighth Amendment rights); *Pajas v. County of*

*Monterey*, No. 16-cv-00945-BLF (N.D. Cal. Nov. 5, 2018) (obtaining jury verdict

for an incarcerated decedent's Estate and family for Defendants' violations of his

rights under the Fourteenth Amendment, among others); *Estate of Sandra Vela v.*

*County of Monterey*,  No. 16-cv-02375-BLF, 2018 WL 4076317, at \*1 (N.D. Cal.

Aug. 27, 2018) (obtaining summary judgment on behalf of decedent's Estate and

family for Defendants' violations of her Fourteenth Amendment rights);  *Estate of*

*Bertram Hiscock v. Cty. of Yuba*, 2:17-CV-02706 (E.D. Cal., filed Dec. 28, 2017)

(representing an incarcerated decedent's estate for Defendants' violations of his

rights under the ADA and Sec. 504 of the Rehabilitation Act, among others);

*Padilla v. Beard*, No. 2:14-CV-1118 KJM-CKD, 2017 WL 1253874, at \*1 (E.D.

Cal. Jan. 27, 2017) (representing a formerly incarcerated plaintiff for Defendants'

violations of his rights under the Eighth Amendment, ADA, and Section 504 of the

Rehabilitation Act, among others); *Coleman v. Brown*, 28 F. Supp. 3d 1068 (E.D.

Cal. 2014) (representing certified class of incarcerated persons against the

California prison system for inappropriately using segregation housing units,

disciplinary measures, and use of force against people with serious mental illness

in violation of their Eight Amendment rights); *Mayfield v. Orozco, et al.*, No. 2:13-

cv-02499 JAM AC (E.D. Cal., filed Dec. 3, 2013 ) (representing a formerly

incarcerated individual for Defendants' violations of his rights under the

Fourteenth Amendment, ADA, and Sec. 504 of the Rehabilitation Act, among

others); *Dragovich v. U.S. Dep't of Treasury*, 872 F. Supp. 2d 944, 950 (N.D. Cal.

2012), *vacated in part* (Oct. 28, 2013) (representing certified class of couples in

same-sex marriages and partnerships in lawsuit against the U.S. Department of

Treasury for unconstitutional discrimination); *Valdivia v. Brown*, No. CIV-S-94-671 LKK/GGH (E.D. Cal., filed 1994) (representing certified class of persons on parole in California for violations of due process rights).

9.      The founding attorney of RLO, admitted *pro hac vice* in this matter, Lori Rifkin, in addition to having been lead counsel on behalf of plaintiffs in numerous civil rights injunctive relief and damages cases, also served as a Senior Trial Attorney in the Special Litigation Section of the Civil Rights Division of the U.S. Department of Justice, where she was responsible for enforcing the Civil Rights of Institutionalized Persons Act ("CRIPA") on behalf of the United States. She has also been invited to speak on numerous prisoner rights litigation panels, *see e.g.*, *Placing a Spotlight on Prosecutorial Misconduct*, Panel on March 27, 2017, Rosenburg Foundation Leading Edge Fund, https://leadingedge.rosenbergfound.org/placing-a-spotlight-on-prosecutorial-misconduct/ (last visited April 19, 2021), conducted training for attorneys on the federal Eastern District of California's prisoner litigation pro bono panel, and has authored a peer-reviewed law review article on litigation strategies in the field of prisoner rights. Lori Rifkin, Barbarous and Ineffective: A Blueprint for Challenging Criminalization of People with Mental Illnesses and Psychiatric Disabilities, 1 U.C.L.A. Crim. Just. L. Rev. 57 (2017).

10.     In addition to Plaintiffs' Counsel's experience, Plaintiffs' Counsel also has more than sufficient resources to vigorously prosecute this case in the interests of the Plaintiff class.  Plaintiffs' Counsel began investigating the conditions of isolation at issue in the Spring of 2018.  Since that time, and throughout the pendency of this litigation, Plaintiffs' Counsel has committed substantial time and resources to prosecute Plaintiffs' claims. To date, Plaintiffs' Counsel has retained six experts to provide expertise to the Court, conducted inspections of eight of Defendants' correctional institutions, has filed and responded to over a dozen discovery motions, served and answered well-over a hundred interrogatories, conducted and defended multiple depositions, including eleven days of 30(b)(6) depositions, and litigated one five-day evidentiary hearing in this matter so far.

11.     The current team dedicated to this lawsuit includes twelve attorneys of record, supported by four paralegals, numerous interns, and other institutional supports available across the four organizations.

12.     I am aware of no circumstance or condition that would in any way impair Plaintiffs' Counsel's ability to continue with vigorous litigation in this matter.

13.     Further, I am aware of no conflicts of interest between any of Plaintiffs' Counsel and any members of the proposed Plaintiff class.

9

14.     Plaintiffs' Counsel stands ready for appointment to adequately and fairly represent the proposed class and subclasses throughout the lifetime of this litigation.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on May 25, 2021

___/s/ *Kelly Knapp*_____
Kelly J. Knapp