UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD; JEREMIAH HILL;
JUAN ESPINOSA; JEROME
BURGESS (a/k/a SHAM'LA GOD
ALLAH); JAMES W.
KENDRICK, JR.; JOHNNY HILL;
AMY FERGUSON and TRACEY
DEAN; on behalf of themselves
and all others similarly situated,

                Plaintiffs

           v.

MARK INCH, in his official
capacity as Secretary of the Florida
Department of Corrections, and
FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida,

                Defendants.

Case No.: 4:19-cv-00212-MW-MAF

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION FOR CIVIL CONTEMPT AND FOR SANCTIONS
FOR WITNESS INTERFERENCE**

In just the two weeks since Plaintiffs filed their motion for civil contempt and

sanctions for witness interference on June 15, 2021, ECF No. 319, Plaintiffs' counsel

has continued to receive an alarming stream of reports from witnesses who testified

1

at the January 2021 evidentiary hearing in this case. Plaintiffs' counsel has now received reports of recent violence, intimidation, or other adverse action from a total of six of the eleven putative class member witnesses who testified at the January hearing, plus interference and harassment of another putative class member attempting to provide information about suspected retaliation against a seventh witness.[1]

Below, Plaintiffs describe the additional incidents reported by four witnesses, as well as additional retaliation against witness Dylicia Gresham. Plaintiffs also attach declarations from these four witnesses and grievances submitted by Ms. Gresham. This information bears directly on Plaintiffs' motion for relief and underscores the urgent need for this Court to act to protect the integrity of this litigation and the safety of putative class members.

Marcus Broadnax

Putative class member Marcus Broadnax testified about retaliation, threats, and interference regarding communications with Plaintiffs' counsel at the January 2021 evidentiary hearing. *See* ECF No. 240 at 8, 10, 11, 12.

Since Mr. Broadnax testified, the officer who delivers his legal mail at Florida State Prison has repeatedly referred to mail from Plaintiffs' counsel as "snitch mail."

---

[1] As described in Plaintiffs' motion, three Named Plaintiffs have also reported retaliation. ECF No. 319.

Declaration of Marcus Broadnax at ¶2. In late February or early March 2021, an officer gave Mr. Broadnax an air tray and said it was from officers whom he testified about in the January 2021 hearing. *Id.* at ¶3. Another officer also gave Mr. Broadnax an air tray after commenting about hearing Mr. Broadnax had been "telling" on an officer. *Id.* at ¶4.

Around June 10, 2021, while experiencing distress and hopelessness after being violently cell extracted a few days earlier, Mr. Broadnax cut himself to try to commit suicide. *Id.* at ¶¶7-8. Officers took Mr. Broadnax to a medical room where a sergeant held him down while a captain punched him in the face, told him to "shut up," and threatened him with more time in Close Management if he told anyone about the incident. *Id.* at ¶9.

Later in June 2021, when Mr. Broadnax asked a nurse doing medical pass why he had not been seen by a doctor for an injury, the nurse responded to the effect of, "Maybe if you quit snitching you can get some medical treatment." *Id.* at ¶10. At the end of Mr. Broadnax's Institution Classification Team review on or around June 24, 2021, an officer made a statement to the effect of, "Maybe if you stop talking to those lawyers I can get you of CM." *Id.* at ¶11.

<u>Curley Williams</u>

Putative class member Curley Williams testified in the January hearing about threats and interference regarding communications with Plaintiffs' legal team. *See*

ECF No. 240 at 5.

Since the hearing, an officer at Santa Rosa Correctional Institution has made comments to Mr. Williams such as, "Oh, you're going to call your lawyers." Declaration of Curley Williams at ¶3. On June 6, 2021, Mr. Williams had a medical emergency due to his asthma. *Id.* at ¶4. Two officers responded to his cell. One was the same officer who had commented on his legal participation. The other officer said something to the effect of "you know what's going to happen." *Id.* at ¶5. Mr. Williams was brought to the nurse's station, where the officer who had talked about his legal calls hit him in the face and mouth multiple times. *Id.* at ¶¶ 4-7. The following day, someone from the FDC Office of the Inspector General ("OIG") came to Santa Rosa and interviewed Mr. Williams about the incident and photographed his injuries. *Id.* at ¶8. Later that day, FDC transferred Mr. Williams from Santa Rosa to Union Correctional Institution on what officers told him was an emergency transfer. *Id.* at ¶9. Mr. Williams filed a grievance about the incident. *Id.* at ¶9.

John Gilday

Putative class member John Gilday testified at the January hearing that an officer escorting him to meet with Plaintiffs' legal team questioned him about why he was meeting with lawyers, what they were discussing, and what Mr. Gilday was disclosing. *See* ECF No. 240 at 4-5.

On May 20, 2021, after Mr. Gilday had submitted multiple sick call requests for ongoing chest pain, two officers at Santa Rosa Correctional Institution took him to an examination room in the nurse's station. Declaration of John Gilday at ¶¶ 2-4. Once Mr. Gilday was inside the room, a nurse asked if he had ever received "a Santa Rosa welcome." *Id*. at ¶4. The two escorting officers and a nurse punched Mr. Gilday repeatedly in his face, chest, and stomach while he was handcuffed and shackled. *Id*. at ¶5. Mr. Gilday reported the assault to a supervising officer and submitted multiple grievances about it. *Id*. at ¶¶6-7. FDC transferred him from Santa Rosa to North West Florida Reception Center on May 28, 2021. *Id*. at ¶8.

Odell Lee

Putative class member Odell Lee testified at the January hearing that officers were interfering with his confidential legal calls to Plaintiffs' counsel. ECF No. 240 at 7.

Mr. Lee reported that, since he testified at the hearing, the officer at Santa Rosa Correctional Institution who delivers his legal mail, Sgt. Pugh, has called him a "little snitch" loudly enough for other people in the dorm to hear. Declaration of Odell Lee at ¶ 4. Recently, when Mr. Lee gave Sgt. Pugh a letter to send to Plaintiffs' counsel through legal mail, Sgt. Pugh threatened to break Mr. Lee's fingers so that Mr. Lee could not write to counsel anymore. *Id.*

Mr. Lee was put on property restriction for approximately two weeks at the end of May-early June 2021, during which his mattress, property, and clothes except for boxer shorts were removed from his cell. *Id.* at ¶2. During this time, a team of prison administrators came through his unit for an inspection. *Id.* at ¶3. Mr. Lee yelled through his cell door that he had been sleeping on a steel bunk for weeks without a mattress. *Id.* Sgt. Pugh and Major Richter were nearby Mr. Lee's cell and Sgt. Pugh made a statement to the effect that Mr. Lee had tried to sue Sgt. Pugh and that Mr. Lee was a snitch. *Id.* Major Richter responded to the effect that Mr. Lee needed to spell Major Richter's name right.[2] *Id.*

Dylicia Gresham

Since filing their motion on June 15, Plaintiffs' counsel has also received copies of additional grievances submitted by putative class member and witness Dylicia Gresham reporting that Defendants' employees continue to deny her meals, threaten to assault her, and call her a snitch. *See* Grievances of Dylicia Gresham, attached. For example, in a grievance dated May 24, 2021, Ms. Gresham stated, "[B]efore Officer Aguirre left my cellfront he said I'd snitched on Sgt. Manners and Cpt. Reuben to a judge and he'd heard I wrote a lot of grievances, and he stated that

---

[2] In support of Plaintiffs' motion for a protective order, putative class member Curley Williams, also housed at Santa Rosa, submitted a declaration describing retaliation by a "Major Richardson." ECF No. 183-6. Defendants called Major Richter to testify in response to Mr. Williams' allegations. ECF No. 231 at 121:15-125:16.

he'd have the inmates torture me and kick my ass if I brought any of that court shit over here."  *Id.*

Plaintiffs' counsel has still not received any response from the OIG regarding Dylicia Gresham's retaliation allegations.  *See* ECF No. 319 at 15.


Dated:  June 30 , 2021                    Respectfully submitted,

                                          *s/ Lori Rifkin*
                                          Lori Rifkin*
                                          CA Bar No. 244081
                                          Rifkin Law Office
                                          3630 High St. #18917
                                          Oakland, CA
                                          Telephone: (510) 414-4132
                                          lrifkin@rifkinlawoffice.com

                                          Kelly Knapp
                                          Fla. Bar No. 1011018
                                          Leonard L. Laurenceau
                                          Fla. Bar No. 106987
                                          Marta Jaszczolt
                                          Fla. Bar No. 119537
                                          Southern Poverty Law Center
                                          2 South Biscayne Blvd.
                                          Miami, FL 33137
                                          Telephone: (786) 457-7310
                                          kelly.knapp@splcenter.org
                                          leo.laurenceau@splcenter.org
                                          marta.jaszczolt@splcenter.org

                                          Krista Dolan
                                          Fla. Bar No. 1012147
                                          Southern Poverty Law Center
                                          106 E. College Ave., #1010
                                          Tallahassee, FL 32301

Telephone: (850) 688-3908
Krista.dolan@splcenter.org

Dante P. Trevisani
Fla. Bar No. 72912
Laura A. Ferro
Fla. Bar No. 1015841
Sam Thypin-Bermeo
Fla. Bar No. 1019777
Marcel A. Lilavois, Jr.
Fla. Bar No. 1016175
Kara Wallis
Fla. Bar No. 1028563
Florida Justice Institute, Inc.
PO BOX 370747
Miami, FL 33137
Telephone: (305) 358-2081
dtrevisani@floridajusticeinstitute.org
lferro@floridajusticeinstitute.org
sthypin-bermeo@floridajustice.org
kwallis@floridajusticeinstitute.org

Andrea Costello
Fla. Bar No. 532991
Christopher M. Jones
Fla. Bar No. 994642
Rachel Ortiz
Fla. Bar No. 83842
Florida Legal Services
122 E. Colonial Drive, Suite 100
Orlando, FL 32801
Telephone: (407) 801-0332
andrea@floridalegal.org
christopher@floridalegal.org
rachel.ortiz@floridalegal.org

* *Admitted Pro hac vice*
**Attorneys for Plaintiffs**

## Local Rule 7.1(B) Certificate

Under N.D. Local Rules 7.1(B) and (C), the undersigned counsel hereby certifies that Plaintiffs' counsel has conferred with Defendants' counsel about the relief sought in Plaintiffs' motion.  Defendants object to the relief requested.

_s/ Lori Rifkin_
Lori Rifkin


## Certificate of Word Limit

Pursuant to N.D. Local Rule 7.1(F), the undersigned counsel hereby certifies that this supplemental brief contains 1,286 words.

_s/ Lori Rifkin_
Lori Rifkin

JAC'QUANN (ADMIRE)   )
HARVARD, *et al*.,   )
   )
       Plaintiffs,   )
   )
v.   )     Case No.: 4:19-cv-00212-MW-MAF
   )
   )
MARK S. INCH, *et al*.,   )
   )
       Defendants.   )
_____

## DECLARATION OF MARCUS BROADNAX

I, Marcus Broadnax, declare under penalty of perjury:

1.    I am currently assigned to Close Management ("CM") Level 3 at Florida State Prison ("FSP"). I make this declaration based on my own personal knowledge.

2.    In January 2021, I testified in the hearing about retaliation in this case when I was at FSP. Since then, the legal mail officer at FSP has called my mail from Plaintiffs' attorneys "snitch mail" when he delivers it. This has happened several times, most recently in mid-June 2021.

3.     In late February or early March 2021, an officer delivering my meal at FSP gave me an air tray (a tray with no food on it) and told me it was from Sergeants Fowler and Prock, whom I testified about in the January 2021 hearing.

4.     Around the same time period of late-February or early-March 2021, another officer told me he heard I was telling on another officer. I understood this to refer to my testimony at the hearing. Later that day, he gave me an air tray and winked at me.

5.     Around May 5, 2021, I was transferred from FSP to New River Correctional Institution, which is just down the road.

6.     Around June 5, 2021, I was really stressed out about a family member in the hospital and I hurt myself by cutting in my CM cell. When officers came to my cell, I was worried about what they might do to me, so I asked them to get the White Shirts (supervising officers) and a camera to escort me to medical. Instead, they gave me a Disciplinary Report for "disobeying a verbal order," took my property, and moved me to Disciplinary Confinement.

7.     The next day, I asked a lieutenant and sergeant about the property the officers took from me, and the lieutenant told me it was "irrelevant." He said what was "relevant" was that I had two choices: get sprayed with 3 cans of gas and take a cell extraction or they would get me on their own time, which he said would be worse. He said this came from his buddies across the street, which I understood to

be FSP. After that, they sprayed me with gas multiple times. Even though I told them I would submit to restraints, the cell extraction team came and an officer wrapped leg restraints around my neck and choked me while another officer kicked and punched me and someone pushed my face into the water and gas on the floor. As a result of this assault, I suffered cuts on my neck and head and injured my right shoulder. I still have pain in my shoulder.

8. Right after this happened, I called a mental health emergency in part to try and protect myself from another assault. They moved me to a SHOS (self-harm observation status) cell. Around June 8, 2021, I was transferred back to FSP and put in another SHOS cell. Every day I was in SHOS, I asked to be released but they would not let me out. I started to think they were hiding me until my injuries healed up. I felt so hopeless that I wanted to die. A couple days later, I cut myself to try to kill myself.

9. After I cut myself, they released me from SHOS and brought me to a medical room. A captain came into the medical room and I saw officers turn off the handheld camera they were using outside the room. A sergeant and another officer held me while the captain punched me in the face and choked me. The captain told me to shut up and threatened me with more time on Close Management if I told anyone. He said that if he heard anything about this incident, it would happen again.

10.    Sometime earlier this week, I asked the nurse doing medication pass why I have not been seen by the doctor for my shoulder. She told me something like, "Maybe if you quit snitching you can get some medical treatment."

11.    Around June 24, 2021, at the end of my Institution Classification Team review, the major who was standing next to me, leaned down and said, "Maybe if you stop talking to those lawyers I can get you off CM."


Under 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on June 25, 2021.

/s/ *Marcus Broadnax*
Marcus Broadnax, DC# 129250

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)  )
HARVARD, *et al.*,  )
  )
    Plaintiffs,  )
  )
v.  )    Case No.: 4:19-cv-00212-MW-CAS
  )
  )
MARK S. INCH, *et al.*,  )
  )
    Defendants.  )
_____

## DECLARATION OF CURLEY WILLIAMS

I, Curley Williams, declare under penalty of perjury:

1.     I testified at the January 2021 hearing about retaliation I experienced after communicating with Plaintiffs' legal team during their Santa Rosa inspection. I make this declaration based on my own personal knowledge.

2.     I am currently assigned to Close Management 2 at Union Correctional Institution. Before FDC transferred me to Union, I was at Santa Rosa Correctional Institution from about August 2019 to June 7, 2021.

3.     Since the hearing, Officer Muhammad at Santa Rosa has made comments to me such as, "Oh, you're going to call your lawyers."

4.  On Sunday, June 6, 2021, I declared a medical emergency at Santa Rosa CI because I have asthma and did not feel like I could breathe. A sergeant and Officer Muhammad came to my cell. As the sergeant was putting on my handcuffs, he said something to me like, "You know what's going to happen." I took this as a threat, but I still felt like I needed to come out of my cell for medical treatment.

5.  Officer Muhammad escorted me to the nurse's station and came into the room with me. A nurse was the only medical staff there. I stood on the scale and the nurse took my weight. While she did that, Officer Muhammad took off his FDC shirt.

6.  Shortly after I stepped off the scale, the sergeant walked into the room and took off one of my handcuffs. Officer Muhammad then rushed at me and started swinging at me. The sergeant left the room while the nurse sat on the desk.

7.  Officer Muhammad hit me in my face and mouth multiple times. Then the sergeant came back in and said something like, "That's enough, break it up." The sergeant put my handcuff back on and Officer Muhammad took me back to my cell. I had a knot on my forehead and a busted lip.

8.  The next day, Monday, June 7, 2021, someone from the Office of the Inspector General (OIG) came to see me. I told her what happened to me. She took pictures of my injuries and said she reviewed video footage. She told me that FDC would transfer me. That same day, I was transferred to Union. When officers came

to get me for the transfer, they recorded me on a handheld camera. One of the officers told me it was an emergency transfer.

9.      After I transferred to Union, I filed a grievance about getting physically assaulted and described what happened. I also requested that video footage be preserved.

Under 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on June 23, 2021.

Signed: */s/ Curley Williams*
Curley Williams

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE) )
HARVARD, *et al*., )
 )
   Plaintiffs, )
 )
v. )  Case No.: 4:19-cv-00212-MW-CAS
 )
 )
MARK S. INCH, *et al*., )
 )
   Defendants. )
_____

## <u>DECLARATION OF JOHN GILDAY</u>

I, John Gilday, declare under penalty of perjury:

1. I am currently assigned to Close Management 1 at Florida State Prison. Before I was at Florida State Prison, I was at Santa Rosa Correctional Institution from approximately September 2020 to May 28, 2021. In January 2021, I testified during a hearing that officers were asking me a lot of questions about my communications with the Plaintiffs' lawyers in this case. I make this declaration based on my own personal knowledge.

2. On May 20, 2021, while I was at Santa Rosa in G dormitory, I submitted a sick call to a nurse requesting to be seen by a medical staff member because I was having chest pains.

3.      Later that day, two officers came to my cell. One of them was Officer Goss. They handcuffed me behind my back and pulled me out of my cell. The officers also put ankle shackles on me. They escorted me to the G dormitory nursing station. I thought it was for my sick call request.

4.      When I entered the nursing station, the two officers escorting me came in with me. There were two nurses present in the room. I sat on the examination table. One of the nurses asked me something like, "Have you ever had a Santa Rosa welcome?" I took this as a threat, and I did not know how to respond.

5.      The nurse who asked me about the "Santa Rosa welcome" backhanded me in the chest. She then hit me multiple times. One of the officers punched me in the stomach. Then the other officer also punched me in the stomach, hard. It knocked the wind out of me. The second nurse hit me multiple times in the stomach, chest, face, and head. During the beating, I tried to ball up to protect myself, but my movement was limited because I was sitting on the exam table with my hands handcuffed behind my back.

6.      After it was over, no one conducted a medical exam on me. The officers took me back to my cell. That same day, I repeatedly asked to speak with a White Shirt (supervising) officer about what happened. One finally came and I spoke to him about what happened.

7.     I wrote multiple grievances both to the Santa Rosa Warden and the FDC Secretary about getting battered by FDC officers and medical staff and described what happened. I also asked that FDC review and preserve video footage from May 20, 2021.

8.     On approximately May 28, 2021, I was transferred to Northwest Florida Reception Center and then later to FSP.

9.     I wrote another grievance when I was at Northwest Florida Reception Center asking that the video from Santa Rosa from May 20, 2021, be preserved.


Under 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on June 29, 2021.


Signed: /s/John Gilday, DC# P90065

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)  )
HARVARD, *et al.*,    )
          )
    Plaintiffs,  )
          )
v.          )  Case No.: 4:19-cv-00212-MW-MAF
          )
          )
MARK S. INCH, *et al.*,   )
          )
    Defendants.  )

_____

## <u>DECLARATION OF ODELL LEE</u>

I, Odell Lee, declare under penalty of perjury:

1.  I testified in the hearing about retaliation in this case in January 2021. I am currently isolated in Close Management I at Santa Rosa Correctional Institution.  I make this declaration based on my own personal knowledge.

2.  Near the end of May 2021, officers put me on property restriction by taking my mattress, clothes, and property for about the next two weeks.  I was naked except for my boxer shorts.

3.  One morning in early June when I still did not have my mattress, property, or clothes, a team of administrative staff came through for an inspection of the unit.  I yelled out the crack of the side of my cell door that I had been

sleeping on a steel bunk for weeks without a mattress.  Sergeant Pugh and Major Richter were near my cell.  Sergeant Pugh said something about how I tried to sue him and then he called me a snitch.  Major Richter responded with something about how I needed to spell his name right.

4.      Sergeant Pugh delivers my legal mail from my attorneys in this case and often makes comments to me about it. He has called me a snitch loud enough for other people to hear at least three different times.   Recently, when I gave him a letter to mail to my lawyers, he threatened to break my fingers so that I couldn't write to them anymore.

Under 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on June 29, 2021, in Santa Rosa County, Florida.

Signed: /s/ Odell Lee

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse, on the behalf of:**

| Gresham | Dillon | J | U39504 | Santa Rosa C.I. |
|---------|--------|---|--------|-----------------|
| Last | First | Middle Initial | DC Number | Institution |

### Part A – Inmate Grievance

<span style="color:red">2105-119-257</span>

I am filing this Grievance without an attached DC6-236 Informal Grievance and by-passing the Informal Grievance Process because this is a Direct Formal Grievance dealing with Threats of Retaliation and physical Injury. On 5/24/2021 at about 12:00pm officer Aguirre Entered G-dorm Wing-2 and came to my cellbor G2221 and stared in. When I asked what was up, he said, "you ~~giving~~ Giving my officers a hard Time?" I then asked "What did I do wrong?" Officer Aguirre then took offense and told me the Answer to his Question was a "yes" or "no" Answer and told me not to "fuck" with his officers or he "had a way of getting Inmates to do his dirty work." I Again asked What I did wrong, Then Before officer Aguirre left my cellfront he said I'd snitched on Sgt Manners and Cpt. Reuleen to a judge and he'd heard I wrote alot of Grievances, and he stated that He'd have the Inmates Torture Me and Kick my Ass if I brought any of "that court shit "over here. He made it clear that these threats were about my Participation in a Civil Case Where I'd testified Against Sgt Manners and Cpt. Reuleen. This highly unprofessional Behavior and Criminal Activity will be supported by the Audio/Video Recording of G-dorm Wing-2 on 5-24-2021 around 12:00 PM.

As Relief, I'd like to Request this official be Properly Reprimanded and Punished for his Actions, I also Request Criminal charges be Pursued for Tampering with a Witness and that this officer be held in Contempt of Court for violating the Restrictions of interactions between oposing Parties and Interfering with this Civil Case. I Also would like to ~~request I be~~ Please Request that

| 5-24-2021 | _Sylvian_ U39504 |
|-----------|------------------|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_0_ / _Sylvian_
# / Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____ (Date)   Institutional Mailing Log #: _____

_____ (Received By)

**RECEIVED**
MAY 2 5 2021

DISTRIBUTION:
INSTITUTION/FACILITY
INMATE (2 Copies)
INMATE'S FILE
INSTITUTIONAL GRIEVANCE FILE

CENTRAL OFFICE
INMATE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)

Incorporated by Reference in Rule 33-103.006, F.A.C.

<span style="color:red">1061 Richter</span>

the Audio/Video be Preserved beyond the Standard Retention Period and That I Recieve No Form of Retaliation for submitting this Complaint in my Attempt to Exhaust Administrative Remedies.

Thank You! God Bless You!

Signature: Sylicia            DC#: U39504

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

119-2105-0396

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name Dillon "Dyliciz" Gresham | DC Number U39504 | Quarters G2221 | Job Assignment Cn | Date 5/21/21 |
|---|---|---|---|---|---|

**REQUEST**     Check here if this is an informal grievance ☑

on 5-21-21 at about 5:20Am officer Hansen approached my ☒ cell door during pick-up smiling and said "what's up" when I nodded and Accepted my meal officer Hansen then began to Taunt & Harrass me calling me a Snitch & Faggot then proceeding to tell both cells to either side of me not to deal with me because I was a snitch & Faggot. I did not create a disturbence and immediately requested to speak to an supervisor. Officer Hansen has violated Florida Law by harrassing and Hazing me & About my Sexual Preference. I want the Audio/video Recording Preserved and I would like to see Justice served by pursueing Criminal charges for this criminal Activity.
Officer Hansen Returned to my cell door at 5:35Am and told me that I was a bitch Ass Fuck boy "for telling on officer O'neil for PREA. This ~~crap~~ is evidence that officer Hansen is Acting in a Retaliatory Manner with this behavior

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): Dyliciz | DC#: U39504 |
|---|---|

log Jackson

**DO NOT WRITE BELOW THIS LINE**

**RECEIVED**
MAY 2 1 2021
BY: _____

**RESPONSE** Improper Conduct     DATE RECEIVED: _____

Your grievance has been received, reviewed, and evaluated.

You were given the opportunity to complete a DC6-112C: witness statement. You refused to make a statement concerning the allegations against staff. Furthermore the camera was reviewed and there was no evidence to support your allegations.

Therefore your informal grievance is denied

[The following pertains to informal grievances only.]
Based on the above information, your grievance is Denied. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): J Martin | Official (Signature): [signature] | Date: 6-25-21 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# INMATE REQUEST

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

119-2105-0429

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
(Check One)

☑ Warden
☑ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Dillon "Dylicia" Gresham | U39504 | G2221 | CM | 5-21-21 |

**REQUEST**                                                    Check here if this is an informal grievance ☑

On 5-21-21 at about 8:00AM officer Scruggs was making rounds in G-dorm wing-2 when he stopped at my door and noticed me in my cell. "When did we get you here?" I responded by telling him I just got moved to this dorm 2-days Ago. Officer Scruggs then smiled and said, "Good, We're gonna have fun with you, you snitched on me in C-dorm". I then made an announcement on the wing for Audio to hear that he was harrassing me and I layed down in my Bed so it would not be confused of me creating a disturbance. Officer Scruggs then left my cell stating "I'll be back for you Sweetie" Then left. This unprofessional and Threatening behavior now has me in fear for Retaliation from this Criminal. I wish to pursue Criminal Charges against officer Scruggs for his Hazing of my Transgender staths and for him violating the Law by

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: |
|---|---|
| [signature] Jaclin | |

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

**RECEIVED**
DATE RECEIVED: MAY 24 2021
BY: Stillwater

Your grievance has been received reviewed on stillwater. Upon reviewing your grievance and fixing camera there is no evidence on audio stating your claim Therefore your grievance is Denied.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____Denied_____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): [signature] | Official (Signature): [signature] | Date: 5-25-21 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Retaliating against me for my 🔴 Participation in the
Civil proceeding of Harvard V. Inch which was what caused
Scruggs to begin Threatening & Harcassing in the Past, Officer
Scruggs clearly Acknowledged that the Harrassment that I
put in this Complaint was followed from my Complaints In C-dorm
when he told me "You Snitched on me in C-dorm" because in
C-dorm I'd written Officer Scruggs up for Threatening
me if I spoke to the Lawyers About what happens on CM at
Santa Rosa. So since Officer Scruggs has provided his
own Evidence for the Audio Recording, I Request for
my Grievance, Justice. This officer has showed he is not
Responsible Enough nor disciplined enough to obey the Law
and follow Rules. A Corrections Job is to Rehabilitate, not
break the Law. Prison is a holding space for people who have
problems obeying the law. Officer Scruggs has a problem
obeying the Law and following Rules, Therefore he should
not have a Leadership or Supervisory position. He should
be housed in a Jail/Prison Setting until he proves he
can obey the Law & follow Rules.

I wish to Pursue Charges.
Please keep me free from All future Retaliation
for my Sexual Preference & for the Exhaustion of
Administrative Remedies.

Thank you & God Bless You!

~~END~~

Signature: Sylvia    DC#: U39504

Dillon "Dylicia" Gresham #U39504
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, Florida 32583

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

PENSACOLA FL 325
14 JUN 2021 PM 2 L

Florida Legal Services
c/o Jennifer Painter, Esq.
P.O. Box 533986
Orlando, Florida 32853

✱ Legal Mail ✱
Mailed 6-14-21