IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, et al.,

    *Plaintiffs*,

v.                                      Case No.:  4:19cv212-MW/MAF

MARK INCH, Secretary of Florida
Department of Corrections, et al.,

    *Defendants*.

_____/

## ORDER OF DISQUALIFICATION

I hereby disqualify myself from this matter pursuant to 28 U.S.C. § 455. I rarely disqualify myself from matters, but the circumstances here dictate that I recuse myself from this matter.

I understand that I have "as strong a duty to sit when there is no legitimate reason to recuse as [I] do[] to recuse when the law and facts require." *Nicholas v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). For example, I would not disqualify myself if there were only baseless personal attacks on me by one of the parties. *See id.*

I have become privy to relevant information about this case through an extrajudicial source. *See United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999). For the purposes of disqualification, it does not matter whether I learned these facts inadvertently or advertently. What matters is whether an "objective, disinterested,

1

lay observer fully informed of the facts underlying the . . . recusal . . . would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel. Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). That is, it is irrelevant how I became privy to the information or whether I believe I can be impartial; rather, the question is whether a reasonable person would believe I can be impartial based on the information I have learned. In making this decision, I must "carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning [my] impartiality might be seeking to avoid the adverse consequences of [me] presiding over their case." *In re Kan. Pub. Emp. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)).

Here, if a reasonable person were fully aware of the information I am privy to, they would absolutely entertain significant doubt about my impartiality. While I am confident that I would uphold my oath and be impartial in resolving this lawsuit, fairness to the parties and public confidence in the judiciary dictates that I recuse myself from this matter. I have full confidence in my colleagues on this Court to preside over the remainder of this case and judge it fairly and wisely.

**SO ORDERED on August 11, 2021.**

s/Mark E. Walker
**Chief United States District Judge**
