UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD; JEREMIAH HILL;
JUAN ESPINOSA; JEROME
BURGESS (a/k/a SHAM'LA GOD
ALLAH); JAMES W. KENDRICK,
JR.; JOHNNY HILL; and TRACEY
DEAN on behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.                               CASE NO.: 4:19-cv-00212-AW-MAF

RICKY DIXON, in his official
capacity as Secretary of the Florida
Department of Corrections, and
FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida,

    Defendants.
_____/

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER
FROM ANOTHER RULE 30(B)(6) DEPOSITION NOTICE**

Defendant, the Florida Department of Corrections ("FDC"), pursuant to Federal Rule of Civil Procedure 26(c), files this Motion for Protective Order from the (undated) Rule 30(b)(6) deposition notice served by Plaintiffs in this case because FDC has already been deposed and this deposition notice is cumulative, burdensome, overly broad, not proportional to the needs of the case and served

without first seeking leave from the Court. A copy of the subject deposition notice is attached as **Exhibit A** (hereinafter the "subject notice")**.**

Plaintiffs waited until one month before the close of discovery, after their expert reports and rebuttal reports had been served, to notice a another[1] Rule 30(b)(6) deposition on matters known to Plaintiffs before they deposed FDC's initial Rule 30(b)(6) witnesses in March 2021. Serial Rule 30(b)(6) depositions of a party are not allowed. A party cannot notice a second deposition without first obtaining leave of court. In support of this Motion, FDC states:

## Background

1.  On August 11, 2020, Plaintiffs served a Notice of Taking Deposition Duces Tecum, Pursuant to Federal Rule of Civil Procedure 30(b)(6).  A copy of that Notice is attached as **Exhibit B**.[2] That Notice identified 66 areas of inquiry covering topics generally related to security, classification, auditing, oversight, training, discipline, education, and programming.

2.  On November 2, 2020, counsel for the parties held a meet and confer to discuss this Notice.  Counsel for FDC raised a concern that this Notice seemed to omit topics relevant to this case, such as mental health, medical and disability

---

[1] Plaintiffs have in fact served five Rule 30(b)(6) deposition notices in this case to date. Following meet and confers, Plaintiffs failed to pursue two of those notices, which concerned retaliation allegations by Plaintiff Johnny Hill and Defendants' efforts to comply with Plaintiffs' discovery requests.

[2] This Notice was subsequently amended several times as to the dates of the deposition.

issues. Counsel for FDC advised that it objected to serial deposition notices and wanted all areas of inquiry identified before FDC's corporate representative deposition so that it could best determine which representatives should cover which topics.

3. On November 4, 2020, counsel for Plaintiffs sent an email which stated:

> Finally, we want to further address Defendants' concern about multiple 30(b)(6) notices. As we stated on the call, we anticipate this deposition being our only 30(b)(6) deposition on the security operations of MM, CM, AC, and DC. We plan on noticing future 30(b)(6) depositions on medical/mental health and ADA topics. At this time, we are also considering the need for a 30(b)(6) deposition on Defendants' efforts to reduce isolation, and the results of those efforts, as well as the 30(b)(6) topics we noticed on February 14, 2020 and amended on August 27, 2020. We don't anticipate any more right now, but just to be clear we can't definitively say there will be no further depositions that require deponents who have been designated.

4. Following this meet and confer, on December 11, 2020, Plaintiffs served a Notice of Taking Deposition Duces Tecum which included 51 areas of inquiry related to mental health, medical, and disability issues. A copy of that Notice is attached as **Exhibit C**.[3] No topics concerning "Defendants' efforts to

---

[3] This Notice was subsequently amended several times as to the dates of the deposition.

reduce isolation, and the results of those efforts" were included in this notice. And, no additional, separate notice regarding this area of inquiry was ever served.

5.  FDC's corporate representatives were deposed in March 2021. FDC produced 12 witnesses to cover the 117 areas of inquiry noticed. Those depositions lasted over 60 hours.

6.  FDC produced Rusty McLaughlin as the corporate representative to discuss classification-related issues. Mr. McLaughlin was deposed over two separate days. During his deposition, Plaintiffs' counsel posed many questions to him regarding FDC's "efforts to reduce isolation, and the results of those efforts." *See, e.g.,* Deposition Transcript of Rusty McLaughlin (3/3/2021), pp. 142-148, 153-158, 207-256, excerpts attached as **Exhibit D**.

7.  At no point following that deposition, did Plaintiffs seek to compel better testimony from Mr. McLaughlin (or FDC) or serve an additional Rule 30(b)(6) deposition notice.

8.  Instead, one year later, Plaintiffs served Notices of Taking Deposition for Secretary Ricky Dixon and Former Secretary Julie Jones. In arguing why they should be allowed to take these "apex" depositions, Plaintiffs took the position that they initially sought certain information from FDC's Rule 30(b)(6) corporate representatives, suggesting that these topics were covered under the previous Rule

30(b)(6) deposition notice, but that Plaintiffs had received unsatisfactory answers. *See* [D.E. 385, footnotes 3-8, 11-12, and 14].

9. On May 26, 2022, this Court determined that Plaintiffs had not met their burden in seeking to depose these "apex" officials and granted FDC's Motion for Protective Order. [D.E. 400]. The Court noted that "if defendants did not produce witnesses competent to address properly designated topics covering the information sought, plaintiffs had an alternate remedy: a Rule 37(a) motion to compel." *Id*., p. 6. And that "[w]ithout first pursuing that remedy, plaintiffs cannot use the Rule 30(b)(6) depositions to show extraordinary circumstances." *Id*.

10. Having failed to move to compel for those topics that Plaintiffs claimed were previously noticed, instead, five days later, and one month before the close of discovery, Plaintiffs served the subject deposition notice. *See* **Ex. A**. Despite the fact that FDC had been deposed in March 2021, Plaintiffs did not seek leave of court to serve the subject notice.

## Argument

### A. The Notice Should be Stricken as Plaintiffs Failed to First Seek Leave of Court to Depose FDC a Second Time.

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) requires a party to obtain leave of court to conduct a second deposition of a person who has already been examined in the case. FDC has already been deposed – back in March 2021. Plaintiffs did not seek FDC's consent for this additional deposition nor did they

5

seek leave of court to conduct this second deposition. Plaintiffs' failure to comply with Rule 30(a)(2)(A)(ii) deems this notice invalid. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001); *see also Porto Venezia Condominium Ass'n, Inc. v. WB Fort Lauderdale, LLC*, 2012 WL 2339703, *3 (S.D. Fla. 2012) (finding "dissimilar treatment of corporations and individuals under Rule 30 is inconsistent with the Rule's overall treatment of corporations and individuals"); *In Re Sufuric Acid Antitrust Litigation,* 2005 WL 1994105, *3 (N.D. Ill. 2005) (finding nothing in the text, history, or purpose of Rule 30 which supports the conclusion that for purposes of the prior judicial approval requirement for successive depositions, Rule 30(b)(6) depositions should be treated differently from depositions of individuals); *Sunny Isles Shopping Ctr., Inc. v. Xtra Super Food Ctrs., Inc.*, 2002 WL 32349792 (D.V.I. July 24, 2002) (concluding Rule 30(a)(2)(A)(ii) "has been held applicable to corporate depositions noticed pursuant to Rule 30(b)(6)"); *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, 2008 WL 3895474, *3 (D. Kan. Aug. 21, 2008) (holding leave of court is required before a party may take a second Rule 30(b)(6) deposition of a corporation or other entity).[4]

---

[4] FDC recognizes there is a split of authority in Florida federal district courts as to whether a party must first seek leave before serving a second Rule 30(b)(6) deposition notice and that the Eleventh Circuit has not yet determined this issue.

## B. Leave of Court Should Not Be Granted (Even if Requested)

Had Plaintiffs timely moved for leave to conduct this second deposition of FDC, such relief would only be granted if it was consistent with the provisions of Rule 26(b)(1) and (2).  *See* Federal Rule of Civil Procedure 30(a)(2).

### 1. The Notice is Not Consistent with Rule 26(b)(1)

Rule 26(b)(1) states:

> *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. Rule 26(b)(1).

The subject notice does not comply with Rule 26(b)(1) because it is not proportional to the needs of this case and the burden to prepare for this deposition outweighs any likely benefit.

It is important to note that Plaintiffs have already served their experts' initial reports and rebuttal reports. Thus, it is not clear why Plaintiffs need this information at this late stage.  Plaintiffs' choice to wait until the eleventh-hour to serve the subject notice demonstrates that either the information requested has

7

already been received through other sources of discovery –i.e. Mr. McLaughlin's testimony, document production, fact witness depositions – or it is not that important to their case. It is hard to fathom how discovery served a month before the close of discovery, after their experts have rendered their opinions, can concern information that is important in resolving the issues in this case.

Further, the areas of inquiry within the subject notice are overly broad and not proportional to the case. For example, in this case which seeks solely injunctive relief, Plaintiffs seek information dating back to January 1, 2015. *See* Ex. A, Topic 1. And, specific areas of inquiry concern documents and seminars created and attended in 2016. *Id.*, Topics 3-5, 7-8. Plaintiffs' quest for information dating back more than seven years is not proportional and not relevant to Plaintiffs' claim for injunctive relief.

Further, Plaintiffs' overly expansive definition of several terms used throughout the notice render the subject notice vague, ambiguous, and overly broad. For example areas of inquiry number 1, 9 and 10 seek a representative to testify regarding "HARM" or "RISK OF HARM." However, those terms are defined so broadly, *see* Ex. A, II, 2 and 7, that it is impossible for FDC to prepare a representative on these topics, much less in the weeks left before the close of discovery.

8

As defined, these terms include, for example, any negative consequence to physical health. The implications of this overly broad definition can be seen in applying that to Topic 1. Using this overbroad definition, Topic 1 would seek information on every medical appointment, medical encounter, post-use-of-force examination, blood pressure reading, or any other "assessment or review" of an individual inmate in restrictive housing during that past 7 years, if it concerns a potential negative consequence to that inmate's physical health. This is just one example of the difficulties that FDC will have in complying with the subject notice and what makes the subject notice not proportional to the needs of this case.

Another example is the fact that the definitions of "harm" and "risk of harm" (*see* Ex. A, p. 9) do not even correctly state the legal standard in Eighth Amendment conditions of confinement cases. Discovery into whether there is a "risk of harm" is irrelevant to the ultimate issue of whether there is a *substantial* risk of *serious* harm. Similarly, trying to ascertain whether there is a "potential" harm or risk of harm, as broadly defined, would be a meaningless and speculative waste of a corporate representative's time. Plaintiffs' overly broad definitions are not limited to the correct legal standard and therefore the subject notice does not comply with Rule 26(b)(1).

Finally, as to area of inquiry number 10, this topic seeks FDC's "opinion" which is improper for a Rule 30(b)(6) deposition. *See, e.g. Hannah v. Armor*

9

*Correctional Health Services, Inc.*, 2020 WL 3414999, *4 (M.D. Fla. 2020) ("Rule 30(b)(6) depositions are designed to discover facts only, not legal theories or contentions.")

    2. <u>The Notice is Not Consistent with Rule 26(b)(2)</u>

Rule 26(b)(2) states, in part:

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(2)(C).[5]

The subject notice does not comply with Rule 26(b)(2)(C) because it is unreasonably cumulative and duplicative, burdensome, and this discovery has already been obtained from numerous other sources.

To date, Plaintiffs have sought discovery into nearly all aspects of prison life in the Florida Department of Corrections. They have served 820 requests for production, 69 interrogatories, and 319 requests for admission. FDC has produced

---

[5] The other two subparts of Rule 26(b)(2) are not applicable to the issues presented.

over 2.76 million pages of documents -- many documents in response to requests for production on the same areas of inquiry identified in the subject notice. In fact, on the same date Plaintiffs served the subject notice, they served requests for admission seeking admissions from FDC on similar topics as those identified in the subject notice.

In addition, Plaintiffs sought this information from FDC's corporate representatives. For example, area of inquiry number 2 concerns issues regarding FDC's efforts to reduce the number inmates in restrictive housing. Yet, counsel for Plaintiffs already asked these questions of FDC's corporate representative Rusty McLaughlin. *See* **Ex. D**, pp. 144-148.

Areas of inquiry 3 through 5 concern the "Analysis of Segregation Process" (which Plaintiffs have known about since 2019). *See* [D.E. 165-1, p. 11]. Again, Mr. McLaughlin was questioned at length about this document as well as FDC's efforts following the creation of this document. *See* **Ex. D**, pp. 207- 256.

Area of inquiry number 6 concerns the Administrative Management Unit ("AMU"), which again, Mr. McLaughlin was questioned about. *Id.* at pp. 504-510.[6]

---

[6] Other senior-level witnesses, including Assistant Deputy Secretary of Institutions, Hope Gartman, and Regional Director, Angela Gordon, also have provided extensive deposition testimony on the Administrative Management Unit topic. *See* Deposition Transcript of Hope Gartman, pp. 182-190 and Deposition Transcript of Angela Gordon, pp. 83-90; 124-128, excerpts attached as **Exhibit E**.

11

And areas of inquiry 1, 9, and 10 seek testimony on the nebulous concept of a "risk of harm," yet, FDC's representatives on mental health and medical topics were asked these questions as well. *See* Deposition Transcript of Dr. Dean Aufderheide, pp. 280, 288, 289 and 290, excerpt attached as **Exhibit F**; Deposition Transcript of Paula Foskey, pp. 191-195, excerpt attached as **Exhibit G**.

If Plaintiffs' counsel failed to inquire further on these topics during FDC's corporate representative depositions, then that does not justify a second bite at the apple. All of these "new" topics in the subject notice were well-known to Plaintiffs. There is no justification in waiting until one month before the close of discovery to serve this notice and seek an additional deposition on topics that have already been discussed, or should have been discussed, during the first depositions.

To the extent Plaintiffs claim these topics cover new areas of inquiry that concern information they have not yet obtained in discovery, Plaintiffs cannot explain why they have not before sought this information. Plaintiffs had ample opportunity to obtain this information during the three years that this case has been pending. Defendants should not be forced to scramble at the last minute to prepare a witness to cover these overly broad topics simply because Plaintiffs lost their ability to depose Secretary Dixon or Former Secretary Jones.

Further, compliance with this notice (even if possible) places an undue burden on FDC during the last stretch of this case. Plaintiffs served this notice on

May 31, 2022, one month before the close of discovery. At that time, the depositions of the expert witnesses in this case had been set. Plaintiffs were well-aware that counsel for FDC would be preparing for, taking, and defending the expert depositions set for: June 1 (Dr. Venters), June 8 (Dr. Kraus), June 13 (Dr. Paulson), June 17 (Dr. Burns), June 21 (Dan Pacholke), June 22 (Dr. Barnes), June 23 (Martin Horn), June 24 (Dr. Haney), June 27 (Dr. Saathoff), June 28 (Larry Reid), and June 29 (Dr. Labrecque). Mediation is set for June 30th. There is simply insufficient time for FDC to prepare its witness(es) to cover these ten overly broad topics while simultaneously conducting expert depositions in this case, all before the close of discovery. Furthermore, FDC and its counsel should not be forced to stretch themselves thin, and be prejudiced as a result, in order to comply with this late service or Plaintiffs' bad planning.

    The areas of inquiry in the subject notice have been well-known to Plaintiffs since the inception of the case. Plaintiffs have sought discovery into these topics through depositions as well as written discovery. Plaintiffs' last-ditch effort to get this deposition simply because they lost their ability to take Secretary Dixon and Former Secretary Jones' deposition should not require FDC to undergo the burden of having to prepare a witness on these topics in the last few weeks of discovery while simultaneously working through expert depositions.

WHEREFORE, Defendant, the Florida Department of Corrections, seeks an order protecting it from this additional Rule 30(b)(6) deposition notice and for other relief as this Court deems appropriate.

## CERTIFICATE OF WORD COUNT

I certify that this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because this Memorandum contains 2,983 words, excluding the parts exempted by said Local Rule.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I CERTIFY that I personally communicated with opposing counsel by telephone on June 6, 2022, and through emails regarding the relief sought herein. Plaintiffs' counsel oppose the motion.

Respectfully submitted,

/ s / Samantha Duke
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:  dgerber@rumberger.com
            sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ, ESQUIRE
Florida Bar No. 1018568
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:   nsmith@rumberger.com
               jgrosholz@rumberger.com

and

JOSHUA D. LERNER, ESQUIRE
Florida Bar No.:  0455067
RUMBERGER, KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580
E-mail:  jlerner@rumberger.com

**Attorneys for Defendants,**
 **Mark Inch and Florida**
 **Department of Corrections**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Leonard J. Laurenceau at leo.laurenceau@splcenter.org; Kelly Jean Knapp at Kelly.knapp@splcenter.org;

15

Krista Dolan at Krista.dolan@splcenter.org; Dante Pasquale Trevisani at dtrevisani@floridajusticeinstitute.org; Laura Anne Ferro at lferro@floridajusticeinstitute.org and mllosa@floridajusticeinstitute.org; Kara Sheli Wallis at kwallis@floridajusticeinstitute.org; Andrea Costello at andrea@floridalegal.org; Christopher M. Jones at Christopher@floridalegal.org; Alexis Alvarez at alexis.alvarez@floridalegal.org; Rebecca R. Klonel at rebecca.klonel@floridalegal.org; and Lori Rifkin at lrifkin@rifkinlawoffice.com.

/ s / Samantha Duke
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:  dgerber@rumberger.com
           sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ, ESQUIRE
Florida Bar No. 1018568
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783

16

    E-mail: nsmith@rumberger.com
        jgrosholz@rumberger.com

and

JOSHUA D. LERNER, ESQUIRE
Florida Bar No.:  0455067
RUMBERGER, KIRK & CALDWELL
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580
E-mail:  jlerner@rumberger.com

**Attorneys for Defendants,**
 **Mark Inch and Florida**
 **Department of Corrections**