IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD, et al.,

     Plaintiffs,

v.                                      Case No. 4:19-cv-212-AW-MAF

RICKY DIXON, Secretary of Florida
Department of Corrections, et al.,

     Defendants.

_____/

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

The Secretary has moved for partial summary judgment as to Plaintiffs'
Eighth Amendment claims. ECF No. 343. He argues that the claims include facial
challenges to FDC's written policies and that Plaintiffs cannot win under the no-set-
of-circumstances standard typically applicable to facial challenges. He also argues
that because Plaintiffs seek to exclude the Youth and Serious Mental Illness
subclasses from isolation altogether, Plaintiffs needed to seek habeas relief—not
pursue a § 1983 claim. Having considered both sides' arguments, I now deny the
motion.

### I.

The Secretary first argues that "because Plaintiffs' position is that the
Confinement Policies [defined to include four provisions of Florida's Administrative
Code] violate the Eighth Amendment in *all* applications"—and because the relief

1

sought "would apply to *all* inmates"—the challenge is facial regardless of the label Plaintiffs use. ECF No. 343 at 15-16. The Secretary correctly notes that Plaintiffs' precise claims remain unclear. And it is true that Plaintiffs have pointed to some of the regulations as relevant to their Eighth Amendment claim. But in the end, I cannot agree with the Secretary that Plaintiffs' claim (or part of it) is that the Confinement Policies are facially invalid.

"As a general matter, courts strongly disfavor facial challenges" because of their underdeveloped records, risk of anticipating questions of constitutional law, and risk of interfering with the democratic process. *Am. Fed'n of State, Cnty. & Mun. Emps. Council 79 v. Scott*, 717 F.3d 851, 864 (11th Cir. 2013) (citing *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450-51 (2008)). Thus, "courts construe a plaintiff's challenge, if possible, to be as-applied." *Id.* And courts have done so even when *plaintiffs* designated their claim as a facial challenge. *See e.g., Harrell v. Fla. Bar*, 608 F.3d 1241, 1259 (11th Cir. 2010); *Jacobs v. Fla. Bar*, 50 F.3d 901, 905 & n.17 (11th Cir. 1995); *cf. also Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010) (facial challenge preserved by an as-applied claim where facial "remedies [were] necessary to resolve [the] claim" but discussing judicial restraint concerns and the absence of a narrower ground for resolution).

Here, Plaintiffs disclaim any notion that they challenge the facial validity of any particular regulation. They challenge various "policies and practices."[1] ECF No. 309 ¶ 198. They ask the court to "adjudge and declare that the *conditions, acts, omission, policies, and practices* of Defendants and their agents, officials, and employees" violate the Eighth Amendment. *Id.* ¶ 226. Thus, there is no real dispute or controversy as to the constitutional validity of the Confinement Policies standing alone because Plaintiffs do not challenge those policies in isolation. *Cf. TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) ("Under Article III, federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question."). Plaintiffs seek to challenge a combination of FDC's policies and practices—a combination that Plaintiffs contend violates the Constitution.

Finally, the relief Plaintiffs seek does not support construing the claims as facial claims. Plaintiffs do not seek a declaration that the written policies are invalid or an injunction prohibiting their enforcement.

---

[1] Plaintiffs are not, as the Secretary argues, judicially estopped from framing their claim this way because of positions they took in previous filings. *See* ECF No. 350 at 4-5 (citing ECF Nos. 52, 54). The Secretary points to no statement in which Plaintiffs asserted that they challenged only FDC's written policies—facially or otherwise.

## II.

The Secretary next seeks summary judgment as to the Youth and Serious Mental Illness (SMI) subclass claims, contending those claims are not cognizable under § 1983 and must be brought as habeas claims. ECF No. 343 at 27-28.[2]

This court already rejected a similar argument on a motion to dismiss. *See* ECF No. 54 at 18-19. *Compare* ECF No. 28-1 at 40 ("If Plaintiffs are challenging the disciplinary decisions that led to their restrictive housing confinement or the length of the confinement imposed—which appears to be a purpose of the claims— then those Plaintiffs should have brought a writ for habeas corpus relief and their present action must be dismissed."), *with* ECF No. 343 at 27 ("Plaintiffs seek to exclude the Youth and SMI subclasses from restrictive housing. However, this type of relief is only available pursuant to a writ for habeas corpus . . . ." (citations omitted)). The argument must be rejected here too.

Plaintiffs' Eighth Amendment claims challenge the *conditions* inmates experience in solitary confinement. Plaintiffs assert that a question in this case is whether "people with serious mental illness [and young people under 21 years old] should be excluded from isolation under FDC's isolation policies and practices to

---

[2] As a preliminary note, the motion addressed class claims, and I have since denied class certification. ECF No. 419. So I will treat this motion as one targeted to claims of the named Plaintiffs who would have fallen into each of the proposed subclasses.

prevent serious risk of mental and physical harm." ECF No. 309 ¶¶ 178, 185. In other words, Plaintiffs' challenge presents the question of whether the *conditions* in solitary confinement (as FDC currently uses it) are too extreme for youth and those with mental illness to square with the Eighth Amendment. This question does not transform the Eighth Amendment claim into one challenging "the fact or duration of [their] confinement," where habeas is the exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). The claims are properly understood as being about "the 'circumstances of [] confinement' but not the validity of [the] conviction and/or sentence." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)); *see also Nance v. Ward*, 142 S. Ct. 2214, 2224 (2022) ("suits can be brought under § 1983 [when] . . . they attack not the validity of a conviction or sentence, but only a way of implementing the sentence. (They concern, in other words, how the prescribed incarceration is being carried out.)").

The Secretary cites *Banks v. Jones*, to support his argument that habeas was the appropriate vehicle for these claims. ECF No. 343 at 27 (citing 232 So. 3d 963, 966 (Fla. 2017)). But *Banks* does not help. For one, it did not deal with § 1983 or federal habeas. Instead, the Florida Supreme Court simply held that an inmate could use habeas (rather than mandamus) to challenge the *decision* to place him in isolation because inmates "may have a limited liberty interest in being housed with the general

population." 232 So. 3d at 966. Here, Plaintiffs do not challenge disciplinary decisions that placed them in isolation (or will later place them in isolation)—or determinations about how long they would remain in isolation. Thus, it is not the fact of Plaintiffs' placement in isolation (or the sufficiency of the process used to place them there) that is at issue here—it is the constitutionality of the conditions Plaintiffs face while in isolation.[3]

In sum, these are not habeas claims that were inappropriately brought under § 1983, and summary judgment is not warranted.

The motion (ECF No. 343) is DENIED.

SO ORDERED on July 27, 2022.

s/ *Allen Winsor*
United States District Judge

---

[3] In unpublished decisions, the Eleventh Circuit has drawn similar conclusions. *See Melendez v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 1124753, at *20 (11th Cir. Apr. 15, 2022) (finding "that § 1983 [was] a proper vehicle for the Eighth Amendment claim" about confinement and did not "result in altering the legality or duration of Melendez's term of confinement" even where the relief sought involved release from confinement); *Daker v. Warden*, 805 F. App'x 648, 650-51 (11th Cir. 2020) (concluding that "claim[] [] that [inmate] was denied adequate food and medical care and was exposed to unsanitary conditions" while in disciplinary segregation was only cognizable under § 1983 while procedural due process claim about disciplinary segregation placement could be brought under habeas).