UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
**Tallahassee Division**

|  |  |
|---|---|
| JAC'QUANN (ADMIRE) HARVARD, et al., | ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) Case No.: 4:19-cv-00212-AW-MAF ) |
| RICKY DIXON, et al., | ) ) ) |
| *Defendants*. | ) ) |

## NOTICE OF LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR CASE MANAGEMENT CONFERENCE

Pursuant to their legal and ethical obligations under federal law, Plaintiffs, by and through their counsel, hereby notify the Court that it no longer appears to have subject matter jurisdiction over five of the seven individual Plaintiffs' claims due to the absence of a continuing case or controversy with respect to their individual claims for relief.[1]

---

[1] In researching this unusual procedural posture, the cases Plaintiffs found discussed attorneys' duty to "inform" or "advise" the Court of an absence of continuing case or controversy. *See, e.g., Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 518 F.3d 1302, 1304 (11th Cir. 2008) (citing approvingly *Merkle v. Guardianship of Jacoby,* 912 So.2d 595, 600 (Fla. 2d DCA 2005) ("During the pendency of an appeal, the duty of candor imposes an obligation on counsel to notify the court of any development that may conceivably affect the outcome of the litigation, including facts that may raise a question of mootness."); *id.* (citing approvingly *84 Lumber Co. v. Cooper,* 656 So.2d 1297, 1300 (Fla. 2d DCA 1994) ("We strongly emphasize, therefore, an attorney's ethical obligation, as an officer of the court, to immediately raise before a trial court

1

Plaintiffs filed this case as a putative class action for injunctive and declaratory relief on May 8, 2019, alleging that Defendants' use of solitary confinement violates the Eighth Amendment, Americans with Disabilities Action, and Section 504 of the Rehabilitation Act. ECF 1. At the time Plaintiffs filed this case, all Named Plaintiffs were subject to long-term Restrictive Housing in the Florida Department of Corrections. However, over the course of the litigation, Defendants have transferred Plaintiffs Harvard, Burgess, Espinosa, Kendrick, and Jeremiah Hill out of solitary confinement. While that did not render their injunctive relief claims moot insofar as they were serving as representatives for the putative class, following the Court's denial of class certification on July 25, 2022, ECF 419, their claims now appear moot, divesting this Court of subject matter jurisdiction.

Counsel has a continuing duty of candor to inform the Court when there are developments that "could have the effect of depriving the Court of jurisdiction due

---

the fundamental issue of lack of subject matter jurisdiction, after it becomes apparent ....")); *Sims v. State of Fla., Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1463 (11th Cir. 1989) (Tjoflat, dissenting) ("Sims' attorney should have advised the court of this development immediately."). Plaintiffs considered and broached with Defendants filing a motion for voluntary dismissal, but if the Court no longer has subject matter jurisdiction, such a motion does not appear appropriate. *See, e.g.*, *Burns v. Superior Goods Inc.*, 2021 WL 512238, *8-9 (N.D. Ala. Feb. 11, 2011) ("[I]f there is reason for a court to believe that it does not have *subject matter jurisdiction*, the court must address that issue before ruling on a motion for voluntary dismissal.") (emphasis in original, internal punctuation omitted) (quoting *Walter Kidd Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1342 (Fed. Cir. 2007)); *see also Harden v. Field Mem'l Cmty. Hosp.*, 265 Fed. App'x 405, 407-8 (5th Cir. 2008) ("[W]e find that the district court did not err by first resolving its jurisdictional concern … before ruling on her Rule 41(a)(2) motion."). Plaintiffs therefore file this Notice and seek the Court's direction on how to proceed.

to the absence of a continuing case or controversy." *Bd. of License Comm'rs v. Pastore*, 469 U.S. 238, 240 (1985); *see also Alvarez Perez v. Sanford-Orland Kennel Club, Inc.*, 518 F.3d 1302, 1304 (11th Cir. 2008) (admonishing counsel for failing to disclose facts that raise a question of mootness). "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir.1998); *see also Philippeaux v. Apartment Inv. & Mgmt. Co.,* 598 F. App'x 640, 642–43 (11th Cir. 2015) ("Article III of the United States Constitution limits the jurisdiction of federal courts to case and controversies, and a federal court has no authority to give opinions upon moot questions.") (internal punctuation omitted) (citing *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167 (11th Cir. 2012)).

When this case commenced, Plaintiffs Harvard, Burgess, Espinosa, Kendrick, and Jeremiah Hill were indefinitely housed in long-term Restrictive Housing. ECF 1 at ¶¶ 13, 18, 29, 34, 40. Defendants subsequently transferred Ms. Harvard to the general prison population in November 2020 (ECF 309 at ¶ 13),[2] Mr. Burgess in September 2019 (*id.* at ¶ 30), Mr. Espinosa in November 2019 (*id.* at ¶ 25), Mr. Jeremiah Hill in January 2022, and Mr. Kendrick in July 2022. These Plaintiffs

---

[2] Ms. Harvard was initially transferred to a mental health unit for people in long-term Restrictive Housing, but is now in a mental health unit for people in the general prison population.

3

currently remain in the general prison population and are therefore no longer subject to the solitary confinement conditions for which they sought injunctive relief.

Despite these Plaintiffs' transfers out of Restrictive Housing, this Court retained jurisdiction over their putative class claims. *See Stein v. Buccaneers Ltd. Partnership*, 772 F.3d 698, 707 (11th Cir. 2014) (explaining that the "relation-back doctrine allows a named plaintiff whose individual claims are moot to represent class members"); *see also Amador v. Andrews*, 655 F.3d 89, 99 (2nd Cir. 2011) ("We conclude that the relation-back doctrine applies to the claims of the plaintiffs who have been released and preserves their [injunctive] claims for adjudication for purposes of a class action.").

The denial of class certification, however, raises the question of whether the Court retains jurisdiction for these Plaintiffs' claims because there is now no meaningful injunctive or declaratory relief available to them as individuals. *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.") (citing to *Dudley v. Stewart*, 724 F.2d 1493, 1494-95 (11th Cir. 1984)); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. 1981) ("[A] suit brought as a class action must as a general rule be dismissed for mootness when the personal

claims of the named plaintiffs are satisfied and no class has properly been certified.").

Accordingly, Plaintiffs file this Notice to inform the Court of the potential non-justiciability of Plaintiff Harvard's, Burgess's, Espinosa's, Kendrick's, and Jeremiah Hill's individual claims and request a case management conference to determine how this case will proceed.

Dated: September 2, 2022	Respectfully Submitted,

<div style="margin-left: 3em;">

*s/ Kelly Knapp*
Kelly Knapp
Fla. Bar No. 1011018
Krista Dolan
Fla. Bar No. 1012147
Southern Poverty Law Center
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: (786) 457-7310
kelly.knapp@splcenter.org
krista.dolan@splcenter.org

Dante P. Trevisani
Fla. Bar No. 72912
Kara S. Wallis
Fla. Bar No. 1028563
Florida Justice Institute, Inc.
P.O. BOX 370747
Miami, FL 33137
Telephone: (305) 358-2081
dtrevisani@floridajusticeinstitute.org
kwallis@floridajusticeinstitute.org

</div>

>Andrea Costello
>Fla. Bar No. 532991
>Christopher M. Jones
>Fla. Bar No. 994642
>Rebecca Klonel
>Fla. Bar No. 1028003
>Maite Garcia
>Fla. Bar No. 99770
>Florida Legal Services
>122 E. Colonial Drive, Suite 100
>Orlando, FL 32801
>Telephone: (407) 801-0332
>andrea@floridalegal.org
>christopher@floridalegal.org
>rebecca.klonel@floridalegal.org
>maite.garcia@floridalegal.org
>
>Lori Rifkin*
>CA Bar No. 244081
>Rifkin Law Office
>3630 High St. #18917
>Oakland, CA
>Telephone: (510) 414-4132
>lrifkin@rifkinlawoffice.com
>
>*Admitted Pro hac vice*
>
>**Attorneys for Plaintiffs**

## Certificate of Word Limit

The undersigned counsel certifies compliance with the word count limitations set forth in Local Rule 7.1(F). This memorandum contains 1,112 words.

/s/ Kelly Knapp
Kelly Knapp
Fla. Bar No. 1011018