UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE) HARVARD; JEREMIAH HILL; JUAN ESPINOSA; JEROME BURGESS (a/k/a SHAM'LA GOD ALLAH); JAMES W. KENDRICK, JR.; JOHNNY HILL; and TRACEY DEAN on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

CASE NO.: 4:19-cv-00212-AW-MAF

RICKY DIXON, in his official capacity as Secretary of the Florida Department of Corrections, and FLORIDA DEPARTMENT OF CORRECTIONS, an Agency of the State of Florida,

    Defendants.

_____/

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF LACK OF SUBJECT MATTER JURISDICTION [D.E. 432]

Defendants, Ricky Dixon, in his official capacity as Secretary of the Florida Department of Corrections and the Florida Department of Corrections ("the Department" or "FDC") (collectively, "Defendants"), pursuant to this Court's order, [D.E. 435], respond to Plaintiffs' Notice of Lack of Subject Matter Jurisdiction, [D.E. 432], by stating the following:

1. As is their pattern, Plaintiffs have yet again changed their position in this case in an effort to suit their present needs. Despite the fact that Plaintiffs have since its inception made this lawsuit about Administrative Confinement (AC), Disciplinary Confinement (DC), Close Management (CM), and Maximum Management (MM),[1] Plaintiffs now claim that this Court lacks subject matter jurisdiction over five of the named Plaintiffs' claims because evidently the case was only about "long-term Restrictive Housing" and five of the seven named Plaintiffs have been removed from "long-term Restrictive Housing." This transparent effort to avoid Defendants' opposition to Plaintiffs' request to voluntarily dismiss their claims without the imposition of fees and costs as condition of dismissal should not be condoned by the Court.[2] The circumstances of the five named Plaintiffs' claims demonstrate that their cases are not moot and the Court should retain jurisdiction over their claims in this lawsuit.

---

[1] *See, e.g.*, [D.E. 309, ¶¶ 81–85, 108, 109, 112, 158, 169, 176, 183, 190; D.E. 311, p. 3; D.E. 311-7, ¶ 4; D.E. 311-5, ¶ 7; D.E. 311-1 ¶ 4; D.E. 311-6, ¶ 3, D.E. 311-4, ¶ 3; D.E. 370, p. 4; D.E. 311-13, ¶ 1 n.1; D.E. 311-10, ¶ 1; D.E. 65-1, p. 18 ("This request seeks relevant information because Plaintiffs allege that the conditions in Disciplinary Confinement subject people to a substantial risk of serious harm."), p. 19 ("This request seeks relevant information because Plaintiffs allege that the conditions in Administrative Confinement subject people to a substantial risk of serious harm.")].

[2] Plaintiffs' claim that their case became moot upon denial of the class certification motion rings hollow. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 407 (1980) (finding an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though the class certification has been denied).

2. On July 25, 2022, this Court denied Plaintiffs' Motion for Class Certification. [D.E. 419]. On August 19, 2022, counsel for both parties spoke over the telephone about Plaintiffs' desire to dismiss their claims under Rule 41. On August 24, 2022, counsel for Defendants informed Plaintiffs' counsel that they would oppose any motion for voluntary dismissal if the court does not condition dismissal upon Plaintiffs paying costs and fees. About a week later, Plaintiffs filed the subject Notice.

3. In the Notice, Plaintiffs allege the Court lacks subject matter jurisdiction because they are no longer housed in "long-term Restrictive Housing" – a term that goes undefined. [D.E. 432, p. 2]. Based on the dates listed, it appears Plaintiffs define "long-term Restrictive Housing" as the Close Management housing status. *Id.* at p. 3.

4. However, this case has never been about only CM. It has always been about AC, DC, CM, and MM. *See supra* n.1; *see also* [D.E. 356-1 (Declaration of Carl Wesley Kirkland Jr.), ¶¶ 6–22 (explaining the different levels of restrictive housing)]. Plaintiffs cannot now claim that the Court lacks subject matter jurisdiction simply because Plaintiffs have been released from CM when their claims have always focused on all levels of restrictive housing.

5. Plaintiffs' complaint and class certification filings unequivocally include AC and DC. And throughout the course of this multi-year litigation,

Plaintiffs inundated Defendants with discovery regarding AC and DC, engaged in motion practice to obtain such discovery, and forced the Department to expend millions of dollars litigating every last detail of each level of restrictive housing. It is nothing short of frivolous for Plaintiffs to now assert that the case was solely about CM.

6. Plaintiffs omit from their Notice the fact that four of five of the subject Plaintiffs have been placed on AC and DC for various reasons since the time they were released from CM.[3] For example, Plaintiff Burgess has been placed on AC 9 times and DC 3 times since he was release from CM in August 2019. Plaintiff Jeremiah Hill has been placed on AC 2 times since he was released from CM in January 2022. Plaintiff Espinosa has been placed on AC 5 times since his release from CM in October 2019. And, Plaintiff Harvard has been placed on AC 1 time and DC 1 time since her release from the Secure Treatment Unit in November 2020.

7. Nevertheless, Plaintiffs' Notice essentially asks this Court to rewrite history and presume the claims in this case were only ever about CM or "long-term Restrictive Housing" – whatever that may be. But that is not the case. Defendants have been vigorously fighting Plaintiffs' challenge to restrictive housing, which included the AC and DC housing statuses, throughout this case. Plaintiffs cannot

---

[3] Plaintiff Kendrick was released from CM in July 2022. As discussed below, he has been placed in AC and DC countless times during his incarceration.

4

now simply claim, in an obvious attempt to evade the requirements under Rule 41, that this case was only about "long-term Restrictive Housing." To allow this farce to continue would allow these five Plaintiffs to dismiss their claims without complying with the requirements of Rule 41 or giving Defendants the protection for such claims, as pled, under Rule 41(d).

8. Contrary to their new position, the claims in this case concern the four levels of restrictive housing at FDC, including AC and DC. As such, Plaintiffs' claims are not moot as an exception to the mootness doctrine applies.

9. "The doctrine of mootness derives directly from the [Article III] case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (per curiam) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* at 1336 (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.*

10. There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911). "[I]n the absence of a class action, the 'capable of repetition, yet evading review' doctrine [i]s limited to the situation where two elements combine[ ]: (1) the challenged action [i]s in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party w[ill] be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam); *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343 (11th Cir. 2014) (adopting the same two-prong test).

11. Here, Plaintiffs' claims meet this exception. First, AC and DC are of a "duration too short to be fully litigated prior to its cessation or expiration." *See* [D.E. 356-1, ¶ 12 (explaining average length of time in AC was 11-12 days), ¶ 17 (average length of time in DC is 17 days)].

12. Second, there is a reasonable expectation that Plaintiffs Harvard, Burgess, Kendrick, Jeremiah Hill, and Espinosa will be subjected to the same action again, i.e., AC and DC. As was the case in *Bourgeois v. Peters*, 387 F.3d 1303, 1309 (11th Cir. 2004), FDC takes the position that its restrictive housing policies are constitutional and has continued to implement these policies despite this ongoing litigation. Furthermore, these Plaintiffs' own behavior demonstrates

6

that it is not speculative that they will engage in behavior that will warrant placement in at least AC or DC in the future.

13. Since her incarceration, Jac'Quann Harvard has been placed on AC 6 times, DC 16 times, and CM 1 time. Since being released from the Secure Treatment Unit in November 2020, Ms. Harvard was placed on AC 1 time and DC 1 time.

14. Since his incarceration, Jerome Burgess has been placed in AC 59 times, DC 33 times, and CM 5 times. Since being released from CM in August 2019, Mr. Burgess has been placed on AC 9 times and DC 3 times.

15. Since his incarceration, James Kendrick has been placed on AC 27 times, DC 35 times, CM 1 time, and MM 1 time. Mr. Kendrick was released from CM in July 2022.

16. Since his incarceration, Jeremiah Hill has been placed on AC 19 times, DC 11 times, and CM 2 times. Since being released from CM in January 2022, Mr. Hill was placed on AC 2 times.

17. Since his incarceration, Juan Espinosa has been placed on AC 13 times, DC 2 times, and CM 1 time. Since being released from CM in October 2019, Mr. Espinosa has been placed on AC 5 times.

18. The Plaintiffs' own conduct demonstrates that there is a reasonable expectation that they will be placed in AC or DC in the future.

19. In fact, Defendants raised this concern as it pertains to standing with their Motion to Dismiss the Amended Complaint based on allegations indicating that Plaintiff Harvard was in the Secure Treatment Unit[4] and then-Plaintiff Meddler was no longer confined. [D.E. 28-1, pp. 12–13]. In response, Plaintiffs argued that "Plaintiffs have requested that Defendants develop a plan to eliminate the substantial risk of serious harm and cease their discriminatory conduct, demonstrating the redressability of their injuries. Without injunctive relief, Plaintiffs are certain to suffer future harm." [D.E. 42, p. 12 (citing *Thomas v. Bryant*, 614 F.3d 1288, 1319 (11th Cir. 2010))].

20. Plaintiffs argued that Harvard and Meddler "demonstrate that they continue to suffer from a real and immediate threat of future injury from Defendants' isolation policy and practice." [D.E. 42, p. 13].

> Specifically, Plaintiff Harvard alleges that although she is currently hospitalized, she remains assigned to Close Management, and Defendants returned her directly to isolation the 20 other times she was hospitalized. Plaintiff Meddler alleges that she has a history of receiving multiple minor disciplinary infractions and Defendants have threatened to send her back to isolation if she receives another infraction for any reason. These facts show that the likelihood of future injury "is not contingent upon events that are speculative."

*Id.* at pp. 13–14 (internal quotations and citation omitted).

---

[4] Plaintiffs take the position that the Secure Treatment Unit is not restrictive housing. [D.E. 370, p. 5].

21.  The exception to the mootness doctrine applies here. Plaintiffs cannot now claim that this case is only about Close Management and therefore argue the Court lacks subject matter jurisdiction in an attempt to evade the requirements under Rule 41.

22.  Construing Plaintiffs' Notice as a motion for voluntary dismissal under Rule 41(a)(2), this Court has broad discretion to condition any dismissal "on terms that [it] considers proper." Fed. R. Civ. P. 41(a)(2); *see also Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012). "The purpose of [Rule 41(a)(2)] is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) (internal quotations and citation omitted).

23.  Here, the Court can and should "exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties," and "impos[e] . . . such conditions to the dismissal as are deemed appropriate." *Pohl v. MH Sub I, LLC*, 407 F. Supp. 3d 1253, 1256 (N.D. Fla. 2019) (quoting *McCants*, 781 F.2d at 857). Such conditions in this case should include conditioning dismissal on Plaintiffs bearing some or all of Defendants' costs and fees.

24. Not only is conditioning a dismissal of Plaintiffs' claims on payment of Defendants' costs and fees equitable, "it is common to condition dismissal on the payment of the defendant's costs." *McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1020 (11th Cir. 1999); *see also McCants*, 781 F.2d at 857 (stating that in exercising its discretion, the court must "impos[e] such costs and attaching such conditions to the dismissal as are deemed appropriate"). "Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." *McCants*, 781 F.2d at 860.

25. Indeed, it has long been the precedent of this Circuit that "[t]here is no doubt that a court has ample authority to award attorneys' fees as a term and condition of a Rule 41(a)(2) voluntary dismissal in order to protect defendants." *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129 n.9 (5th Cir. 1978); *see also Yoffe v. Keller Indus., Inc.*, 582 F.2d 982, 983–84 (5th Cir. 1978) (denying petition for rehearing and upholding award of attorney's fees, noting district court "has power to impose reasonable conditions on this extraordinary relief"). In fact, courts in this Circuit have routinely found it proper—in a variety of contexts—that plaintiffs seeking voluntary dismissal bear defendants' costs and fees as a condition of dismissal under Rule 41(a)(2). *See, e.g.*, *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) (case brought by seaman under the Jones Act); *Am. Cynamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963) (negligence case); *Ortega v.*

*Banco Central del Ecuador*, 205 F.R.D. 648, 650 (S.D. Fla. 2002) (fraud and defamation case); *Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 686–87 (N.D. Ga. 1997) (nationwide class action for various claims, including fraud and false advertising); *see also* Wright & Miller, *Federal Practice & Procedure* § 2366 n.9 (4th ed. 2022) (collecting cases and noting "usually the district judge at least will require that the plaintiff pay some or all of the defendant's litigation costs," and that this "practice has become commonplace").

26. Not only is conditioning dismissal of Plaintiffs' claims on terms that include bearing Defendants' costs and fees equitable, it is also necessary to protect Defendants from repetitive and vexatious litigation. If this Court, per Plaintiffs' Notice, dismisses five of the seven named Plaintiffs' claims for lack of jurisdiction, Defendants are powerless to prevent suits by these exact same individuals in the future brought upon the exact same grounds. *See Payne v. Panama Canal Co.*, 607 F.2d 155, 158 (5th Cir. 1979). Unless Plaintiffs agree to permanently withdraw their claims for equitable relief, any dismissal on jurisdictional grounds would be without prejudice and would not bar future actions. *Id.*; *cf. Deakins v. Monaghan*, 484 U.S. 193, 200–01 (1988) (finding dismissal for mootness was appropriately with prejudice when plaintiffs agreed to permanently withdraw their claims for equitable relief); *see also Berger v. Gil*, No. 14-CV-61294, 2016 WL 11706258, at

11

*3–4 (S.D. Fla. Sept. 12, 2016) (finding voluntary dismissal with prejudice appropriate given the time and expense litigating the action).

27. Absent any preventative or curative conditions, a dismissal solely on jurisdictional grounds leaves Defendants with no protections against future lengthy, costly litigation that Plaintiffs may decide to request be dismissed after many years on a whim. Respectfully, this is not equitable, and cuts against the purpose of Rule 41(a)(2), which "exists chiefly for protection of defendants." *Fisher v. P.R. Marine Mgmt. Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991); *see also McCants*, 781 F.2d at 856. Thus, not only can this Court condition any dismissal on Plaintiffs bearing Defendants' costs and fees, in the event the Court grants Plaintiffs' requests for dismissal and the named Plaintiffs subsequently "file[] an action based on or including the same claim against the same defendant[s]," this Court "may order the plaintiff[s] to pay all or part of the costs of that previous action; and . . . stay the proceedings until the plaintiff[s] ha[ve] complied." Fed. R. Civ. P. 41(d).

28. Accordingly, this Court should find the relevant five named Plaintiffs' claims are not moot, but that even if they are, the capable of repetition yet evading review exception to the mootness doctrine applies and retain jurisdiction over these named Plaintiffs and their claims. To the extent the Court construes Plaintiffs' Notice as a request for voluntary dismissal under Rule 41(a)(2), it should only

grant such a dismissal on the condition that Plaintiffs bear some, or all, of Defendants' costs and attorney's fees, whether such costs and fees be borne at time of dismissal or, should these individuals file suit against Defendants in the future, at that time, pursuant to Rule 41(d). Doing so is the most equitable means to do justice between the parties, and also ensures Defendants are protected against potential vexatious future actions by these named Plaintiffs.

WHEREFORE, Defendants respectfully request this Court deny Plaintiffs' request to dismiss their claims for lack of subject matter jurisdiction and retain jurisdiction over this case, including to rule upon the conditions the Court should impose upon Plaintiffs' voluntary dismissal of their claims and to grant whatever other relief the Court deems necessary and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

The undersigned certifies this Memorandum complies with Local Rule 7.1(F) because it contains 2,885 words.

Respectfully submitted,

/ s / Nicole Smith
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873

Telephone: (407) 872-7300
Telecopier: (407) 841-2133
Email: dgerber@rumberger.com
          sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ, ESQUIRE
Florida Bar No. 1018568
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone: (850) 222-6550
Telecopier: (850) 222-8783
E-mail: nsmith@rumberger.com
           jgrosholz@rumberger.com

**Attorneys for Defendants,
 Mark Inch and Florida
 Department of Corrections**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Kelly Jean Knapp at Kelly.knapp@splcenter.org; Krista Dolan at Krista.dolan@splcenter.org; Dante Pasquale Trevisani at dtrevisani@floridajusticeinstitute.org and mllosa@floridajusticeinstitute.org; Kara Sheli Wallis at kwallis@floridajusticeinstitute.org; Andrea Costello at andrea@floridalegal.org; Christopher M. Jones at Christopher@floridalegal.org; Rebecca R. Klonel at

rebecca.klonel@floridalegal.org; Maite Garcia at maite.garcia@floridalegal.com; and Lori Rifkin at lrifkin@rifkinlawoffice.com.

/ s / Nicole Smith
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:  dgerber@rumberger.com
        sduke@rumberger.com

and

NICOLE SMITH, ESQUIRE
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ, ESQUIRE
Florida Bar No. 1018568
RUMBERGER, KIRK & CALDWELL
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:  nsmith@rumberger.com
        jgrosholz@rumberger.com

**Attorneys for Defendants,
  Mark Inch and Florida
  Department of Corrections**