UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAC'QUANN (ADMIRE)
HARVARD; JEREMIAH HILL;
JUAN ESPINOSA; JEROME
BURGESS (a/k/a SHAM'LA GOD
ALLAH); JAMES W. KENDRICK,
JR.; JOHNNY HILL; and TRACEY
DEAN on behalf of themselves and all
others similarly situated,

      Plaintiffs,

vs.                                      CASE NO.: 4:19-cv-00212-AW-MAF

RICKY DIXON, in his official
capacity as Secretary of the Florida
Department of Corrections, and
FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida,

      Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' *ORE TENUS*
MOTION TO DISMISS WITH PREJUDICE**

    Defendants, Ricky Dixon, in his official capacity as Secretary of the Florida Department of Corrections and the Florida Department of Corrections (collectively, "Defendants"), respond to Plaintiffs' *Ore Tenus* Motion to Dismiss With Prejudice made during the November 4, 2022 telephonic hearing, [D.E. 452], and pursuant to the Court's Order Following Hearing, [D.E. 453], by stating the following:

1. Defendants do not oppose Plaintiffs' Motion to Dismiss with Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. [D.E. 452].

2. Plaintiffs' voluntary dismissal with prejudice renders Defendants the prevailing parties in this matter. *Mathews v. Cosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) ("The Defendants, having obtained from [plaintiff] a voluntary dismissal with prejudice, are considered prevailing parties."); *see also Johnson v. Pringle Dev., Inc.*, No. 5:05-cv-37-Oc-10GRJ, 2006 WL 2189542, at *2 (M.D. Fla. Aug. 1, 2006) (noting that a Rule 41(a)(2) dismissal has the "judicial imprimatur" necessary to establish "prevailing party" status under Rule 54(d)).

3. As the prevailing parties, *Mathews*, 480 F.3d at 1276, Defendants are entitled to pursue costs independent of Rule 41 and in accordance with Rule 54 of the Federal Rules of Civil Procedure. *See Attwood v. Clemons*, No. 1:18cv38-MW/GRJ, 2021 WL 7707720, at *2 n.1 (N.D. Fla. June 7, 2021) (dismissing with prejudice, and noting "[t]o be clear, this Order specifically addresses whether fees or costs should be awarded as a condition of dismissal under Rule 41. Defendant may also be entitled to costs as a prevailing party under Rule 54(d)"); *accord Carter v. CACH, LLC*, No. 1:14-cv-2786-MHC-JKL, 2016 WL 11581050, at *5 (N.D. Ga. Apr. 7, 2016) ("To the extent that other statutes or rules authorize fees and sanctions for any reason other than insulating the Defendant from having to defend a lawsuit anew, I see no reason why a Rule 41 dismissal with prejudice would or should

prohibit such recovery."); *see also Uhlig LLC v. Cherry*, No. 21-cv-80837-MATTHEWMAN, 2022 WL 2116580, at *4 (S.D. Fla. June 13, 2022) ("[A] request for attorney's fees and costs under rule 41(a)(2) is separate from a request for prevailing party attorney's fees and costs."); *Piney Grove Missionary Baptist Church, Inc. v. Church Mut. Ins. Co.*, No. 5:19cv451-RH-MJF, 2020 WL 6947384, at *5 (N.D. Fla. Nov. 6, 2020) (giving plaintiff option to voluntarily dismiss with prejudice "conditioned only on [defendant's] ability to recover costs"); *Smith v. Transcontinental Ins. Co.*, No. 05-CV-22864-KLEIN, 2006 WL 8433251, at *3 (S.D. Fla. June 8, 2006) (noting plaintiffs have option to reject dismissal without prejudice if conditions are too onerous and instead "opt for a dismissal with prejudice and be subject only to taxable costs under the Federal Rules").

4. Rule 54(d)(1) instructs that, absent a federal statute, rule, or court order providing otherwise, costs other than attorney's fees "should be allowed to the prevailing party." *See also Maloy v. Scottsdale Ins. Co.*, 376 F. Supp. 3d 1249, 1256 (M.D. Fla. 2019) ("Plaintiffs, as the prevailing parties, are usually entitled to an award of costs under Rule 54 of the Federal Rules of Civil Procedure."). "While the Court has discretion in considering a motion to tax costs, that discretion is limited." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) (citations omitted); *see Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (noting that district courts do not have "unfettered" discretion to deny prevailing parties costs, and that

if it does deny costs, the court "*must* give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power").

5.  The Eleventh Circuit has found that "[u]nder Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews*, 480 F.3d at 1276. The allowable costs are, in turn, limited by and may not exceed those permitted by 28 U.S.C. § 1920. *Id.*; *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

6.  Thus, Defendants do not oppose Plaintiffs' Motion to Dismiss with Prejudice, with the understanding that as the prevailing parties, they are entitled to the strong presumption of being awarded costs. Defendants fully intend to pursue those costs following the entry of final judgment.[1]

---

[1] In anticipation of Plaintiffs' arguments that awarding costs against indigent litigants would be an abuse of the Court's discretion, the Eleventh Circuit has commented that it is generally an insufficient basis, standing alone, to reduce costs solely based on a party's indigent status. *See, e.g.*, *Mathews*, 480 F.3d at 1276–77. *Mathews* was also a case involving an inmate suing prison officials; after voluntarily dismissing various defendants, the district court awarded these dismissed defendants their costs. *Id.* at 1268. On review, Mathews argued the Eleventh Circuit should reverse and the costs be reduced based on his indigence. *Id.* at 1276. Noting that "a district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs," the Eleventh Circuit upheld the award of costs (aside from the parties for which it reversed summary judgment), finding the court's thorough considerations and Mathews' arguments were insufficient to overcome this strong presumption. *Id.* at 1277. Defendants respectfully reserve the right to seek a sur-reply, depending on these and other arguments Plaintiffs may raise in their Reply to this Response.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

The undersigned certifies this Memorandum complies with Local Rule 7.1(F) because it contains 923 words.

                            Respectfully submitted,

                            / s / Nicole Smith
                            DANIEL J. GERBER, ESQUIRE
                            Florida Bar No. 0764957
                            SAMANTHA C. DUKE, ESQUIRE
                            Florida Bar No. 091403
                            RUMBERGER, KIRK & CALDWELL
                            Lincoln Plaza, Suite 1400
                            300 South Orange Avenue (32801)
                            Post Office Box 1873
                            Orlando, Florida  32802-1873
                            Telephone:  (407) 872-7300
                            Telecopier:  (407) 841-2133
                            Email:  dgerber@rumberger.com
                                        sduke@rumberger.com

                            and

                            NICOLE SMITH, ESQUIRE
                            Florida Bar No. 0017056
                            JEFFREY J. GROSHOLZ, ESQUIRE
                            Florida Bar No. 1018568
                            RUMBERGER, KIRK & CALDWELL
                            Post Office Box 10507
                            Tallahassee, Florida  32302-2507
                            Telephone:  (850) 222-6550
                            Telecopier:  (850) 222-8783
                            E-mail:   nsmith@rumberger.com
                                        jgrosholz@rumberger.com

                            **Attorneys for Defendants,**
                             **Ricky Dixon and Florida**
                             **Department of Corrections**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 18, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kelly Jean Knapp at Kelly.knapp@splcenter.org; Krista Dolan at Krista.dolan@splcenter.org; Dante Pasquale Trevisani at dtrevisani@floridajusticeinstitute.org and mllosa@floridajusticeinstitute.org; Kara Sheli Wallis at kwallis@floridajusticeinstitute.org; Andrea Costello at andrea@floridalegal.org; Christopher M. Jones at Christopher@floridalegal.org; Rebecca R. Klonel at rebecca.klonel@floridalegal.org; Maite Garcia at maite.garcia@floridalegal.com; and Lori Rifkin at lrifkin@rifkinlawoffice.com.

    / s / Nicole Smith
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 091403
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
Email: dgerber@rumberger.com
        sduke@rumberger.com

and

                                NICOLE SMITH, ESQUIRE
                                Florida Bar No. 0017056
                                JEFFREY J. GROSHOLZ, ESQUIRE
                                Florida Bar No. 1018568
                                RUMBERGER, KIRK & CALDWELL
                                Post Office Box 10507
                                Tallahassee, Florida  32302-2507
                                Telephone:  (850) 222-6550
                                Telecopier:  (850) 222-8783
                                E-mail:   nsmith@rumberger.com
                                               jgrosholz@rumberger.com

                                **Attorneys for Defendants,**
                                 **Ricky Dixon and Florida**
                                 **Department of Corrections**