UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

_____
                                          )
JAC'QUANN (ADMIRE)                        )
HARVARD, et al.,                          )
                                          )
      *Plaintiffs*,                    )
                                          )
v.                                        ) Case No.: 4:19-cv-00212-AW-MAF
                                          )
RICKY DIXON, et al.,                      )
                                          )
      *Defendants*.                   )
_____)


**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS'**
***ORE TENUS* MOTION TO DISMISS WITH PREJUDICE (ECF 455).**

Plaintiffs, by and through their undersigned counsel, file this reply to Defendants' Response to Plaintiffs' *Ore Tenus* Motion to Dismiss with Prejudice[1] (ECF 455). Defendants do not oppose dismissal with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure, nor do they seek payment of fees and costs as a condition of dismissal with prejudice. ECF 455 at 2. Instead, Defendants notify the Court they will "pursue costs independent of Rule 41 and in accordance with Rule 54." *Id.* Accordingly, and for the reasons below, the Court should grant Plaintiffs' motion for voluntary dismissal with prejudice under Rule

---

[1] Plaintiffs moved *ore tenus* for dismissal with prejudice during a hearing on November 4, 2022. ECF 454. Plaintiffs' counsel represented during the same hearing that they do "not intend to file another systemic class action." To correct the record, Plaintiffs' counsel does not presently intend to file another statewide class action with the same proposed class/subclasses and claims as this matter. *Id.* at 5.

1

41(a)(2) and without conditioning dismissal on payment of Defendants' fees and costs.

Voluntary dismissal under Rule 41(a)(2) "should be granted unless the defendant will suffer clear legal prejudice." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857-88 (11th Cir. 1986). Here, there is no legal prejudice in dismissing with prejudice because "[t]he defendant receives all that he would have received had the case been completed." *See Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see also Moore v. Shands Jacksonville Med. Ctr., Inc.,* No. 3:09-CV-298-J-34PDB, 2014 WL 2801202, at *3 (M.D. Fla. June 19, 2014) ("Because Plaintiff will not seek to litigate this claim again and Defendant has not made any unnecessary preparations for trial, Defendant cannot suffer any harm from such a dismissal…").

Voluntary dismissals with prejudice are also generally granted without conditioning of the payment of fees and costs unless there are "exceptional circumstances." *See Attwood v. Clemons,* 1:18CV38-MW/GRJ, 2021 WL 7707720, at *1 (N.D. Fla. June 7, 2021) (citing *Carroll v. E One Inc.*, 893 F.3d 139, 152 (3d Cir. 2018)). Exceptional circumstances include "where the litigation is false, unjust, vexatious, wanton, or oppressive, or where it is unnecessary and groundless or conducted in bad faith or with fraudulent intent." *Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 273 (M.D. Fla. 1994); *see also*

*Attwood*, 2021 WL 7707720, at *1 (defining "exceptional circumstances" as "a litigant's failure to perform a meaningful pre-suit investigation, and a repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system."). None of these exceptional circumstances are present in this case. *See* 11/4/2022 Hearing Transcript at 4:6-11 ("I think that – I'm not prepared to make any finding about bad faith, or anything like that, in the overall course of the litigation. Certainly I think both sides could have been more efficient at times, and both sides did some things they probably shouldn't have, but I am not sure that's what the big driver is here.").

In response to Plaintiffs' motion, Defendants argue only that they are entitled to taxable costs as the prevailing party under Rule 54(d) and that those costs should not be reduced "solely based on a party's indigent status." ECF 455 at 4. Plaintiffs do not dispute that defendants who obtain voluntary dismissal with prejudice are typically considered prevailing parties, but any arguments about the amount of taxable costs Defendants can receive here are premature until this Court enters a final judgment and Defendants move and file a bill of costs under Rule 54(d).[2] *See, e.g., Attwood*, 2021 WL 7707720, at *2 n.1 (reserving a decision

---

[2] Defendants correctly anticipate that Plaintiffs intend to argue, at the appropriate time, that any taxable costs should be reduced based on Named Plaintiffs' limited funds. ECF 544 at 4 n.1; *see also Chapman v. Al Transport*, 229 F. 3d 1012, 1039-40 (11th Cir. 2000) (holding that a district court has the discretion to reduce costs under Rule 54(d) based on a "non-prevailing party's financial condition"); *Hoever v.*

regarding defendant's entitlement to costs under Rule 54(d) because only a Rule 41 motion was pending before the court); *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-CV-298-J-34PDB, 2014 WL 2801202, at *3 n.7 (M.D. Fla. June 19, 2014) (same); *Bd. of Trustees as Trustees of Nat'l Roofing Indus. Pension Fund v. Von Noorda*, No. 216CV00170JADDJA, 2019 WL 4044009, at *3 (D. Nev. Aug. 27, 2019) ("But because the defendants have not moved for fees or costs, I reserve for a later date any decision on the merit of that request.").

Thus, Plaintiffs respectfully request that the Court grant their request for voluntary dismissal with prejudice under Rule 41(a)(2) with no condition of payment of attorneys' fees and costs.

Dated: December 2, 2022                        Respectfully Submitted,

                                               *s/ Kelly Knapp*
                                               Kelly Knapp
                                               Fla. Bar No. 1011018
                                               Krista Dolan
                                               Fla. Bar No. 1012147
                                               Southern Poverty Law Center
                                               2 South Biscayne Boulevard
                                               Miami, FL 33131
                                               Telephone: (305) 537-0575

---

*Hampton*, No. 4:14CV273-MW/CAS, 2018 WL 10322024, at *2 (N.D. Fla. Apr. 4, 2018) ("Considering Plaintiff's non-frivolous claim, his good-faith basis in proceeding in this case, and his indigency, this Court finds it is equitable and appropriate to award allowable costs but to reduce that award by 90%.); *Brown v. U.S. Dep't of Agric.*, No. 6:06CV1329ORL18UAM, 2008 WL 203382, at *1 (M.D. Fla. Jan. 23, 2008) (approving report and recommendation to reduce taxable costs by 50% because of the losing party's financial status).  Plaintiffs reserve the right to fully brief this issue, with supporting documentation, in response to a Rule 54(d) motion.

kelly.knapp@splcenter.org
krista.dolan@splcenter.org

Dante P. Trevisani
Fla. Bar No. 72912
Kara S. Wallis
Fla. Bar No. 1028563
Florida Justice Institute, Inc.
P.O. Box 370747
Miami, FL 33137
Telephone: (305) 358-2081
dtrevisani@floridajusticeinstitute.org
kwallis@floridajusticeinstitute.org

Andrea Costello
Fla. Bar No. 532991
Christopher M. Jones
Fla. Bar No. 994642
Rebecca Klonel
Fla. Bar No. 102800
Florida Legal Services
122 E. Colonial Drive, Suite 100
Orlando, FL 32801
Telephone: (407) 801-0332
andrea@floridalegal.org
christopher@floridalegal.org
rebecca.klonel@floridalegal.org

Lori Rifkin*
CA Bar No. 244081
Rifkin Law Office
3630 High St. #18917
Oakland, CA
Telephone: (510) 414-4132
lrifkin@rifkinlawoffice.com


* *Admitted Pro hac vice*

**Attorneys for Plaintiffs**

## Certificate of Word Limit

The undersigned counsel certifies compliance with the word count limitations set forth in Local Rule 7.1(F). This memorandum contains 910 words.

/s/ Kelly Knapp
Kelly Knapp
Fla. Bar No. 1011018